
# District of Columbia Public Schools
## Office of Management Services
Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

*[Stamp: 2006 MAY 22 PM 4: 07 DC PUBLIC SCHOOL SYSTEM]*

### Confidential

| | |
|---|---|
| Ashley Howe, Student ) | |
| ) | |
| Date of Birth: August 15, 1992 ) | |
| ) | |
| Petitioner, ) | Hearing Date: May 12, 2006 |
| ) | |
| v. ) | |
| ) | |
| ) | Held at: 825 North Capitol Street, |
| ) | NE, 8th Floor |
| District of Columbia Public Schools ) | Washington, D.C. 20002 |
| and ) | |
| Friendship Edison Public Charter School ) | |
| ) | |
| Respondents. ) | |

### HEARING OFFICER'S DECISION

| | |
|---|---|
| Parents: | Ms. Camille Howe<br>3200 Buena Vista Terrace, SE<br>Washington, D.C. 20020 |
| Counsel for the Parent/Student: | Anna Forbes Towns, Esquire<br>313 Hammonton Place<br>Silver Spring, MD 20904<br>(301) 680-9175; Fax: (301) 318-4755 |
| Counsel for DCPS: | Karen J. Herbert, Esquire<br>Office of the General Counsel, DCPS<br>825 North Capitol Street, N.E., 9th Floor<br>Washington, DC 20002 |
| Counsel for Options Public Charter School: | William Houston, Esquire<br>Dalton, Dalton & Houston, PC<br>1008 Pendleton Street,<br>Alexandria, VA 22314 |

**ATTACHMENT 1**

*In the Matter of A.H.*

### Jurisdiction

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

### Due Process Rights

Parent's counsel waived a formal reading of the due process rights.

### Five Day Disclosures

Petitioner: Presented disclosures labeled AH01-AH06. Respondent Options Public Charter School objected to the admission of AH05 and AH06. Petitioner withdrew the two admissions prior to the hearing officer's ruling on the objection. AH01-AH04 were admitted. Petitioner presented Special Education Advocate, LaTanya Higginbotham and Petitioner's mother, Camille Howe as witnesses.

Respondent Options Public Charter School: Presented David Crawford, Ph.D., school psychologist, Paris Adon, former assistant principal for Options Public Charter School and Gregory Bush, Petitioner's father. Disclosures labeled 1-20 were admitted without objection.

Respondent DCPS : Presented DCPS 01- DCPS 02. No witnesses were presented or called to testify.

### Statement of the Case

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for May 12, 2006 at 9:00 am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. Petitioner alleges that DCPS failed to:
1. evaluate Petitioner in all areas of suspected disability;
2. provide Petitioner an educational program consistent with Petitioner's current IEP;
3. convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code; and develop an appropriate IEP; and,
4. maintain the hour of services on Petitioner's IEP.

*In the Matter of A.H.*

Attorney Advisor Karen Herbert appeared in person for DCPS. Attorney Anna Towns appeared on behalf of Petitioner. Attorney William Houston appeared for Options Public Charter School.

**Finding of Facts and Conclusions of Law**

The credible testimony of Paris Adon reveals that Options Public Charter School was aware of Petitioner's need for special education services and attempted to address the concerns of the Petitioner's mother within a reasonable time period. Mr. Adon's testimony also reveals that the definition of appropriate services and the delivery of services became complicated during further attempts to appease the subsequent concerns of the Petitioner's mother. These attempts at appeasement appear to have been crafted despite the questionable impact on the delivery of a Free and Appropriate Education to Petitioner. Frankly, Respondent Options good faith effort to appease the parent backfired and perhaps escalated to a claim which now includes an allegation of insufficient evaluations due to respondent's willingness to change the Petitioner's programming at the whim of the parent.

The testimony of Dr. Crawford regarding the sufficiency of the psychological evaluation which employed seven different assessment instruments was also compelling. This hearing officer fins the testimony of Dr. Crawford logical and credible. Dr. Crawford's deduction that the psycho-educational was sufficient given the non-predominate display of emotional triggers lends reason to the schools decision not to immediately employ clinical assessments.

However, it is entirely conceivable, given the nature of the parent's challenging participation in the hearing, that the mother's participation in the IEP meetings should have alerted Respondent Options that more comprehensive evaluations were warranted. Certainly, the mother subsequent contact with the school requesting subsequent changes in the IEP should have alerted the school that a social history, at a minimum, should be completed. Finally, it is most probable that the provision of a FAPE to this Petitioner might have required the Respondent Options to alert the Respondent DCPS to file a due process hearing complaint once the mother insisted on a change of special education instruction hours. Section 3029.1 of Chapter 30 of the DC Code gives the LEA the right to initiate a hearing when there is a dispute the evaluation, placement, and provision of FAPE to a child with a disability. The change in the delivery of services to the Petitioner to appease this Petitioner's mother, at least in part, created the denial of FAPE.

The candid revelation of the mother of her own disability and the resulting conduct displayed during and after the hearing conclusively reveals that further evaluations are warranted.

3

*In the Matter of A.H.*

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel, this 21st day of May 2006, it is hereby

**ORDERED**, that Options Public Charter School shall fund an independent speech and language evaluation, a clinical evaluation, an occupational therapy assessment, social history, and vision and hearing screening within the superintendent's cost guidelines.

**IT IS FURTHER ORDERED**, that Options Public Charter School shall complete a functional behavioral assessment and a behavior intervention plan within 10 school days of the issuance of this Order.

**IT IS FURTHER ORDERED**, that within fifteen calendar days of receipt of the last evaluation, DCPS shall convene an MDT meeting.

**IT IS FURTHER ORDERED**, that the MDT team shall review all evaluations, review and revise the IEP, discuss and determine placement, and discuss compensatory education and, if warranted develop a compensatory education plan.

**IT IS FUTHER ORDERED**, that all meetings will be scheduled through parent's counsel.

**IT IS FURTHER ORDERED**, that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document, with affidavits and proofs of service, any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

_____
Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date: May 21, 2006

4

*In the Matter of A.H.*

This is the **FINAL ADMINISTRATIVE DECISION**. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.

Issued: 5/23/06

Copies to:

Anna Forbes Towns, Esquire
313 Hammonton Place
Silver Spring, MD 20904
(301) 680-9175; Fax: (301) 318-4755

Karen J. Herbert., Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, DC 20002

William Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314