IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPTIONS PUBLIC CHARTER SCHOOL

    Plaintiffs

v.　　　　　　　　　　　　　　　　　　Civil Action No.**1:06CV01004** **(PLF)**

CAMILLE HOWE, *et al.*

    Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO VACATE A DEFAULT JUDGMENT OR ALTERNATIVELY SET ASIDE A DEFAULT**

In compliance with *LCvR 7.1 (a)* Defendants file this statement of points and authorities. Pursuant to *Fed. R. Civ P. 55 (c) and/or 60 (b)* this Court should grant Defendants' Motion to Vacate a Default Judgment or Alternatively set Aside a Default for the following reasons:

    (I)   **STATEMENT OF FACTS:**

Counsel for Defendants was just admitted to practice before this Honorable United States District Court on 1st August 2006. Counsel was sworn in by the Honorable Ricardo M. Urbina. Although Counsel just received an ECF password and login name, counsel has not attended the ECF training class at the courthouse.

Moreover, Defendants were just served with this law suit in June 2006 and counsel was recently made aware of this action. Therefore, default has been very recently entered in this case at bar.

### (II) DEFENDANT HAS MET THE THREE CRITERIA TO SET ASIDE A DEFAULT.

The three criteria to set aside a default are *inter-alia:* (1) whether the default was willful; (2) whether a set aside would prejudice plaintiff; and (3) whether the Defendant has presented a meritorious defense. *Capital Yacht Club v. Vessel Avia,* 228 F.R.D. 389, 393(D.D.C. 1954).

Here, *sub judice,* the default was not willful. Counsel for Defendant was just recently admitted to practice before the bar of this honorable Court, and counsel was recently made aware of this federal litigation. Moreover, this case was just recently filed, and Defendant recently served. Plaintiffs will not be prejudiced by setting aside this default. This case has only been delayed briefly, and delay *per se* does not constitute prejudice. *Capital Yacht Club v. Vessel Avia,* 228 F.R.D. at 393; also see, *KPS & Assocs., Inc. Designs By FMC, Inc.,* 318 F.3d 1, 15 (1st Cir. 2003). Finally, Defendants have asserted meritorious defenses in their Answer and Counterclaim. *See, Defendants' Answer And Counterclaim.* As a matter of law Defendants have met their burden of presenting a meritorious defense. In regard to presentation of a meritorious defense, the Court in *Capital Yacht Club v. Vessel Avia,* 228 F.R.D. at 394 held:

> [T]he movant is not required to prove a defense, but only to assert a defense that it may prove at trial. *Whelan v. Abell,* 48 F.3d 1247, 1259 (D.C. Cir. 1995); *Keegel,* 627 F.2d at 374 (stating the "[l]ikehood of success is not the measure. Defendants allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial would constitute a complete defense. The D.C. Circuit has allowed "somewhat broad and conclusory" allegations to suffice. *Keegel,* 627 F.2d at 374.

The D.C. Circuit is very liberal in regard to the burden placed on Defendants for presentation of meritorious defense(s), and Defendant in the case at bar has met that

liberal burden. Therefore, Defendant has met the three criteria to set aside a default.

### (II) THE FEDERAL RULES FOR SETTING ASIDE DEFAULT AND DEFAULT JUDGMENT SHOULD BE GIVEN LIBERAL CONSTRUCTION BY THE COURTS.

*Fed. R. Civ. P. 55 (c) and 60 (b)* are liberally construed, *Barber v. Turberville, 215 F.2d 34, 36 (D.D.C. 1954).* Moreover, this Court has the discretion to decide whether entry of default should be vacated. *Harris v. District of Columbia, 159 F.R.D. 315, 316 (D.D.C. 1995).*

Here, *sub judice,* Defendants were just recently served with law suit and counsel just became admitted to the bar of this Honorable Court. Plaintiff will absolutely suffer no prejudice because of the very minor delay, and Defendants have presented meritorious defenses. Therefore, per the discretion vested in this Court pursuant to *Harris v. District of Columbia, 159 F.R.D. at 316* this Court must grant Defendants' reasonable and just Motion herein. In regard to the issue of Court discretion, the Court in *Harris v. District of Columbia, 159 F.R.D. at 316* stated:

> It is within the discretion of this Court to decide whether an entry of Default should be vacated under *Fed. R. Civ. P. 55 (c). See, Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980).* An entry of default may be vacated upon a showing of good cause.

Here, *sub judice,* Defendants have shown good cause. Therefore, this Honorable Court must grant Defendants' just and reasonable Motion herein.

### (III) STRONG JUDICIAL POLICIES FAVOR RESOLUTION OF GENUINE DISPUTES ON THEIR MERITS, AND FEDERAL COURTS DO NOT FAVOR DEFAULT OR DEFAULT JUDGMENTS.

Strong judicial policies favor resolution of genuine disputes on their merits and federal courts do not favor default or default judgments. *Jackson v. Beech, 636 F.2d 831,*

835 (D.C. Cir. 1980). The Court in *Jackson v. Beech, 636 F.2d at 835*, went on to stated:

> Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to enter and enforce judgments as a penalty for delay in filing. *See, Jackson v. Beech 636 F.2d at 835.*

The aforementioned strong judicial policy favoring resolution of disputes on their merits is universally acknowledged by all federal courts. *See, Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2693. Judicial Discretion in Setting Aside a Default at p. 103 of Volume 10A.* Many federal courts, including the District of Columbia, have firmly concluded that *Rules 55 (c)* and *60 (b)* express a policy of liberality toward motions for relief from default and default judgments.

> ... courts have concluded that *Rule 55 (c)* and *60 (b)* express a policy of liberality toward motions for relief from default entries and default judgments. Further, they have ruled that on a motion for relief from entry of a default judgment, all doubts should be resolved in favor of the party seeking relief. *See, Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2693. Judicial Discretion in Setting Aside a Default at pp. 103-104 of Volume 10A.*

The United States District Court for the District of Columbia strongly favors the litigation of cases on the merits. *Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997).* "The philosophy of modern federal procedure favors trial on the merits, and default judgments should generally be set aside where the movant party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." *Thorpe v. Thorpe, 364 F.2d 692, at 694 (D.C. Cir. 1966).*

### (IV) COMPLIANCE WITH *LCvR 7.1 (m)*:

Pursuant to *LCvR 7.1 (m)*, the undersigned counsel called Plaintiff's counsel to seek consent for this Motion on 2nd August 2006. Plaintiff's counsel was not available, and the firm secretary stated that another lawyer would reply to my request and message.

4

To date, no response has been received; thus, Defendants do not consent to this Motion.

Respectfully submitted,

*/s/ Anna Forbes Towns*
Anna Forbes Towns (431553)
315 Hammonton Place
Silver Spring, 20904
(202) 359-3464
(301) 680-9175