IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

OPTIONS PUBLIC CHARTER SCHOOL

    Plaintiffs

v.                                    Civil Action No. **1:06:CV01004** (**PLF**)

CAMILLE HOWE, *et al.*,

    Defendants.

---

### **VERIFIED ANSWER TO COMPLAINT**

**COME NOW** Defendants Camille Howe, *et al.*, by and through counsel, Anna Forbes Towns, Esquire, and in answer to the Complaint state as follows:

### **FIRST DEFENSE**

That the Complaint fails to state a claim upon which relief may be granted.

### **SECOND DEFENSE**

The numbered paragraphs of the Complaint are answered as follows.

### **JURISDICTION**

1.    Defendant is not required to either admit or deny jurisdictional allegations contained in paragraph 1 of the Complaint.

### **PARTIES**

2.    Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that Defendant Camille Howe is the legal guardian of her minor child and a current resident of the District of Columbia. Defendants have been residents of the District of Columbia for all of the time during the underlying administrative proceedings.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit that A.H. is eligible for special education services. But, Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the rest of the allegations contained in paragraph 6 of the Complaint, and therefore deny same.

7. Defendants admit that A.H. qualifies for special education. But, Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the rest of the allegations contained in paragraph 7 of the Complaint and therefore deny same.

8. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegation contained in paragraph 8 of the Complaint.

9. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegation contained in paragraph 9 of the Complaint.

10. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegation contained in paragraph 10 of the Complaint.

11. Defendants lack sufficient information upon which to form a belief as to

the truth or falsity of the allegation contained in paragraph 11 of the Complaint.

    12.    Defendants admit to filing a March 13, 2006 Due Process Complaint Notice in compliance with law in regard to the allegation contained in paragraph 12.

    13.    Defendants admit to the Resolution Meeting in regard to the allegation contained in paragraph 13.

    14.    Defendants admit the resolution ended without success. Defendants deny all other allegations contained in paragraph 14.

    15.    Defendants admit the allegations contained in paragraph 15.

    16.    Defendants admit the allegations contained in paragraph 16.

    17.    Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 17.

    18.    Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint, and therefore deny same.

    19.    Defendants deny that Dr. Crawford is a legally qualified expert.  Further, Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and therefore rely upon the administrative record and transcript, which is to be filed in this case.

    20.    Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and therefore rely upon the administrative record and transcript, which is to be filed in this case.

21. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint as to the Hearing Officer's findings on the testimony of Dr. Cranford, and therefore rely upon the administrative record and transcript, which is to be filed in this case.

22. Defendants admit to offering the testimony of special education advocate LaTanya Higginbotham. Defendants deny all other allegations contained in paragraph 22 of the Complaint.

23. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore deny same.

24. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore rely upon the administrative record and transcript, which is to be filed in this case.

26. Defendants lack sufficient information upon which to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint as to the Hearing Officer's findings, and therefore rely upon the administrative record and transcript, which is to be filed in this case.

27. Defendants admit that the Hearing Officer ruled in Defendants' favor.

28. Defendants deny the allegation in paragraph 28 of the Complaint that the remedy the Hearing Officer provided was not the remedy the Defendants requested in the

Due Process Complaint Notice. As to the Defendants' requested remedy, Defendants rely on the actual Due Process Complaint Notice which is a part of the administrative record.

29. Defendants deny the allegations in paragraph 29. As to the Defendants' requested remedy, Defendants rely on the actual Due Process Complaint Notice which is a part of the administrative record.

## COUNT I

30. Defendants re-incorporate and re-allege each and every response as set forth in paragraphs 1-29.

31. Defendants deny the allegation contained in paragraph 31 of the Complaint and Defendants refer any issues of law to this honorable Court.

## COUNT II

32. Defendants re-incorporate and re-allege each and every response as set forth in paragraphs 1-31.

33. Defendants deny that the Hearing Officer erred, thus paragraph 33 is denied.

## COUNT III

34. Defendants re-incorporate and re-allege each and every response as set forth in paragraph 1-33.

35. Defendants deny that the Hearing Officer erred, thus paragraph 35 is denied.

## COUNT IV

36. Defendants re-incorporate and re-allege each and every response as set

forth in paragraph 1-35.

37. Defendants deny that the Hearing Officer erred, thus paragraph 37 is denied.

### DEFENDANTS' DENIAL OF PLAINTIFF'S AVERMENT 39

38. Defendants re-incorporate and re-allege each and every response as set forth in paragraphs 1-37.

39. Defendants deny that the Hearing Officer erred, thus paragraph 39 is denied.

### THIRD DEFENSE

Defendants aver that judgment must be entered for Defendants as a matter of law pursuant to *Individuals with Disabilities Education Improvement Act (IDEIA), 20 U.S.C. §1400 et seq.* and the federal regulations *34 C.F.R. Parts 300 and 301.*

### FOURTH DEFENSE

Defendants aver that as a matter of law pursuant to the *IDEIA* and federal common law Plaintiff is not entitled to attorneys' fees.

### COUNTERCLAIM

Pursuant to *Fed. R. Civ. P. 13(a)* Defendants file a counterclaim against Plaintiff for all attorneys' fees and costs for this federal litigation. As a matter of law a parent may recover attorneys' fees from the school upon any success on the merits in federal *IDEIA* litigation.

### COMPLIANCE WITH *LCvR 11.2 (2)*

I declare and verify under penalty of perjury that the foregoing is true and correct. This verification pursuant to *LCvR 11.2 (2)* is executed on this 7th day of August 2006.

6

*/s/ Anna Forbes Towns*
Anna Forbes Towns (431553)
315 Hammonton Place
Silver Spring, Maryland 20904
(202) 359-3464