UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OPTIONS PUBLIC CHARTER SCHOOL : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | **CIVIL ACTION NO. 06-1004 (PLF)** |
| : | |
| CAMILLE HOWE, : | |
| as next friend of the minor child, : | |
| A.H. *et. al.* : | |
| : | |
| Defendants : | |

**OPPOSITION TO DEFENDANT'S MOTION TO VACATE A DEFAULT JUDGMENT OR ALTERNATIVELY SET ASIDE A DEFAULT**

The plaintiff, by and through counsel, requests this Court to deny defendant's motion and grant plaintiff's unopposed Motion to for default judgment pursuant to Federal Rule of Civil Procedure 55, finding that the underlying Hearing Officer's decision that the plaintiff was denied a free, appropriate public education (FAPE) was erroneous.

**FACTUAL BACKGROUND**

On May 23, 2006, the administrative hearing officer issued a determination which ordered Options to fund independent speech and language evaluations, a clinical evaluation, an occupational therapy assessment, social history, and vision and hearing screening within the superintendent's cost guidelines. These evaluations were ordered despite the fact that the hearing officer found Options' witnesses credible and despite the fact that the defendant did not disturb the school's experts testimony with testimony from any of their own witnesses. Additionally, the remedy the hearing officer provided was not the remedy the defendant, Ms. Howe requested in the due process complaint. The complaint requested only requested that DCPS and/or Options PCS shall be ordered to conduct the following evaluations within 30 calendar days of the date of

the Hearing Officer's Decision: Speech/Language Evaluation; Clinical Evaluation; Occupational Therapy Assessment; Social History; Clinical Evaluation; FBA and BIP; and Vision and Hearing Screening.  The complaint only asked for the independent assessments if Options failed to conduct the evaluations within the thirty days.

On May 31, 2006, Options, through counsel filed the instant appeal of the Hearing Officer's Decision.  On that same date, plaintiff's counsel wrote defendants' counsel a letter advising her of the filing of this appeal.  (See Ex. #1) On  June 21, 2006, Plaintiff caused the summons to occur on Camille Howe.  The Return of Service/Affidavits were filed with this Court and the answer to the complaint was due on July 11, 2006.  During that time period, plaintiff's counsel again wrote defendant's counsel advising her of the appeal and that Options would not pay for the independent evaluations. (See Ex. #2) On July 5, 2006, Parent's counsel wrote to DCPS seeking guidance as to the status of the evaluations since Options appealed the hearing officer's determination. (See Ex. #3)  Despite sending this letter to DCPS, the defendant did not file an answer to the complaint.  On July 18, 2006, the plaintiff filed an affidavit of default with this Court and on July 20, 2006, the Clerk made an entry of default to the docket sheet.  On July 31, 2006, plaintiff filed a Motion for Default Judgment.  To date, no opposition to that motion has been filed.

## ARGUMENT

As stated in 55(c) of the Federal Rules of Civil Procedure an entry of default may be set aside for good cause.  Setting aside an entry of default is dependant upon a showing of good faith by the party in question. *See Enron Oil Corp. v.  Diakuhara,* 10 F. 3d 90 (2d Cir. 1993).  When analyzing the good fath of a party, three factors are considered: whether 1) the default was

willful; 2) setting aside the default would prejudice the plaintiff and 3) the alleged defense is meritorious. *See Keegel v. Key West & Carribean Trading Co.,* 627 F.2d 372, 373 (D.C. Cir 1980). When making a determination regarding these three factors, all three factors must be present in order to vacate the default. *See Washington Metropolitan Area Transit Authority* v. Nixon 1990 U.S. District Lexis 8230 (D.D.C. 1990) (denying motion to vacate default because the party did not present meritorious defenses).

 Options believes the default was willful given the notice sent to parent's counsel advising her of the pending appeal. Usually, unique circumstances exist when a party's behavior is not found to be willful. For example, in *Keegle*, the parties engaged in settlement discussions during the time period when the answer was due and discussed postponement of the answer. 627 F.2d 372, 374. Similarly, in *Enron*, the defendant was *pro se* and filed an answer to the first complaint. The defendant in *Enron* did not file an answer to the amended complaint because it never received the second complaint. *See* 10 F. 3d 90 ,98.

 Similar circumstances do not exist in this instance. Defendant states it did not file an answer because she was not admitted to practice before this Court at the time the complaint was filed. In this case defendant's counsel was made aware of this appeal the day it was filed. Plaintiff's counsel then sent defendant's counsel a second letter during the time period allotted for the answer. Despite these two separate notices, defendant's counsel never contacted plaintiff's counsel for waiver of service, which would have extended her time allotted to answer the complaint, nor did she advise plaintiff's counsel that she would need an extension to file an answer so she could be admitted to practice before this Court. Parent's counsel had additional options as well. Her client could have filed an answer *pro se* until she was admitted to this Court

or parent's could have appeared *pro hac vice* until she was admitted to practice in this Court. Regardless, defendant's counsel had a number of option available to her, the simplest being to contact plaintiff's counsel to request an extension.

Defendant's counsel did not fail to answer the complaint because she did not know about the complaint. She took action by requesting guidance from DCPS as to the status of the evaluations during the appeal. Defendant's counsel, however, willfully chose to take no action in answering the complaint. Since defendant's counsel knew that the complaint was being served she either did not keep in contact with her client to determine the date of services or she failed to contact counsel for an extension so she could be admitted to this Court. Regardless, simply taking no action while the plaintiff pursued this case is not acting in good-faith. Defendant's willfulness should be enough to enter a default judgment, but Options will address the remaining two factors that must be shown for good-faith.

Options would be prejudiced if the default is set aside. Defendant's position that there is no harm because the appeal is in its early stages is misleading. The defendant's failure to respond to this complaint is simply another example of the parent's inconsistent actions throughout the IEP process. The parent delayed the IEP meeting after Options made a number of attempts to schedule it. Once she attended the meeting, the mother waited until the student's father left the meeting to request that additional, significant changes be made to the agreed upon IEP. Then, after the school acquiesced to her demands, she sued the school. Therefore, it is not surprising that the parent has now failed to timely answer the complaint. To reward this type of action by vacating the default will leave Options with a limited ability to service this student. As long there is a possibility of pending independent evaluations, the parent will question decisions

Options makes because she believes the evaluations performed by the school are inadequate. Options has been prejudiced by the parent's past actions and the parent's current failure to respond to the complaint is simply a continuation of that prejudice.

Lastly, the defendant has an opportunity to present meritorious defenses. While the defenses presented do not have to guarantee success, the defendant does have to "present some evidence beyond conclusory denials to support his defense." *Enron* 10 F. 3d 90 at 98. Such defenses have included lack of knowledge by the defendant or lack of subject matter jurisdiction. *See id; see also Keegle* 627 F.2d 372, 374. The only defenses the defendant raises are a failure to state a claim and that judgement must be entered for defendant as a matter of law. Such a defense is the definition of conclusory and should be given no weight.

In her proposed answer the Defendant either admits the facts in the complaint or states she lacks sufficient information to answer. The defendant is the party who brought the due process complaint at the administrative level. The facts in the complaint are based on the hearing request (See Ex. #4) and the hearing officer's determination. No new information has been presented so the defendant should have sufficient information to answer the complaint.

The remainder of the defenses are conclusory with no weight. Defendant either denies the allegation outright, states that the conclusions of law support her case or states that defendant raises are a failure to state a claim upon which relief can be granted. Any party aggrieved by hearing officer's determination is entitled to appeal an administrative hearing officer's determination pursuant to 34 CFR 300.512. In this case, among additional errors, the hearing officer made no finding of a denial of FAPE, but yet ordered more relief than the parent requested. Based on those errors, Options requested in its complaint that the hearing officer's

determination be reversed.  Such relief is directly linked to hearing officer's errors and quite appropriate given the facts of this case.

     Lastly, defendant has not filed a response to plaintiff's motion for default judgement, which was filed three weeks ago.  She also has failed to request leave of this Court to file an answer.  Therefore, even if this motion is granted, the defendant has not requested the proper relief from this court to allow her to file an answer to the complaint.  Given the defendant's lack of action in this case, defendant's motion to vacate should be denied and plaintiff's motion for default judgment should be granted

## **CONCLUSION**

     Given the facts above, it is clear the defendant's in this matter have not responded to the complaint, nor have they otherwise defended themselves under the Federal Rules of Civil Procedure and therefore the Plaintiff is entitled to a judgment by default.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a default judgment for Plaintiffs and against Defendant;

2. Award attorneys fees and costs to Plaintiff; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

August 21, 2006

    //S//
William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)