IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPTIONS PUBLIC CHARTER SCHOOL

    Plaintiff

v.                                            Civil Action No. **1:06-cv-01004** **(PLF)**

CAMILLE HOWE, *et al.,*

    Defendants

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants file this Memorandum in support of Motion for Judgment on the Pleadings, pursuant to *LCvR 7.1* and *Fed. R. Civ. Procedure 12 (b) (6),* for failure to state a claim upon which relief can be granted.

**I. PLAINTIFF HAS NO STATUTORY AUTHORITY
TO JUSTIFY THIS SUIT AGAINST A MINOR CHILD
AND THE PARENT OF THE MINOR CHILD.**

On August 22, 2006 the Court ORDERED the parties to discuss the statutory authority under which a school may seek relief from a Hearing Officer's Decision by bringing an *IDEIA, 20 U.S.C. § 1400, et seq.,* action against a minor child and the parent of the minor child. There are two questions to consider: "First, has the State complied with the procedures set forth in the Act? And second, is the individualized education program developed through the Act's procedures reasonably calculated to enable the

1

child to receive educational benefits? If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more." *Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 206-207 (1981).* In the case at bar, the Hearing Officer complied with the procedures set forth in the Act. Next, the Hearing Officer's actions are reasonably calculated to enable the child to receive educational benefits. Thus, the Hearing Officer has complied with the legal standard set out in *Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 206-207 (1981).* Hence, Plaintiff has no statutory authority to justify this law suit. The suit must be dismissed with prejudice.

> II. **THE HEARING OFFICER'S DECISION IS BASED ON SPECIAL EDUCATIONAL UNDERSTANDING AND POLICY, AND A FEDERAL DISTRICT COURT CANNOT SUBSTITUTE ITS NOTION OF SOUND SPECIAL EDUCATIONAL POLICY FOR THOSE OF THE AUTHORITIES WHICH THEY REVIEW.  *HENDRICK HUDSON DISTRICT BOARD OF EDUCATION V. ROWLEY, 458 U.S. 176, 206 (1982).***

Although Plaintiff asserts that the Hearing Officer erred, the crux of the argument is that plaintiff does not agree with the Hearing Officer's special educational policy. Plaintiff argues that because the Hearing Officer considered a witness, Dr. Cranford, credible ( *see Complaint at p. 4, paragraph 21)*, in turn the Hearing Officer is prohibited from exercising independent judgment and special education comprehension to rule against Plaintiff. Essentially, Plaintiff is requesting this Court to substitute its ideas of special education comprehension for those of the Hearing Officer. Federal Courts cannot substitute their notions of special education policy for those of the school authorities which they review. *Hendrick Hudson District Board of Education v. Rowley, 458 U.S.*

2

*176, 206 (1982).*

The Hearing Officer's ruling is not illegal in violation of *Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 206 (1982)*, but Plaintiff essentially argues the decision is wrong because plaintiff does not like it.  Plaintiff seeks to have this Court substitute its judgment on special education policy for that of the Hearing Officer. Federal Judges are not trained as special education Hearing Officers. Moreover, Congress never intended Federal Judges to act as special education reviewers.  *Karl v. Board of Education of Geneseo Central School District, 736 F.2d 873, 877 (2nd Cir. 1984).*  There is a presumption of expertise in a Hearing Officer, "essentially this means we should not reverse the Hearing Officer's findings simply because we disagree with them." *Board of Education of Arlington Heights School District. No. 25 v. Illinois State Board of Education, 2001 U.S. Dist. LEXIS 6994, \*11-12 (N.D. ILL. March 19, 2001).*

In the case at bar, the specialized issue concerns a Hearing Officer's Determination about a *Free Appropriate Public Education (FAPE)* for an indigent disabled minor who attends a District of Columbia Public Charter School pursuant to the *Individuals Education Improvement Act, 20 U.S.C. § 1400 et seq.,* and *Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 206 (1982).*  The finding of *FAPE* requires specialized and technical training in special education and significant experience with special education policy which Courts do not have. *See Heather S. By Kathy S. v. State of Wisconsin, 125 F.3d 1045, 1054 (7th Cir. 1997).*  The Court in *Heather S. By Kathy S. v. State of Wisconsin, supra,* went on to state:

> What exactly is the issue before the court when reviewing state IDEA administrative decisions?  *Rowley* warned that 'Courts lack the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'  *Heather S. By. Kathy*

*S. v. State of Wisconsin, 125 F.3d 1045, 1054 (7th Cir. 1997).*

In the case at bar, the Hearing Officer's Determination of *FAPE* was reached based upon specialized knowledge, experience and understanding of special education. Therefore this Court must defer to the final decision of the State Educational Authorities.

> We believe *Rowley* requires that federal courts defer to the final decision of the state authorities, *Karl v. Board of Education of Geneseco Central District, 736 F.2d 873, 877 (2nd Cir. 1984).*

Therefore, pursuant to *Fed. R. Civ. Procedure 12 (b) (6),* all special education issues raised by Plaintiff concerning *FAPE* fail to state a claim upon which relief can be granted. Hence, Plaintiff's Complaint must be dismissed as a matter of law.

### III. PLAINTIFF-CHARTER SCHOOL BEARS THE BURDEN OF PROOF AS THE PARTY CHALLENGING THE OUTCOME OF THE ADMINISTRATIVE HEARING.

Plaintiff's Complaint essentially avers that the Hearing Officer's Determination was wrong in the knowledge and resolution of specialized educational issues. *(see Complaint at pp. 2-6).* Plaintiff's Complaint addresses technical questions of *FAPE*, and asks this Court to substitute its definition of *FAPE* in place of the Hearing Officer's Determination *(see Hearing Officer's Decision).* As aforementioned, Plaintiff's efforts to replace the Hearing Officer's Determination of *FAPE* by a Federal Judge fail to state a claim upon which relief can be granted. *See Fed. R. Civ. Procedure 12 (b) (6).*

As a matter of law it is the Plaintiff-charter school which "bears the burden of proof as the party challenging the outcome of the state administrative hearings." *Board of Education of S.D. 21 v. Illinois State Board of Education, 938 F.2d 712, 716 (7th Cir. 1991).* Here in the case at bar, Plaintiff cannot state a claim upon which relief can be granted and the Complaint must therefore be dismissed with prejudice.

5

        Respectfully submitted,

        ***/s/ Anna Forbes Towns***
        Anna Forbes Towns (431553)
        313 Hammonton Place
        Silver Spring, Maryland 20904
        (301) 680-9175