UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **OPTIONS PUBLIC CHARTER SCHOOL** | : | |
| Plaintiff | : | |
| v. | : | CA NO. 1:06-CV-01004 (PLF) |
| **CAMILLE HOWE**, *et alia*, | : | |
| Defendants | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT**

Background

Comes now the plaintiff, by and through counsel, and replies to the defendants' motion for judgment on the pleadings. Contrary to defendants' assertion that this Court ordered the parties to discuss the statutory authority under which a school may seek relief from a hearing officer's decision, this Court only ordered the parties to "be prepared to discuss" the authority at the Status Conference which this Court set for 7 September 2006.

After the plaintiff requested a continuance due to the unavailability of the their counsel, this Court issued a Scheduling Order on 7 September 2006 based on the Rule 16.3 Joint Report and cancelled the Status Conference. The Scheduling Order did not mention the need to discuss the statutory authority. However, in view of defendants' motion, plaintiff is prepared to brief the issue.

Statutory Authority

The statutory authority for appealing a hearing officer's decision is the Individuals with Disabilities Education Improvement Act of 2004 §615(i)(2)(A). Under the title, "Right to Bring Civil Action" the Act allows "Any party aggrieved by the findings and decision made under

subsection (f)[1] or (k)[2] who does not have the right to an appeal under subsection (g)[3] and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."

The plaintiff was the aggrieved party of the decision made by the hearing officer. The section does not make a distinction between school systems or parents or the minor child of a parent.

Therefore, in the instant case, the plaintiff has an absolute right to seek relief from a hearing officer's decision, even if that means bringing an action under IDEIA against a minor child and parent of the minor child.

Sections II and III of defendants' brief are essentially the same. Defendants' argument is thus – courts must defer to the decisions of the hearing officer and therefore appeals of the hearing officers must fail. Interestingly, the defendants cite several sources, which if their standard is applied, would never seen the light of day in the courtroom.

Using this logic, the defendants then claim that Rule 12(b)(6) applies and the case must

---

[1] Subsection (f) refers to an impartial due process hearing.

[2] Subsection (k) refers to the disciplinary process including a manifestation determination review hearing.

[3] Subsection (g) refers to appeals to a state reviewing agency. In some states, after a decision by an independent hearing officer on the local level, the states allow an appeal to the state educational agency. In the District of Columbia there is no mechanism to appeal to the state educational agency and therefore the statute allows an appeal to the Courts directly from the independent hearing officer.

fail because plaintiff has not stated a claim upon which relief can be granted.

These arguments are not rational and are without any legal merit, and therefore, do not deserve any reply. Plaintiff will rely on the absurdity of the arguments and offer no further reply to sections II and III of defendants' motion.

### Conclusion

For the foregoing reasons, plaintiff respectfully request this Court deny the Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

_____/s/_____
William E. Houston, Esq.
D.C. Bar No. 450223
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300 (O)
(703) 739-2323 (F)