# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE: ███, A███ vs. DCPS & Options PCS

Case Information:     Hearing Dates: **5/12/2006**
Held at: **District of Columbia Public Schools Headquarters**
**825 N. Capitol Street, N.E.**
**Washington, D.C. 20002**
Student Identification Number: 9042800
Student's Date of Birth: **8/15/1992**
Attending School: **Options PCS**
Managing School: **Options PCS**
Hearing Request Date(s) **3/13/2006**

## <u>CERTIFICATION OF RECORD</u>

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office**,

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this 29th day of September.

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

# District of Columbia Public Schools

## Office of Management Services

Tonya M. Butler-Truesdale, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(202) 518-6867
Facsimile: (202) 442-5556

2006 MAY 22 PM 4: 07
DC PUBLIC
SCHOOL SYSTEM

## Confidential

|  |  |  |
|---|---|---|
| ▓▓▓▓▓▓ Student | ) | |
| | ) | |
| Date of Birth: ▓▓▓▓▓ | ) | |
| | ) | |
| Petitioner, | ) | Hearing Date: May 12, 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | Held at: 825 North Capitol Street, |
| | ) | NE, 8th Floor |
| District of Columbia Public Schools | ) | Washington, D.C. 20002 |
| and | ) | |
| Friendship Edison Public Charter School | ) | |
| | ) | |
| Respondents. | ) | |

## HEARING OFFICER'S DECISION

**Parents:** Ms. Camille Howe ▓▓▓▓▓▓▓▓▓

**Counsel for the Parent/Student:** Anna Forbes Towns, Esquire
313 Hammonton Place
Silver Spring, MD 20904
(301) 680-9175; Fax: (301) 318-4755

**Counsel for DCPS:** Karen J. Herbert, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, DC 20002

**Counsel for Options Public Charter School:** William Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314

1

*In the Matter of A.H.*

**Jurisdiction**

The Due Process Hearing was convened and this Order is written pursuant to Public Law 108-446, the *Individuals with Disabilities Education Improvement Act of 2004 (I.D.E.I.A.)*, 20 U.S.C.; 5 D.C.M.R. Section 3000.; Section 143 of the D.C. Appropriations Act, effective October 21, 1998; and the Rules of the Board of Education of the District of Columbia.

**Due Process Rights**

Parent's counsel waived a formal reading of the due process rights.

**Five Day Disclosures**

Petitioner: Presented disclosures labeled AH01-AH06. Respondent Options Public Charter School objected to the admission of AH05 and AH06. Petitioner withdrew the two admissions prior to the hearing officer's ruling on the objection. AH01-AH04 were admitted. Petitioner presented Special Education Advocate, LaTanya Higginbotham and Petitioner's mother, Camille Howe as witnesses.

Respondent Options Public Charter School: Presented David Crawford, Ph.D., school psychologist, Paris Adon, former assistant principal for Options Public Charter School and Gregory Bush, Petitioner's father. Disclosures labeled 1-20 were admitted without objection.

Respondent DCPS : Presented DCPS 01- DCPS 02. No witnesses were presented or called to testify.

**Statement of the Case**

The Student Hearing Office, DCPS, scheduled a Due Process Hearing for May 12, 2006 at 9:00 am at DCPS Headquarters, 825 North Capitol Street, N.E., 8th Floor, Washington, DC 20002. Petitioner alleges that DCPS failed to:
1. evaluate Petitioner in all areas of suspected disability;
2. provide Petitioner an educational program consistent with Petitioner's current IEP;
3. convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code; and develop an appropriate IEP; and,
4. maintain the hour of services on Petitioner's IEP.

2

*In the Matter of A.H.*

Attorney Advisor Karen Herbert appeared in person for DCPS.    Attorney Anna Towns appeared on behalf of Petitioner.    Attorney William Houston appeared for Options Public Charter School.

### Finding of Facts and Conclusions of Law

The credible testimony of Paris Adon reveals that Options Public Charter School was aware of Petitioner's need for special education services and attempted to address the concerns of the Petitioner's mother within a reasonable time period. Mr. Adon's testimony also reveals that the definition of appropriate services and the delivery of services became complicated during further attempts to appease the subsequent concerns of the Petitioner's mother. These attempts at appeasement appear to have been crafted despite the questionable impact on the delivery of a Free and Appropriate Education to Petitioner. Frankly, Respondent Options good faith effort to appease the parent backfired and perhaps escalated to a claim which now includes an allegation of insufficient evaluations due to respondent's willingness to change the Petitioner's programming at the whim of the parent.

The testimony of Dr. Crawford regarding the sufficiency of the psychological evaluation which employed seven different assessment instruments was also compelling. This hearing officer fins the testimony of Dr. Crawford logical and credible. Dr. Crawford's deduction that the psycho-educational was sufficient given the non-predominate display of emotional triggers lends reason to the schools decision not to immediately employ clinical assessments.

However, it is entirely conceivable, given the nature of the parent's challenging participation in the hearing, that the mother's participation in the IEP meetings should have alerted Respondent Options that more comprehensive evaluations were warranted. Certainly, the mother subsequent contact with the school requesting subsequent changes in the IEP should have alerted the school that a social history, at a minimum, should be completed.    Finally, it is most probable that the provision of a FAPE to this Petitioner might have required the Respondent Options to alert the Respondent DCPS to file a due process hearing complaint once the mother insisted on a change of special education instruction hours.    Section 3029.1 of Chapter 30 of the DC Code gives the LEA the right to initiate a hearing when there is a dispute the evaluation, placement, and provision of FAPE to a child with a disability.    The change in the delivery of services to the Petitioner to appease this Petitioner's mother, at least in part, created the denial of FAPE.

The candid revelation of the mother of her own disability and the resulting conduct displayed during and after the hearing conclusively reveals that further evaluations are warranted.

*In the Matter of A.H.*

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, and the representations of the parties' counsel, this 21st day of May 2006, it is hereby

**ORDERED,** that Options Public Charter School shall fund an independent speech and language evaluation, a clinical evaluation, an occupational therapy assessment, social history, and vision and hearing screening within the superintendent's cost guidelines.

**IT IS FURTHER ORDERED,** that Options Public Charter School shall complete a functional behavioral assessment and a behavior intervention plan within 10 school days of the issuance of this Order.

**IT IS FURTHER ORDERED,** that within fifteen calendar days of receipt of the last evaluation, DCPS shall convene an MDT meeting.

**IT IS FURTHER ORDERED,** that the MDT team shall review all evaluations, review and revise the IEP, discuss and determine placement, and discuss compensatory education and, if warranted develop a compensatory education plan.

**IT IS FUTHER ORDERED,** that all meetings will be scheduled through parent's counsel.

**IT IS FURTHER ORDERED,** that any delay in meeting any of the deadlines in this Order because of Petitioner's absence or failure to respond promptly to scheduling requests, or that of Petitioner's representatives, will extend the deadlines by the number of days attributable to Petitioner or Petitioner's representatives. DCPS shall document, with affidavits and proofs of service, any delays caused by Petitioner or Petitioner's representatives.

**IT IS FURTHER ORDERED,** that this Order is effective immediately.

Tonya M. Butler-Truesdale, Esquire
Hearing Officer

Date:  May 21, 2006

4

*In the Matter of A.H.*

**This is the FINAL ADMINISTRATIVE DECISION. An Appeal can be made to a court of competent jurisdiction within thirty (30) days of this Order's issue date.**

Issued: _____

Copies to:

Anna Forbes Towns, Esquire
313 Hammonton Place
Silver Spring, MD 20904
(301) 680-9175; Fax: (301) 318-4755

Karen J. Herbert., Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E., 9th Floor
Washington, DC 20002

William Houston, Esquire
Dalton, Dalton & Houston, PC
1008 Pendleton Street,
Alexandria, VA 22314

5

# ATTENDANCE SHEET

| STUDENT'S NAME: | ~~[redacted]~~ | Aug 12 2006 |
| HEARING DATE: | May 12 2006 | Attn 8H2 9:00 |

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
| --- | --- | --- |
| WILLIAM Houston | OPTIONS PCS | ATTORNEY |
| DAVID CRANFORD | OPTIONS PCS | PSYCHOLOGIST |
| LATANYA Higginbotham | Student | Advocate |
| Gregory L Bush | | Father |
| PARIS Adon | DCPS | Asst Prin (At the time) |
| Karen J Herbert | DCPS | Att. Adviser |
| Camille Howe | Student | Mother |

_Tonya M Butler Truesdale_
Impartial Hearing Officer

6

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capitol Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **IMPARTIAL DUE PROCESS** |
| | ) | |
| | ) | **HEARING OFFICER'S DECISION** |
| Date of Birth: | ) | |
| ("Student") | ) | |
| Petitioner, | ) | |
| v. | ) | |
| District of Columbia Public Schools | ) | |
| Washington, DC 20002 | ) | |
| ("DCPS") | ) | |
| & | ) | |
| | ) | |
| Options Public Charter School | ) | |
| Respondent. | ) | |

## RESPONDENT'S MOTION TO DISMISS

Counsel for student:            Anna Forbes Towns, Esq.
                               313 Hammonton Place
                               Silver Spring, MD 20904

Counsel for DCPS:              Karen J. Herbert, Esq.
                               District of Columbia Public Schools,
                               9th Floor
                               825 North Capitol Street, NW
                               Washington, DC 20002

Counsel for Options PCS:       William E. Houston, Esq.
                               1008 Pendleton Street
                               Alexandria, Virginia 22314

## SUMMARY

1.     Petitioner filed a Due Process Hearing Complaint Notice on March 13, 2006.  The parties met in a Resolution Session meeting on March 27, 2006. The Due Process Hearing is currently scheduled for May 12, 2006.

2.     On May 3, 2006, Respondent Options PCS filed a Motion to Dismiss the Complaint stating that Options PCS had reached an agreement with the student's father at the Resolution Session, but that the mother later disagreed and initiated the Due Process Hearing.  Options PCS also states that the student has a current IEP and that Options is trying to implement it but that the student is often not available.

3.     In view of the above, there are sufficient issues concerning the student that should be argued at a Hearing.

## ORDER

Respondent Options' Motion is **DENIED** as a pre-hearing motion, but may be reargued at the Hearing.

DATE: _5 - 9 - 0 6_

Issue Date:_____

David R. Smith, Esq.
Impartial Special Education Hearing Officer

2

8

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
### Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314-1837
(703) 739-4300
FAX (703)739-2323

**DATE:**   May 8, 2006

**TO:**   Mr David Smith, Esq

**FAX:**   202-442-~~5432~~ 5556

**FROM:**   William Houston, Esq.

**RE:**   

**NUMBER OF PAGES INCLUDING THIS PAGE:**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.**

**IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNI-
CATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE
ADDRESS.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# District of Columbia Public Schools
### STATE EDUCATION AGENCY

### Confidential

| | |
|---|---|
| ███████ Student | ) |
| | ) |
| Date of Birth: ███████ | ) Hearing Date: 12 May 2006 |
| | ) |
| Petitioner, | ) Request for Hearing: 13 March 2006 |
| | ) |
| v. | ) |
| | ) |
| OPTIONS P.C.S. | ) |
| & | ) |
| District of Columbia Public Schools | ) |
| | ) |
| Respondents | ) |
| | ) |

## MOTION TO DISMISS

Comes now the **Options Public Charter School** (Options), by and through counsel, and joined by the **District of Columbia Public Schools** (DCPS) and request the Hearing Officer dismiss the 13 March 2006 Due Process Hearing Request.

### Background

Options convened a multi-discipline team meeting on 18 October 2005 to discuss the need for testing ███████ for special education services. The team concluded ███████ needed a psycho-educational testing. The meeting notes reflect mother attended the meeting but there is nothing in the notes that indicate anyone suspecting ███████ of any emotional concerns. The mother signed the consent form at the conclusion of the meeting and agreed with recommendation of the team.

The clinical psychologist did perform some clinical assessments in his evaluation and found there were no foundations for further testing. Therefore, not only were there no suspected disabilities mentioned at the MDT meeting, Dr. Cranford found no basis for suspecting any emotional disturbance in his testing.

On 26 January 2006, Options convened a meeting to discuss the evaluations and determine eligibility. The MDT determined ███████ was eligible as a student with learning disabilities. The team then went on to discuss the individualized education program and the team determined that based on the data, ███████ needed 24 hours of specialized services. Options then offered to placed ███████ in their out of general education program.

MOTION TO DISMISS – CONTINUED

2

The team agreed with this decision and the father signed the IEP consenting to the IEP. The IEP team consisted of both parents, teachers, LEA representative and the clinical psychologist who evaluated the child. The MDT meeting lasted for nearly 6.5 hours and therefore the teachers were not present for the entire period but the parents implicitly consented to the teachers coming and going as the school schedule required.

After the father left, the mother objected to the out of general education placement and the 24 hours of services and convinced the team to reduce the hours to 15 hours. Options has been implementing the IEP the mother agreed to, the IEP with 15.5 hours of services since it was the last agreed upon IEP.

Admittedly, since the father signed the IEP, Options should have included him in the discussions reducing the hours from 24.5 hours to 15.5 hours. However, the mother raised no objections to the proceedings until the father left. Since the child lives with the mother, Options viewed her opinion as important and therefore with several of the members still present, Options agreed to reduce the number of hours.

The mother, the petitioner then filed the instant suit, alleging among other things:
1. Whether this student was denied FAPE due to the failure of DCPS and /or Options PCS to evaluate the student in all areas of suspected disability prior to making a determination of the appropriate disability code and special education eligibility.
2. Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to provide her with an educational program consistent with her current IEP.
3. Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code and to develop an appropriate IEP and educational program for the student.
4. Whether this student was denied FAPE due to Options PCS changing the number of service hours on the IEP without the participation of the parent or IEP Team
5. Whether this student is entitled to an award of compensatory education due to lost services based upon violations regarding the student's IEP, services and/or placement.

On 27 March 2006, Options convened a resolution meeting. Once again both parents attended the meeting. Neither parent could agree to anything, the meeting notes clearly indicate the disagreement with the mother, and her advocate on one side and the father and Ashley on the other. (Attachment A) Due to this Options could not offer to resolve the matter.

Options is in a quandary, if they accede to one parent, the other parent may sue. In this case though, the parent who Options listened to is the one that sue Options

11

MOTION TO DISMISS – CONTINUED                                                    3

## Argument

Under IDELA, both parents have rights and privileges. It is inequitable to allow the mother, who requested the changes to IEP, got the requested changes, now to bring suit. It was not the mother who was aggrieved by Options decision to lower the number of hours as requested by the mother after the father signed the IEP, but the father.

Meanwhile, Options is tying to accommodate all parties. The student has not lost services. The child has an appropriate IEP and Options is implementing it when the child is available. The student is often truant and the school has issued a truancy notice.

For all the foregoing reasons, Options requests the Hearing Officer dismiss all the allegations. Attorney Advisor for DCPS, Ms. Karen Herbert joins in the request to dismiss all the allegations.

Respectfully submitted

William E. Houston
Counsel for Options PCS

## CERTIFICATE OF SERVICE

I, William Houston, certify that I transmitted a copy of the foregoing Motion to Dismiss by facsimile on 3 May 2006 to Ms. Anna Forbes Towns and Ms. Karen Herbert.

Respectfully,

William E. Houston

4  Resolution meeting

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### WASHINGTON D.C.

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE: _____

MEETING DATE: 3/27/06

| MDT | |

STUDENT: ~~████████~~          SCHOOL: OPCS

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| PARIS Alton | _____ | LEA Rep |
| Diane Samuels | _____ | Reg. Ed Rep |
| Reginald Leonard | _____ | Spec. Edi. Teacher |
| David Crawford, PhD | _____ | Lic. Psychologist |
| Tiffany Higginbotham | _____ | Advocate |
| Gregory L Bush | Gregory L Bush | Parent |
| ~~████████~~ | _____ | Counsel ← left the meeting |
| ~~████████~~ | ~~████~~ | STUDENT ← left the meeting |
| Carol P. Howe | _____ | Mother |

_at this meeting_

Introductions were made the father declined to receive a copy of the
procedural safeguards the mother has Accepted a copy and understands
her Rights as signed by the Reciept dated 3/27/06. The parent
states that she does not want Options Attorney [Council] at meeting. Mr. Kunst
has left the meeting due to the parent not having legal representative
The parent has concern that ~~████~~ is not receiving the services she is supposed
to be receiving. OPCS has ~~██~~ enrolled ~~████~~ in After school however
she had poor attendance. OPCS will agree to complete an OT evaluation
—  There was a regular education at the original IEP meeting
~~the term has~~ OPCS has shown that it did have a regular ed →

THE PARENT [X] IS PRESENT ☐ IS NOT PRESENT AT THE MEETING  ~~████████~~

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT _____

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

13

member of the IEP. The advocate is not in agreement with a full-time self-contained setting unit a full comp evaluations are done. The school staff is that ▓▓ has to be placed in a self contained classroom. The mother and the advocate are in disagreement with the school placing ▓▓ in a self contained classroom because they believe that ▓▓ needs more testing. — Furthermore the OPCS has shown that it changed the hours on the IEP due to the parents, Ms. Howe, not wanting ▓▓ to be in a full time setting. The school staff is stating that ▓▓ need. The parents are not in agreement with IEP Hours. At this time the advocate is not in agreement with what ▓▓ states that she will go to class and we can put her in self contained if she fails to follow the attendance contract. OPCS will continue to follow its school rules by sending students home after a student cuts 2 classes. The parents are still in disagreement with the IEP hours. The mother states that she is the guardian on paper therefore the school will At the parents request keep ▓▓ on the part-time special education. The compensatory services portion can not be determined at this time due to the team not agreeing on the testing that needs to be done according to the advocate, the school does not agree with the testing needing to be done due to the fact that ▓▓ does well in self contained / ▓▓▓▓ OPCS did not agree with everything with regards to conducting a speech/language evaluation, Clinical Evaluation, Social History, FBA and BIP. ▓▓▓▓

# FACSIMILE TRANSMISSION COVER SHEET

## DALTON, DALTON, & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

3 May 06

Ms. Karen Herbert

202 442-5098

WILLIAM HOUSTON

████████ – Motion to Dismiss

6

OF PAGES INCLUDING COVER SHEET:

COMMENTS:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

15

May 3 03 1:42PM    Dalton, Dalton & Houston                No.1960   P. 6

Transmiss on Resu t Repor t Memory TX    May  3  2003  9:44AM   * * *

Da ton, Da ton & Houston

Date/Time May  3  2003  9:42AM

| File  No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 784 Memory TX | 030 202-442-6098 | P  6 | OK | |

---

Reason for error
 E 1) Hang up or line fail                    E 2) Busy
 E 3) No answer                               E 4) No facsimile connection

**FACSIMILE TRANSMISSION COVER SHEET**
DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DDSPEDLAW@AOL.COM

DATE:          3 May 06

TO:            Ms. Karen Herbert

AT FAX:        202 442-5098

FROM:          WILLIAM HOUSTON

RE:            ▇▇▇▇ – Motion to Dismiss

NUMBER OF PAGES INCLUDING COVER SHEET:        6

COMMENTS: _____
_____
_____
_____
_____

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

16

May. 3. 2006  2:42PM    Dalton, Dalton & Houston                No.1980   P. 9

# FACSIMILE TRANSMISSION COVER SHEET

## DALTON, DALTON, & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

**DATE:** 3 MAY 2006

**TO:** Hearing Officer David Smith

**AT FAX:** 202 442 5556

**FROM:** WILLIAM HOUSTON

**RE:** ~~████████~~ Motion to Dismiss

**NUMBER OF PAGES INCLUDING COVER SHEET:** 6

**COMMENTS:**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

May. 8. 2006  2:42PM    Dalton, Dalton,& Houston                    No.1980    P. 19

**\* \* \* \*  Transmit Result Report  ( May. 8. 2006  2:42PM ) \* \* \* \***

**1)** Dalton, Dalton & Houston

Date/Time: May. 8. 2006  2:41AM

| File<br>No. Mode | Destination | Pg(s). | Result | Page<br>Not Sent |
|---|---|---|---|---|
| 1733 Memory TX | 9110 202-442-5556 | P  6 | OK | |

Reason for error
  E 1) Hang up or line fail          E 2) Busy
  E 3) No answer                     E 4) No facsimile connection

---

FACSIMILE TRANSMISSION COVER SHEET
DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSFRDLAW@AOL.COM

DATE:        3 MAY 2006

TO:          Hearing Officer David Smith

AT FAX:      202 442-5556

FROM:        WILLIAM HOUSTON

RE:          ███████████ Motion to Dismiss

NUMBER OF PAGES INCLUDING COVER SHEET:        6

COMMENTS: _____

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

18

# FACSIMILE TRANSMISSION COVER SHEET

## DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

**DATE:** 3 MAY 06

**TO:** ANNA FORBES TOWNS

**AT FAX:** 202 318-4755

**FROM:** WILLIAM HOUSTON

**RE:** ▓▓▓▓ MOTION TO DISMISS

**NUMBER OF PAGES INCLUDING COVER SHEET:** 6

**COMMENTS:** PLEASE DELIVER ASAP:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mar. 8, 2006  1:42PM   Dalton, Dalton & Houston                    No.1380   P. 12

* * * Transmission Result Report (Mar. 8 2006 8:14AM) * * *
                                                    1) Dalton, Dalton & Houston

Date/Time: Mar. 8 2006 8:14AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 1795 | Memory TX | 2028164755 | P. 6 | OK | |

Reason for error
 E.1) Hang up or line fail           E.2) Busy
 E.3) No answer                      E.4) No facsimile connection

---

**FACSIMILE TRANSMISSION COVER SHEET**
DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSFRDLAW@AOL.COM

DATE:        5 MAY 06

TO:          ANNA FORBUS TOWNS

AT FAX:      202 318-6755

FROM:        WILLIAM HOUSTON

RE:          ██████████ — MOTION TO DISMISS

NUMBER OF PAGES INCLUDING COVER SHEET:              6

             PLEASE DELIVER ASAP:
COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

20

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## ﹖ﾟTE ENFORCEMENT & INVESTIGATIONS DIVISION
(202) 442-5432 (Telephone)
(202) 442-5556 (Facsimile)

### CONFIDENTIAL

| | | |
|---|---|---|
| ﹖﹖ﾟr of: | ) | **TO: GREGORY BUSH** |
| | ) | |
| ▇ Student | ) | |
| | ) | **Hearing Date:** 12 May 2006 |
| ﹖﹖ ﹖ ▇ | ) | |
| | ) | **Request for Hearing:** 13 March 2006 |
| ﹖ ﹖ﾟioner, | ) | |
| | ) | |
| | ) | |
| ﹖﹖ P.C.S. | ) | |
| | ) | |
| ﹖ ﾟolumbia Public Schools | ) | |
| | ) | |
| ﹖spondents | ) | |
| | ) | |

### NOTICE TO APPEAR AT DUE PROCESS HEARING

﹖﹖ **Gregory Bush**, father of ▇ please be informed that you are commanded
﹖﹖erson and under oath to give testimony at the request of Options Public Charter
﹖﹖ due process hearing for your daughter ▇ to be conducted at:
﹖﹖﹖ North Capitol Street, N.E.
﹖ ﾟﾟoor
﹖ﾟington, DC 20002
﹖﹖ ﾟ06 beginning at 9:00 a.m.  If the matter is continued to an alternative date by order
﹖﹖ officer, your physical presence will be required on that date and you will be so

﹖﹖﹖ﾟact time of your testimony cannot be determined prior to the date of the hearing,
﹖﹖ ﹖ependent upon many factors. Under the hearing rules please be aware that you
﹖﹖ ﹖ﾟuded from the hearing room prior to your testimony. You are welcome to bring
﹖﹖﹖ or such other activities as you may need to pass the time waiting.

﹖﹖ ﾟﾟotice to Appear is issued pursuant to the authority found in 20 U.S.C. § 1415
﹖﹖ ﹖.M.R. §3031.1(b) (D.C. Register, 28 February 2003) and "The Special Education
﹖﹖﹖ﾟg Office Due Process Hearing Standard Operating Procedures," final version 8
﹖﹖ ﾟﾟ6, Section 800.1 (4).

21

PPEAR AT DUE PROCESS HEARING – CONTINUED                    2

other's attorney is Anna Forbes Towns. If you have questions, you may call her at,
0 or by mail at her office:
ammonton Place
Spring, MD 20904

orney for DCPS is Karen Herbert. If you have questions, you may call her at,
00 or by mail at her office:
of General Counsel
of Columbia Public Schools
rth Capitol Street, N.E.

ington, DC  20002

attorney for Options Public Charter Schools is William Houston  If you have
may call him at (703) 739-4300 or by mail at his office:
Pendleton Street
ndria, VA 22314-1837


_____
Impartial Hearing Officer



_____
Date:

Ma... 2:40PM   Dalton, Dalton & Houston          No.1990   P. 15

# FACSIMILE TRANSMISSION COVER SHEET

## DALTON, DALTON, & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

DATE:                    28 April 2006

TO:                      SHARON NEWSOME

AT FAX:                  202 442-5556

FROM:                    WILLIAM HOUSTON

RE:                      ▆▆▆▆▆▆▆ – COMPEL WITNESS NOTICE

NUMBER OF PAGES INCLUDING COVER SHEET:                    3

PLEASE RETURN SIGNED ORDERED BY FACSIMILE
THANK YOU

COMMENTS: _____

_____

_____

_____

_____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

May. 8. 2006  2:40PM    Dalton, Dalton,& Houston                No.1960   P. 16

*** Transmission Result Report ( Apr. 28. 2006   1:45PM ) *** 1
                                                    P. 1
                                                    Dalton, Dalton & Houston

Date/Time: Apr. 28. 2006  1:44PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 1664 Memory TX | SHO 202-442-6556 | P. 0 | OK | |

Reason for error
E.1) Hang up or line fail          E.2) Busy
E.3) No answer                     E.4) No facsimile connection

---

**FACSIMILE TRANSMISSION COVER SHEET**
DALTON, DALTON, & HOUSTON, P.C.
1908 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSFEDLAW@AOL.COM

DATE:       28 April 2006

TO:         SHARON NEWSOME

AT FAX:     202 442-6556

FROM:       WILLIAM HOUSTON

RE:         ▮▮▮▮▮▮▮▮▮—COMPEL WITNESS NOTICE

NUMBER OF PAGES INCLUDING COVER SHEET:        3

            PLEASE RETURN SIGNED ORDERED BY FACSIMILE
            THANK YOU

COMMENTS: _____

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

24

MAY-05-2006 10:31 From:                                    To:2024425556         P.2/35

*ATTORNEY ANNA FORBES TOWNS AND ASSOCIATES*
*· 313 Hammonton Place*
*Silver Spring, Maryland 20904*
*Phone:( 301) 680-9175*
*Fax : ( 202) 318-4755*
*Email: law@annatowns.com*

May 5, 2006

Ms. Sharon Newsome
DCPS, Special Education Student Hearing Office
825 North Capitol Street NE  8th Floor
Washington, D.C.  20002

**Facsimile:** (202) 442-5556

**5-Day Disclosure:** ▓▓▓▓▓▓▓▓▓▓▓▓▓

Dear Ms. Newsome:

This is to disclose to you the list of witnesses and documents on which we may rely at the hearing presently set for **Friday, May 12, 2006 at 9:00 am** or any other future hearing regarding the above-referenced student. The parent further discloses that she may rely upon any witnesses and/or documents DCPS may specify in its 5-Day Disclosure at the instant hearing or any subsequent hearing.

**Witnesses\***

1.  Ms. Camille Howe, Parent
2.  Mr. Gregory Bush, Parent
3.  Ms. LaTanya Higginbotham, Special Education Advocate

*\* Witnesses may testify by phone*

**Documents**

| | |
|---|---|
| AH  01 | Due Process Complaint Notice, dated 3/13/06 |
| AH – 02 | Resolution Meeting Notes, dated  3/27/06 |
| AH – 03 | Psychoeducational Evaluation, dated 11/14/05 |
| AH - 04 | IEP, dated 1/26/06 |
| AH - 05 | Request for Records, dated  3/29/06 |
| AH– 06 | Report Cards SY 04-05, St 05-06 |
| AH - 07 | Stanford 9, dated 4/05 |
| AH – 08 | Attendance Summary, dated 3/30/06 |

If you have questions regarding any of the documents and/or information contained herein, please call me or Ms. LaTanya Higginbotham, Special Education Advocate on (202) 610-0120.

Sincerely,

*Anna Towns*

Anna Forbes Towns, Esq.

Cc:  William Houston, Esq., Counsel for Options PCS
Karen Herbert, Esq., Attorney Advisor, DCPS
Ms. LaTanya Higginbotham, Special Education Advocate

*Licensed to Practice Law in the District of Columbia*

25

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*





# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a **"Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A. INFORMATION ABOUT THE STUDENT:

Name of the Student: _____        Date of Birth: _____

Address: ___ **3200 Buena Vista Terrace SE    Washington, DC 20020** ___

Home School: ___ **DCPS** ___

Present School of Attendance: ___ **Options Public Charter School** ___

Is this a charter school? ___ **Yes** ___    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___ **Ms. Camilole Howe** ___

Address (if different from the student's above): ___ **Same as above** ___

1

**B.    Legal Representative/Attorney:**

Name:    **Anna Forbes Towns, Esq.**

Address:   **313 Hammonton Place    Silver Spring, Maryland  20904**

Phone.   (w)    **301.680.9175**    (Fax)    **202.318.4755** ___    (e-mail)
**law@annatowns.com**

Will attorney / legal representative attend the resolution session?    **X** Yes            No

**C.    Complaint Made Against (check all that apply):**

    **X**   DCPS school (name of the school if different from page one) _____

    **X**   Charter   school   (name   of   the   charter   school   if   different   from   page   one)
    _____

    ⃞  Non-public school or residential treatment facility (name) _____

    ⃞  Parent

**D.    Resolution Session Meeting between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint.  I also understand that I
may voluntarily waive this right if I choose.  (Note:  All parties must agree to waive the resolution meeting to
avoid having this meeting.)

**The parent, by and through Counsel, wishes to waive the Resolution Meeting to resolve
this complaint.**

**E.    Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to
the parent.  Both parties can request mediation as an alternative to the Resolution Session Meeting or as an
alternative to a Due Process Hearing.  Please check all that apply:

**The parent, by and through Counsel, requests to proceed directly to a Due Process
Hearing.**

**F.    Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the
following questions (attach additional pages if needed):

1.    **Nature of the problem:**

███████████ is a 7th grade student presently enrolled at Options Public Charter School.  Ashley
is a special education student with a disability code of "Learning Disability."  The initial IEP for this student,
dated 1/26/06, indicated that the student required 24 hours of specialized instruction and the related service of
Psychological Counseling.  The parent is concerned that ████ is not receiving "educational benefit" at her
current placement.

2

MAY-05-2006 10:31 From:                                      To:2024425555                    P.5/36

The parent requested comprehensive evaluations for ▇▇▇ in 8/05 and a Consent to Evaluate was signed on 10/18/05. On 10/27, 11/3 and 11/14/05 a Psychoeducational Evaluation was conducted to assess ▇▇▇ current cognitive abilities and academic functioning. According to school notes, ▇▇▇ was failing in all academic areas and was not making any progress in the current setting. According to the WISC-IV Test, ▇▇▇ has the following composite scores: (1) VCI=71; PRI=90; WMI=71; PSI=85 and FSIQ=74. The following recommendations were made: (1) ▇▇▇ exhibits behaviors and characteristics consistent with the disability of Learning Disabled. (2) ▇▇▇ will require intensive specialized instruction in a setting with a small student to staff ratio. (3) ▇▇▇ would benefit from individual psychological counseling services to address low self concept regarding academic weaknesses. Further she will need to learn distress tolerance skills to manage responses to academic frustration.

A review of the Beery-Buktenica Development Test of Visual-Motor Integration (VMI) indicates that ▇▇▇ at the age of ▇▇▇ years old, is functioning as a child at the age of 9.6 years old, ▇▇▇ has a severe delay in the area of visual-motor functioning. An Occupational Therapy Assessment is needed to further assess ▇▇▇ need for Occupational Therapy.

▇▇▇ academic testing demonstrated that her reading comprehension measures at a grade level of 3.8. Mathematics measures at the grade level of 2.8, and written language measured at the grade level of 3.1. With documentation of these academic levels, it is clear that Ashley is unable to receive "educational benefit" in a regular classroom where she is expected to perform at the 7th grade level. This student is in need of a full time program to address her needs.

The IEP Team convened on 1/26/06 to determine ▇▇▇ eligibility to receive special educational services. The following persons constituted the IEP Team: Assistant Principal, LEA/Psychologist, Special Education teacher and the student's father. *IDEA 2004 requires that a regular education teacher participate as a member of the IEP Team.* According to the IEP Meeting notes, dated 1/26/06, the following decisions were made regarding ▇▇▇

- The MDT determined that the student is eligible for special education services as a student with Learning Disability.

- Based on the disability and evaluation data, the student will require 24 hours of specialized instruction. The student will require ½ hour of psychosocial counseling to address social and emotional needs. Specialized instruction will be provided for math, reading and written expression.

- Special Education services for this student will be provided in the following setting: Out of General Education.

- Placement: Out of General Education – Options Public Charter School.

The special education eligibility determination and the disability code for this student were based upon only one evaluation – the Psychoeducational Evaluation. *IDEA 2004 requires the following regarding the determination of special education eligibility: " In conducting the evaluation, the LEA shall...not use one single measure or assessment as the sole criterion for determining whether a child is a child with a disability or determining an appropriate educational program for the child".*

Subsequent to the IEP meeting held on 1/26/06, the IEP for this student was altered to reduce the amount of time in special education from 24 hours to 15 hours without the participation of the IEP Team or the parent.

This student has been denied a free appropriate public education (FAPE) due to the failure of DCPS and/or Options Public Charter School to evaluate the student in all areas of suspected disability; failure to provide the student with an appropriate IEP; failure to provide the student with a special education program through which she could receive "educational benefit"; failure to convene an IEP meeting with the legally required members of the IEP team present; and for making changes in the student's IEP document (reduction in the number of service hours) without the participation of the IEP team or the parent.

3

## II.    Issues presented:

- Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to evaluate the student in all areas of suspected disability prior to making a determination of the appropriate disability code and special education eligibility.

- Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to provide her with an educational program consistent with her current IEP.

- Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code and to develop an appropriate IEP and educational program for the student.

- Whether this student was denied FAPE due to Options PCS changing the number of service hours on the IEP without the participation of the parent or IEP Team.

- Whether this student is entitled to an award of compensatory education due to lost services based upon violations regarding the student's IEP, services and/or placement.

## III.  to the extent known to you at this time, how can this problem be resolved?

- DCPS and/or Options PCS shall ensure that this student has available a Free Appropriate Public Education, including special education and other related services defined by 34 CFR 300.24, designed to meet this student's unique needs and preparation for further education, employment and independent living.

- DCPS and/or Options PCS shall be ordered to conduct the following evaluations within 30 calendar days of the date of the Hearing Officer's Decision: Speech/Language Evaluation; Clinical Evaluation; Occupational Therapy Assessment; Social History; Clinical Evaluation; FBA and BIP; and Vision and Hearing Screenings.

- If DCPS and/or Options PCS fail to conduct either of the ordered evaluations within the 30-day timeframe, parent shall be authorized to seek independent evaluations at no expense to the parent.

- Options PCS shall be ordered to convene a legally constituted MDT/IEP/Placement meeting within 10 school days after receipt of the last evaluation to review each evaluation, review the student's records, amend the IEP, if necessary; and discuss placement and compensatory education.

- All meetings/conferences regarding this matter, shall be scheduled through Counsel's office via fax (202.318.4755). Copies of each evaluation shall be submitted to Counsel at least 48 hours prior to the scheduled MDT/IEP meetings.

- The Hearing Officer shall find that there has been a denial of FAPE due to the failure of DCPS and/or Options PCS to provide this student with an appropriate IEP, academic program and services through which the student could receive "educational benefit" pursuant to IDEA.

- Based on the findings of fact and conclusions of law, the relief obtained by the parent/student materially alters the legal relationship of the parties by modifying DCPS' and/or Options PCS' behavior in a way that benefits the parent/student.

- DCPS shall fund reasonable attorney fees contingent upon the submission of a certified invoice to DCPS and/or Options PCS.

4

MAY-05-2006 10:32 From:                                    To:2024425556                    P.7/36

## G.Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

- Interpreter (please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_Aanna Forbes Lewis, Esq._    March 13, 2006
Legal Representative / Advocate (if applicable)                Date

**Mail, fax or deliver the complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC  20002**
**Fax number: 202/442-5556**

MAY-05-2006 10:32 From:                                    To:2024425555        P.8/36
04/26/2006 14.32 FAX  2026101900        @

*A Resolution meeting*

**AH-2**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
**MEETING NOTES**

| MDT | |

MDT REFERRAL DATE                                MEETING DATE: 3/27/06

STUDENT: ▮▮▮▮▮▮▮▮▮        SCHOOL: OPCS

| PARTICIPANTS. (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Kris Adon | (signature) | LEA Rep |
| Andre Samuels | (signature) | Reg. Ed. Rep |
| Reginald Leonard | (signature) | Spec. Ed. Teacher |
| David Cranford PhD | (signature) | Lc. Psychologist |
| Tanya Higginbotham | Latanya Higginbotham | Advocate |
| Gregory L. Bush | Gregory L. Bush | Parent |
| William Hoyer | (signature) | Counselor ← left the mtg |
| Ashley Howe | (signature) | Student ← left the mtg |
| Camille Howe | (signature) | Mother |

left the meeting

Introductions were made the father declined to receive a copy of the procedural safeguards the mother has accepted a copy and understands her rights as signed by the receipt dated 3/27/06. The parent states that she does not want Options Attorney (contract) at meeting. Mr. Hosts has left the meeting due to the parent not having legal representation. The parent has concerns that ▮▮▮▮ is not receiving the services she is supposed to be receiving. OPCS has to Eng enrolled Ashley in after school however she had poor attendance. OPCS will agree to complete an OT evaluation. There was a regular education at the original IEP meeting that them has OPCS has shown that it did have a regular ed

THE PARENT ☒ IS PRESENT ☐ IS NOT PRESENT  AT THE MEETING  *Ashley Howe*

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT _____

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

DISTRICT OF COLUMBIA PUBLIC SCHOOLS    07-02-2001  DIVISION OF SPECIAL EDUCATION    MTD MEETING NOTES  APPENDIX - A

31

MAY-25-2006 10:32 From:                                    To:2024425556         P.9/36
04/26/2006 14.32 FAX  2026101000                                          ☎004/051

staff ~~said~~ at the IEP. The advocate is not in agreement with a full-time self-contained setting until ~~a~~ full comp. evaluations are done. The ~~the~~ school stance is that ~~that~~ ████ has to be placed in a self contained ~~classroom~~. The mother and the advocate are in disagreement with the school placing ████ in a self contained classroom because they believe that ████ needs more testing. —Furthermore ~~that~~ OPCS has shown ~~that~~ ~~I~~ changed the hours on ~~the~~ IEP due to the parents, Ms. Howe, not wanting ████ to ~~might~~ be in a full time setting. ~~The school stance is strong~~ ~~that Ashley need~~ The parents are not in agreement with IEP Hours. At this time the ~~the~~ advocate is not in agreement with what ████ states *that she will go to class and we can put her in self contained if she fails to follow the attendance contract, OPCS will continue to follow its school ~~rules~~ by ~~sending~~ students home after ~~the~~ a student cuts 2 classes. The parents are still in disagreement with the IEP hours. The mother states ~~that~~ she is the guardian on paper therefore the ~~school~~ will at the parents request keep ████ on the part-time special education. The compensatory services portion can not be determined at this time due to the team not agreeing on the testing that needs to be done according to the advocate, the school does not agree with the testing needing to be done due to the fact that ████ does well in self contained. / ~~the above is in the~~ OPCS did not agree with everything with regards to conducting a speech/language evaluation, Clinical Evaluation, Social History, FBA and BIP.

Ashely Howe



# TIONS PUBLIC CHARTER SCHOOL

## CONFIDENTIAL PSYCHOEDUCATIONAL EVALUATION

Name: A███ H██
Age: 13 years, 2 months
Date of Birth: ██████
Grade: 7th

DOE: 10-27, 11-3, and 11-14-05
DCPS ID: Unknown
Location: Options Public Charter
Evaluator: David Cranford, Ph.D.
Licensed Psychologist

**Procedures Administered:**
Review of Available Records
Behavior Observation
Brief Clinical Interview
Wechsler Intelligence Scale for Children–Third Edition (WISC-IV)
Wechsler Individual Achievement Test – Second Edition (WIAT-II)
The Beery-Buktenica Developmental Test of Visual-Motor Integration (VMI)
Conners' Rating Scales – Revised: Short Version (CRS-RS)

**Reason for Referral and Background Information:** Options Public Charter School referred ███████ for an initial psychoeducational evaluation to assess her current cognitive abilities and academic functioning. According to school meeting notes, the student was placed in a co-teaching setting and "has not made any progress." ███████ is a 13-year, 2-month-old, African-American, 7th grade female. She does not receive special education services.

**Brief Clinical Interview:** According to the teacher, Ms. Haisley-Grieser, ███████ demonstrates significant difficulties in all academic areas. Math and social studies were identified as areas of relative weakness. The student reported enjoyment from reading and makes attempts to complete language arts assignments. However, she is unable to reliably comprehend read material. According to Ms. Haisley-Grieser, ███████ is "easily frustrated" by academic tasks. Further, she does not complete homework and has missed assignments. She obtained Ds and Fs in all academic subjects with the exception of English, where she received a C. ███████ reported participation in an after-school math and reading program, beginning in September 2005.

███████ characterized school as "boring." At those times, she often disrupts the classroom or walks out. She spends a large amount of time in the hallway and has received several in-school and 1 out-of-school suspensions. At her prior school, ███████ reported about 10 to 12 suspensions, mostly for fighting. The student acknowledged 9 absences and 20 instances of tardiness during the current school year.

Howe, Ashley     2

███ did not report mood related symptoms. She characterized her mood as generally positive but experiences occasional boredom. She identified several friends and did not appear to have difficulty developing and maintaining peer relationships. She reported positive relationships with caregivers, particularly her father.

**Behavioral Observations:** ███ presented with generally bright affect with an apparent euthymic, underlying mood. Her voice volume, rate of speech, and articulation were within normal limits. Her verbal content was suitable, and she easily conversed with the examiner. During the interview, she provided open responses to open ended questions and gave additional detail when asked. No sensory impairments were observed or reported.

Once testing began, ███ cooperated fully and put forth effort sufficient for test demands. When faced with difficult non-verbal items, she sometimes responded impulsively rather than taking her time. On tasks requiring calculations, ███ stated, "I hate math." Further, she utilized fingers for counting and calculation. Her performance on fluid reasoning, non-verbal tasks was a relative strength. Overall, ███ exhibited a level of attention and concentration sufficient for test demands. Based on her behavioral approach, the results of the evaluation are considered to be a valid and reliable assessment of the student's cognitive and academic functioning.

**Test Results and Interpretation:**
**Intellectual Assessment:**

Wechsler Intelligence Scale for Children-Fourth Edition (WISC-IV). The WISC-IV is used to assess the general thinking and reasoning skills of children aged 6 years to 16 years. This test has five main scores: Verbal Comprehension score, Perceptual Reasoning score, Working Memory score, Processing Speed score, and Full Scale score.

The *Verbal Comprehension* score indicates how well ███ did on tasks that required her to listen to questions and give spoken answers to them. These tasks evaluate her skills in understanding verbal information, thinking and reasoning with words, and expressing thoughts as words. The *Perceptual Reasoning* score indicates how well ███ did on tasks that required her to examine and think about things such as designs and pictures, and to solve problems without using words. These tasks evaluate her skills in solving nonverbal problems, sometimes using eye-hand coordination, and working quickly and efficiently with visual information. The *Working Memory* score indicates how well ███ did on tasks requiring her to learn and retain information in memory while utilizing the learned information to complete a task. These tasks measure her skills in attention, concentration, and mental reasoning. This skill is closely related to learning and achievement. The *Processing Speed* score indicates how well ███ did on tasks requiring her to quickly scan symbols and make judgments about them. These tasks measure her skills in speed of mental problem-solving, attention, and eye-hand coordination. This skill may be important to her development in reading, and ability to think quickly in general. The *Full Scale* score is derived from the combination of the Verbal Comprehension, Perceptual Reasoning, Working Memory, and Processing Speed

34

MAY-05-2006 10:33 From:

Mar 07 06 05:24p    202-610-0120    p.4

Howe, Ashley    3

scores. The WISC–IV Full Scale score is one way to view ████ overall thinking and reasoning skills.

████ unique set of thinking and reasoning abilities make her overall intellectual functioning difficult to summarize by a single score on the Wechsler Intelligence Scale for Children - Fourth Edition (WISC-IV). Her nonverbal reasoning abilities are much better developed than her verbal reasoning abilities. Processing complex visual information by forming spatial images of part-whole relationships and/or by manipulating the parts to solve novel problems without using words is a strength. Making sense of complex verbal information and using verbal abilities to solve novel problems are a weakness for ████.

### Composite Scores Summary

| Scale | Composite Score | Percentile Rank | 95% Confidence Interval | Qualitative Description |
|---|---|---|---|---|
| Verbal Comprehension (VCI) | 71 | 3 | 66-80 | Borderline |
| Perceptual Reasoning (PRI) | 90 | 25 | 83-98 | Average |
| Working Memory (WMI) | 71 | 3 | 66-81 | Borderline |
| Processing Speed (PSI) | 85 | 16 | 78-96 | Low Average |
| Full Scale (FSIQ) | 74 | 4 | 70-80 | Borderline |

████ verbal reasoning abilities as measured by the Verbal Comprehension Index are in the Borderline range and above those of only 3% of her peers (VCI = 71; 95% confidence interval = 66-80). The Verbal Comprehension Index is designed to measure verbal reasoning and concept formation. Ashley performed comparably on the verbal subtests contributing to the VCI, suggesting that these verbal cognitive abilities are similarly developed. Ashley performed much better on abstract categorical reasoning and concept formation tasks that did not require verbal expression (Picture Concepts = 12) than on abstract categorical reasoning and concept formation tasks that required verbal expression (Similarities = 5).

████ nonverbal reasoning abilities as measured by the Perceptual Reasoning Index are in the Average range and above those of approximately 25% of her peers (PRI = 90; 95% confidence interval = 83-98). The Perceptual Reasoning Index is designed to measure fluid reasoning in the perceptual domain with tasks that assess nonverbal concept formation, visual perception and organization, simultaneous processing, visual-motor coordination, learning, and the ability to separate figure and ground in visual stimuli. ████ performance on the perceptual reasoning subtests contributing to the PRI is somewhat variable, although the magnitude of this difference in performance is not unusual among children her age. Examination of ████ performance on individual subtests provides additional information regarding her specific nonverbal abilities.

████ ability to sustain attention, concentrate, and exert mental control is in the Borderline range. She performed better than approximately 3% of her age-mates in this area (Working Memory Index = 71; 95% confidence interval 66-81).

MAY-05-2006 10:33 From:                          To:2024425556          P.13/36
Mar 07 06 05:24p                                 202-610-0120          p.5

Howe, Ashley    4

██████ performed much better on the Digit Span subtest (Scaled Score = 9) than on the Letter–Number Sequencing subtest (Scaled Score = 1). A direct assessment of ██████ short-term auditory memory, performance on the Letter–Number Sequencing subtest requires attention, concentration, and mental control and can be influenced by the ability to correctly sequence information. Mental control is the ability to attend to and hold information in short-term memory while performing some operation or manipulation with it and then to correctly produce the transformed information. ██████ difficulty in recalling long spans of digits backward is evidence of weak mental control. This weakness may impede the processing of complex information for her and slow new learning. Solving mathematical problems without pencil and paper also requires mental control.

██████ ability in processing simple or routine visual material without making errors is in the Low Average range when compared to her peers. She performed better than approximately 16% of her peers on the processing speed tasks (Processing Speed Index = 85; 95% confidence interval 78-96).

**Verbal Comprehension Subtest Score Summary** (Total Raw Score to Scaled Score Conversions)

| Subtest | Raw Score | Scaled Score | Percentile Rank |
|---|---|---|---|
| Similarities | 12 | 5 | 5 |
| Vocabulary | 28 | 5 | 5 |
| Comprehension | 18 | 5 | 5 |

**Perceptual Reasoning Subtest Score Summary** (Total Raw Score to Scaled Score Conversions)

| Subtests | Raw Score | Scaled Score | Percentile Rank |
|---|---|---|---|
| Block Design | 26 | 6 | 9 |
| Picture Concepts | 21 | 12 | 75 |
| Matrix Reasoning | 20 | 7 | 16 |

**Working Memory Subtest Score Summary** (Total Raw Score to Scaled Score Conversions)

| Subtests | Raw Score | Scaled Score | Percentile Rank |
|---|---|---|---|
| Digit Span | 16 | 9 | 37 |
| Letter-Number Sequencing | 6 | 1 | 0.1 |

**Processing Speed Subtest Scores Summary** (Total Raw Score to Scaled Score Conversions)

| Subtests | Raw Score | Scaled Score | Percentile Rank |
|---|---|---|---|
| Coding (CD) | 52 | 8 | 25 |
| Symbol Search (SS) | 22 | 7 | 16 |

*Personal Strengths and Weakness*

36

To:2024425556     P. 14/35

202-610-0120     p.6

MAY-25-
Mar 0

Howe, Ashley     5

performance was significantly better on the Picture Concepts subtest than her
mean score.  On the Picture Concepts subtest, was presented with two or
more rows of easily identifiable pictures and asked to choose one picture from each row
form a group with a common characteristic. This subtest is designed to measure fluid
reasoning and abstract categorical reasoning ability. The task invokes verbal concepts, but
does not require verbal responses; (Picture Concepts scaled score = 12).

Achievement Assessment:
   Wechsler Individual Achievement Test – Second Edition (WIAT-II).  The WIAT-
was administered in order to assess academic achievement compared to other children
the student's age.  The standard scores for the composites and subtests are presented
below (average score = 100, standard deviation = 15):

### Summary of WIAT-II Subtest Scores

| SUBTESTS* | RAW | STD | 95% INTERVAL | PR | NCE | S9 | AGE EQU | GRADE EQU |
|---|---|---|---|---|---|---|---|---|
| Word Reading | 102 | 84 | 78- 90 | 14 | 28 | 3 | 10:4 | 5:0 |
| Reading Comprehension | 115** | 74 | 68- 80 | 4 | 13 | 2 | 9:0 | 3:8 |
| Pseudoword Decoding | 32 | 88 | 83- 93 | 21 | 33 | 3 | 9:4 | 3:1 |
| Numerical Operations | 12 | 49 | 41- 57 | <0.1 | <1 | 1 | 7:4 | 1:8 |
| Math Reasoning | 30 | 58 | 51- 65 | 0.3 | <1 | 1 | 8:0 | 2:8 |
| Spelling | 27 | 80 | 73- 87 | 9 | 22 | 2 | 9:4 | 3:8 |
| Written Expression | 15 | 77 | 66- 88 | 6 | 18 | 2 | <12:0 | 3:1 |
| Listening Comprehension | 26 | 88 | 77- 99 | 21 | 33 | 3 | 10:4 | 4:8 |

* WIAT-II age-based normative information was used in the calculation of subtest and composite
scores.
** Represents Reading Comprehension weighted raw score.

### Summary of WIAT-II Composite and Total Scores

| COMPOSITES* | RAW | STD | 95% INTERVAL | PR | NCE | S9 |
|---|---|---|---|---|---|---|
| Reading | 246 | 80 | 76- 84 | 9 | 22 | 2 |
| Mathematics | 107 | 45 | 40- 50 | <0.1 | <1 | 1 |
| Written Language | 157 | 77 | 70- 84 | 6 | 18 | 2 |

* WIAT-II age-based normative information was used in the calculation of subtest and composite
scores

   Reading.     presents a diverse set of skills on different aspects of reading.
She performed much better on tasks that assessed her capability to correctly apply
phonetic decoding rules when reading a series of nonsense words (Pseudoword Decoding
standard score = 88) and correctly read a series of printed words (Word Reading standard
score = 84) than on tasks that required her to read sentences and paragraphs and answer
questions about what was read (Reading Comprehension standard score = 74).  A
strength in decoding words and reading words in isolation relative to comprehending
words in text may indicate that     is not actively reading for meaning.  She may not
be utilizing context clues to facilitate her understanding of text.  Given the disparity in

Howe, Ashley    6

subtest performance, the Reading Composite standard score (80) may not be the most accurate manner in which to summarize her reading skills.

Mathematics. In overall mathematics skills ███ performed in the Extremely Low range, as indicated by her Mathematics Composite standard score (45). Her skills in this area exceed that of only approximately <0.1% of students her age. ███ performance on tasks that required her to add, subtract, multiple, and divide one- to three-digit numbers (Numerical Operations standard score = 49) is comparable to her performance on tasks that requires her to understand number, consumer math concepts, geometric measurement, basic graphs, and solve one-step word problems (Math Reasoning standard score = 58).

Oral Language. ███ performed in the Low Average range on tasks that required her to identify the picture that best represents an orally presented descriptor or generate a word that matches the picture as indicated by her Listening Comprehension standard score (88). Her skills in this area exceed that of only approximately 21% of students her age.

Written Language. In overall written language skills, ███ performed in the Borderline range, as indicated by her Written Language Composite standard score (77). Her achievement in this area is better than of only approximately 6% of students her age. ███ performance on tasks that required her to generate words within a category, generate sentences to describe visual cues, combine sentences, and compose an organized, persuasive essay on a named topic (Written Expression standard score = 77) is comparable to her performance on tasks that required her to correctly spell verbally presented words (Spelling standard score = 80).

**Ability-Achievement Discrepancy Analysis Predicted Method:** ███ scores on the WIAT-II were compared to the levels of achievement predicted for a student with her general cognitive ability, as indicated by her Perceptual Reasoning score of 90 on the WISC-IV administered 10/27/2005. Significant differences between actual and predicted achievement scores are reported in this section.

███ displays difficulty with achievement in reading. She scored much lower on the Reading Composite (actual score = 80) than expected for a teenager with her general cognitive ability (predicted score = 94). The difference between her actual and predicted scores is significant. Thus, this is an area in which ███ may benefit from assistance in helping her further develop her skills. Reading Comprehension is a particular area of difficulty for Ashley. Specifically, there is a noteworthy difference between her Reading Comprehension subtest score (74) and the level of achievement anticipated for a student with her cognitive ability (predicted score = 94). This significant and highly unusual difference indicates a specific weakness on tasks that required her to read sentences and paragraphs and answer questions about what was read.

rom:
To:2024425556    P.16/35
202-610-0120    p. 8

Howe, Ashley    7

████ displays difficulty with achievement in mathematics. She scored much lower on Mathematics Composite (actual score = 45) than expected for a teenager with her general cognitive ability (predicted score = 93). The difference between her actual and predicted scores is significant and highly unusual. Thus, this is an area in which ████ benefit from assistance in helping her further develop her skills. Both Numerical Operations (actual standard score = 49) and Math Reasoning (actual standard score = 58) are areas of difficulty for ████. The difference between ████ actual and predicted scores on the Numerical Operations subtest (45 points) is both significant and highly unusual, and indicates a specific weakness in tasks that required her to add, subtract, multiple, and divide one- to three-digit numbers. For the Math Reasoning subtests, the discrepancy between her actual and predicted scores (35 points) is also significant, suggesting a specific weakness in tasks that required ████ to understand number, consumer math concepts, geometric measurement, basic graphs, and solve one-step word problems.

████ displays difficulty with achievement in written language skills. She scored much lower on the Written Language Composite (actual score = 77) than expected for a teenager with her general cognitive ability (predicted score = 94). The difference between her actual and predicted scores is significant and highly unusual. Thus, this is an area in which ████ may benefit from assistance in helping her further develop her skills. Both Written Expression (actual standard score = 77) and Spelling (actual standard score = 80) are areas of difficulty for ████. The difference between ████ actual and predicted scores on the Written Expression subtest (17 points) is both significant and highly unusual, and indicates a specific weakness in tasks that required her to generate words within a category, generate sentences to describe visual cues, combine sentences, and compose an organized, persuasive essay on a named topic. For the Spelling subtests, the discrepancy between her actual and predicted scores (14 points) is also significant, suggesting a specific weakness in tasks that required ████ to correctly spell verbally presented words.

## Visual-Motor Assessment:

Beery-Buktenica Development Test of Visual-Motor Integration (VMI). The VMI is a brief test used to examine visual-motor integration, the coordination of visual and motor functioning, and to reflect developmental age differences in that arena. The examinee's task is to copy geometric forms arranged in increasing order of difficulty. Ashley obtained a standard score of 86 (18th percentile) placing her functioning in the low average range compared to her peers. Ashley was able to successfully replicate drawings equivalent to peers age 9 years and 6 months. Her designs suggested difficulty with integration and impulsivity.

## Behavior Assessment:

Conners' Rating Scales – Revised: Short Version (CRS-RS). The Conners' Rating Scale is used for assessment of Attention-Deficit/Hyperactivity Disorder (ADHD) and related problem behaviors in children and adolescents, such as conduct problems, cognitive problems, anxiety problems, and social problems in children from ages 3 to 17.

MAY-05-2006 10:04 From:

Mar 07 06 05:26p

To:2024425556                    P.17/36

202-G10-0120                     p.9

Howe, Ashley     8

Ashley's classroom teacher, Ms. Haisley-Grieser, completed the CRS-RS. The scores from the assessment are presented below. A score above 65 indicates a significant problem.

| SCALE | CRS-R |
|-------|-------|
| Oppositional | 72* |
| Cognitive Problems | 74* |
| Hyperactivity | >90* |
| Conners' ADHD Index | >90* |

* = T > 65

Based on teacher data, ████ appears to exhibit severe symptoms often associated with ADHD, such as inattention and hyperactivity. For example, items related to distractibility, restlessness, squirminess, and impulsivity were endorsed. Further, oppositional behavior and problems with thinking were also reported.

**Summary and Recommendations:** A████ H████ is a 13-year-old African-American female who was referred for a psychoeducational evaluation of current cognitive and academic functioning. The referral was made after observing a lack of academic progress and response to changes in classrooms. The student never has received special education services. ████ cooperated fully with the evaluation process; thus, the results are considered a valid assessment of her current functioning.

████ completed the cognitive and academic assessment. Her overall cognitive ability, as evaluated by the WISC-IV, cannot easily be summarized because her nonverbal reasoning abilities are much better developed than her verbal reasoning abilities. ████ reasoning abilities on verbal tasks are generally in the Borderline range (VCI = 71), while her nonverbal reasoning abilities are significantly higher and in the Average range (PRI = 90).

Evaluation data revealed the presence of multiple learning disorders. All of ████ broad academic skills are significantly below her measured potential. Her reading and writing skills are in the borderline to low average range. Math skills are in the extremely low range. ████ demonstrated relatively weak skills in Math Reasoning, Numerical Operations, Reading Comprehension, Spelling, and Written Expression on the WIAT-II.

████ exhibits multiple behaviors often characteristic of Attention-Deficit/Hyperactivity Disorder and Oppositional Defiant Disorder. However, the observed behaviors could be a consequence of severe learning difficulties rather than a disruptive behavior disorder. Thus, intensive special education services are needed to improve academic functioning. It is expected that behavior problems will be curtailed once services are in place. To ████ benefit, she enjoys reading materials of self-interest and has positive relationships with peers.

MAY-05-2005 10:34 From:                          To:2024425556          P.18/35
Mar 07 05 05:27p                                 202-610-0120          p.10

Howe, Ashley      9

Based on the current evaluation, the following recommendations are suggested:

1.  ██████ exhibits behaviors and characteristics consistent with the disability of Learning Disabled. Thus, a school based team should meet to determine her eligibility, placement, and level of services.

2.  ██████ will require intensive specialized instruction in a setting with small student to staff ratio. Areas of focus will include all academic areas, primarily math and written language.

3.  ██████ would benefit from individual psychological counseling services to address low self concept regarding academic weaknesses. Further, we will need to learn distress tolerance skills to manage responses to academic frustration.


David Cranford, Ph.D.
DC Licensed Clinical Psychologist

41

MAY-25 2005 10:34 From:                                    To:2024425556          P.19/35

Mar  06 04:54p                                202-610-0120           P.

**A H-4**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.
INDIVIDUALIZED EDUCATIONAL PROGRAM

| | DCPS - IEP |
|---|---|
| | Additional Comments: ☐ |

## I. IDENTIFICATION INFORMATION

| | | |
|---|---|---|
| Student Name: Last | First | MI |
| Student ID: | Soc. Sec. No.: | Age: | Grade 7 |
| Gender ☐ M ☒ F | Date of Birth | Ethnic Group African American |

Address _____ Street Name WASH DC City DC State Apartment #

☐ Non-attending

Attending School OPCS       Home School

☐ Elem. ☒ Mid/JHS ☐ SHS ☐ CWS /

Parent  Ms. Howo + Mr. Bush

Address of (if different from student)  ☒ Parent ☐ Guardian ☐ Surrogate

House No.  Street Name  Quad.  Apt. No.  City  State  Zip Code

Telephone: Home _____  Work _____

### II. CURRENT INFORMATION

Date of IEP Meeting:  1-26-2006

Date of Last IEP Meeting:  n/a

Date of Most Recent Eligibility Decision:  1-26-2006

Purpose of IEP Conference:
☒ Initial IEP        ☐ Review of IEP
☐ Requested Eval.   ☐ 3yr ReEval.

Indicate Level of Standardized Assessment: III

**ADDENDA TO BE ATTACHED AS NEEDED**
Check the appropriate box(es)

| BEHAVIOR | TRANSPORTATION |
|---|---|
| ESY | TRANSITION |

## III. LANGUAGE

| III. LANGUAGE | Language | Language Used for Evaluation | Language Used in Conference | Communication Requirements | To be completed by Office of Bilingual Education English and Math Proficiency Assessment |
|---|---|---|---|---|---|
| Student | English | English | English | Native Lang | Oral |
| Parent | English | English | English | Native Lang | Rdg./Written  N/A |
| Home | English | English | English | Native Lang | Instrument |
| | | | | | Date: |

## IV. SPECIAL EDUCATION AND RELATED SERVICES SUMMARY

| SERVICES | SETTING GenEd SpEd Total | | | FREQUENCY Hr./Min   D/W/M. | | PROVIDER (by discipline) | BEGINNING DATE mm/dd/yyyy | DURATION # wks./mos |
|---|---|---|---|---|---|---|---|---|
| Specialized Instruction | 15 | X | X | H | W | Special Educator | 1-26-2006 | 10 M |
| Psyc Counseling | .5 | .5 | H | W | | Social Worker / Mental Health | 1-26-2006 | 10 M |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| TOTAL | | X | X | Hours Per Week | | | | |

## V. Disability(ies)

Learning Disability

☐ (Check if setting in general Ed.)

Percent of time in Specialized Instruction and Related Services
☐ 0-20%   ☐ 21-60%   ☒ 61-100%

Percent of time NOT in a Regular Education Setting  75 %

## VI. IEP TEAM (Participants in the development of the IEP)

Print and sign your name below.

*Faris Ador*
*Gregory L Bush*
*R.K. Lonard*
*David Crawford (PM)*

*(signatures)*

☐ I AGREE with the contents of this IEP. I have had an opportunity to be involved in the development of this IEP. I have received a copy of this IEP and consent to the implementation of the services in the IEP. I have received a copy of the procedural safeguards and parent rights pertaining to special education.
Parent/Guardian Signature _____  Date  26/an 2006

District of Columbia Public Schools   07-02-2001   Division of Special Education   Appendix - A   IEP Page 1 of 4

*202-547-1028 Ext. 225  MR. ADON*

MAY-05-2006 12:34 From:                    To:2024425555                    P.20/36
Mar 07 06 04:54p                         202-610 0120                        p.9

| Student Name  H___ A___ | Managing School  OPCS | DCPS - IEP |
|---|---|---|
| Student ID Number:                    DOB | Attending School  OPCS | Page 2 of 4 |

## VII. Present Educational Performance Levels in Areas Affected by the Disability

Additional Comments: ☐

| | Score(s) When Available |
|---|---|

**Academic Areas: (Evaluator)** Special Education Teacher

Math Strengths:
Able to add and subtract single double digit numbers

Impact of disability on educational performance in general education curriculum:
Disability impacts ability to perform grade level task

Reading Strengths:
Able to decode words on the 5th grade level

Impact of disability on educational performance in general education curriculum:
Disability impacts ability to perform grade level task

Score(s) When Available
Math Cal  1.8
Math Rea  2.8
See goal page:
Date:  11-14-2005
Rdg. Com  3.8
Rdg. Basic  5.0
Written Ex  3.1
See goal page:
Date:  11-14-2005

**Communication (Speech & Language) (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) When Available
Exp Lang
Rec. Lang
Artic
Voice
Fluency
Exp. Voc.
Rec. Voc.
See goal page:
Date:

**Motor/Health (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) /Results
When Available

See goal page:
Date:

**Social Emotional Behavioral Areas: (Evaluator)** Psychologist
Strengths:
Personable, communicative, relates well with adults

Impact of disability on educational performance in general education curriculum:
Student exhibits behaviors that require specialized instruction outside a general ed. setting

Score(s) When Available

See goal page:
Date:

**Cognitive/Adaptive Behavior: (Evaluator)** PSYCHOLOGIST
Strengths:
Non-verbal abilities

Impact of disability on educational performance in general education curriculum:
Student exhibits learn problems that require specialized instruction out of a general education setting

Score(s) When Available
VCI    71   SS
PRI    90   SS
FSIQ   79   SS
See goal page:
Date:  11-24-05

**Prevocational Skills: (Evaluator)**
Strengths:

Impact of disability on educational performance in general education curriculum:

Score(s) When Available

See goal page:
Date:

43

MAY-05-2006 10:34 From:    To:2024425556    P.21/36

Mar 07 06 04:55p    202-610-0120    p.10

| Student Name    I[___], A[___] | | Managing School  Options PCS | DCPS - IEP |
|---|---|---|---|
| Student ID Number  9[___]  DOB 8-15-92 | | Attending School | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: |
|---|---|---|
| | Area addressed by goal    Social/Emotional | |

**ANNUAL GOAL:** (including mastery criteria )

[___] will improve her self-concept as demonstrated by the mastery of the following objectives 80% of the time.

Provider(s):   Social Worker/Psychologist/Mental Health Provider

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| 1)  Ashley will be able to identify  positive traits in self & others 3 out of  5  presented trials. | | Quarterly |
| 2)  Ashley will be able to express feelings to her therapist during weekly sessions 3 out of 5 presented trials. | | Quarterly |
| 3)  Ashley will be able to list personal strengths and weaknesses to therapist 3 out of 5 presented trials. | | Quarterly |
| | | |
| | | |
| | | |

| EVALUATION PROCEDURE(S) | | | | | | |
|---|---|---|---|---|---|---|
| Portfolio | Log  X  Chart | Test | Documented Observation  X | Report  X | Other |

District of Columbia Public Schools    07-02-2001    Division of Special Education    Appendix - A    IEP Page 3 of 4

MAY-  :       om:                          To:2024255555          P.22/36
Mar                 F                        202-610-0120           p.11

| | Managing School OPCS | | DCPS-IEP |
| | Attending School OPCS | | Page 3 of 4 |
| DOB | | | |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: |

**Area addressed by goal:** Academic

ANNUAL GOAL (including mastery criteria.)

Student will show improvement in Mathematics by accomplishing the following short term objectives with 80% accuracy.

Provider(s): Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| - will add two digits numbers with regrouping | | quarterly |
| - will subtract two and three digit numbers with regrouping | | quarterly |
| - will multiply two digit numbers without regrouping | | quarterly |
| - will solve two step word problems that include addition, subtraction and multiplication | | quarterly |
| | | |
| | | |

EVALUATION PROCEDURE(S)

☐ Portfolio  ☐ Log  ☐ Chart  ☒ Test  ☐ Documented Observation  ☐ Report  ☒ Other  Teacher Test

District of Columbia Public Schools      07-02-2001      Division of Special Education      Appendix - A      IEP Page 3 of 4

To:2024425556                    P.23/36
MAY-05-2006 10:34 From:
Mar 07 06 04:55p                    202-610-0120              p.12

| Student Name | H. A. | | Managing School OPCS | | DCPS - IEP |
| Student ID Number | | DOB | Attending School OPCS | | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: ☐ | Goal Number: ☐ |
| --- | --- | --- |

**Area addressed by goal:** Academic

**ANNUAL GOAL:** (including mastery criteria.)

Student will show improvement in Reading by accomplishing the following short term objectives with 80% accuracy

**Provider(s):** Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
| --- | --- | --- |
| - will create a graphic organizer to organize ideas before and after reading | | quarterly |
| - will read a given list of words on grade level | | quarterly |
| - will read a 5th grade word list and be able to use words in sentences | | quarterly |
| - given a passage student will be able to identify main characters, plot, theme, and setting | | quarterly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☒ Portfolio  ☐ Log  ☐ Chart  ☒ Test  ☐ Documented Observation  ☐ Report  ☒ Other Teacher Test

46

| Student Name H____ A____ | | Managing School OPCS | DCPS - IEP |
|---|---|---|---|
| Student ID Number | DOB | Attending School OPCS | Page 3 of 4 |

| VIII. SPECIALIZED SERVICES | Additional Comments: | Goal Number: |
|---|---|---|

**Area addressed by goal:** Academic

**ANNUAL GOAL:** (including mastery criteria.)

Student will show improvement in written expression by accomplishing the following short term objectives with 80% accuracy.

**Provider(s):** Special Education Teacher

Consider audience, behavior, condition, degree and evaluation.

| SHORT-TERM OBJECTIVES (include mastery criteria or benchmarks) | Date Mastered | Evaluation Schedule |
|---|---|---|
| - will create a graphic organizer to organize ideas before and after writing | | quarterly |
| - will utilize prewriting skills before writing assignments | | quarterly |
| - will write sentences given a word bank with no more than twenty words | | quarterly |
| - will write a paragraph with no more than three gramatical errors | | quarterly |
| | | |
| | | |

**EVALUATION PROCEDURE(S)**

☒ Portfolio  ☐ Log  ☐ Chart  ☒ Test  ☐ Documented Observation  ☐ Report  ☒ Other Teacher Test

District of Columbia Public Schools        07-02-2001        Division of Special Education        Appendix - A        IEP Page 3 of 4

47

MAY-05-2006 10:35 From:                          To:2024425556                P.25/35
Mar 07 06 04:56p                                 202-610-0120                 p.14

| Student Name  H_____ A_____ | Managing School  OPCS | DCPS - IEP |
|---|---|---|
| Student ID Number          DOB | Attending School  OPCS | Page 4 of 4 |

**Additional Comments:** ☐

**IX. LEAST RESTRICTIVE ENVIRONMENT (LRE) DETERMINATION**
**SERVICE ALTERNATIVES**

Can curricular modification, accommodation and/or supplemental aids and services be used for a LRE setting in regular education? ☐ Yes ☑ No

Explanation for removal out of regular education classroom:

Student requires serious academic interventions that can not be met in the general education classroom. Student requires a self-contained classroom to meet her academic needs.

**X. Supplementary Aids and Services**

| Classroom Needs (Do not name products or companies.) | SETTING GenEd | SpEd | Total | FREQUENCY Hr/Min    D/W/M. | PROVIDER (by discipline) | BEGINNING DATE (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Check and list modifications and/or accommodations  for **testing**:  ☐  None needed

| | |
|---|---|
| Timing/Scheduling: | Extended Time, Best time of day for student |
| Setting: | Small group setting, frequent breaks as needed |
| Presentation: | Repeated directions |
| Response: | Extra Response time |
| Equipment: | |

**XI. STATE AND DISTRICT ASSESSMENTS:**

☐ **Level I**  Tested with non-disabled peers under standard conditions without accommodations.

☑ **Level III**  (Describe non-uniform conditions for level III) Tested under non-standard conditions with permissible accommodations.

☐ **Level V** Portfolio:

☐ **Level II**  (Describe accommodations for level II) Tested under standard conditions with special accommodations.

☐ **Level IV**  (Describe the alternative assessment)

**XII. Areas Requiring Specialized Instruction and Related Services:**

☑ Reading
☑ Mathematics
☑ Written Expression
☐ Other
☐ None

☐ Physical/Sensory
☐ Social Emotional
☑ Physical Development

☐ Transition
☐ Vocational
☐ Independent Living
☐ Speech/Language

**Modifications:**
☐ Language Arts/English
☐ Social Sciences
☐ Biological & Physical Sciences
☐ Fine Arts

Apply annual goal(s), objectives and/or modifications to address barriers in each area checked above.

**XIII. PLACEMENT CONSIDERATIONS AND JUSTIFICATION**

| DESCRIBE CONSIDERATIONS | ACCEPT/REJECT REASONS | POTENTIAL HARMFUL EFFECTS |
|---|---|---|
| General Education Setting | Reject - will not meet need | school failure |
| General / Special Education Setting | Reject - will not meet need | school failure |
| Out of General Education | Accept - will meet need | self esteem |
| | | |
| | | |

Modifications(s)/Accommodation(s) to address the harmful effects:

Clinical Counseling

Location for Services  OPCS

MAY-05-2006 10:25 From:                To:2024425556           P.26/36
Mar 07 06 04:57p                        202-610-0120            p.15



DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INITIAL PLACEMENT

Student _____ DOB _____ Age _____ Meeting Date 1/12/05

Address _____ Telephone (W) _____ (H) _____

Dear Parent:

You have been provided a copy of the "Procedural Safeguards – Parents Rights" booklet.  We
would like to remind you at this time that:

- granting consent is a voluntary action on your part;
- this consent may be revoked at any time although the school district is required to take all
  necessary action to provide appropriate service(s) and may be required t initiate due
  process procedures to obtain consent; and
- by granting consent in writing, you are agreeing to the process indicated below.

✓ Initial Placement

After development of an IEP, the MDT, with the parent, determined that your child will receive
special education and related services at _____ school, for:

___ 0% - 20%,        ___ 21% - 60%,  or        X 61% - 100%.

Parent Response Section:

I give permission for District of Columbia Public Schools to proceed with the initial placement
for my child.

X _Gregory Bush_____ X 26 Jan 2006
Parent/Guardian Signature                Date

MAY-05-2006 10:35 From:

Mar 07 06 04:57p

To:2024425556    P.27/36

202-610-0120    p.16

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

INDIVIDUALIZED EDUCATION PROGRAM
**(IEP)**
MEETING NOTES

STUDENT █████████    SCHOOL _DCCS_    DATE: _1-26-06_

PARTICIPANTS:

| PARTICIPANTS: | PARTICIPANTS (Sign Name) | DISCIPLINE |
|---|---|---|
| PMB Alon | | Assistant Prin / Spec Ed Sch |
| DAVID CRAWFORD, (PM) | | (LEA) Clin Psychologist |
| Rleonard | | Spec Ed Teacher |
| GL BUSH | | Father |

The multidisciplinary team (MDT) determined that the student is eligible for special education services as a student with _LEARNING DISABILITY_.

Based on the disability and evaluation data, the student will require _24_ hours of specialized instruction. The student will also require _12_ hours of psychosocial counseling to address social and emotional needs.
_Specialized instruction will be provided for MATH, READING, AND WRITTEN EXPRESSION._

The services will be provided in the following setting: _OUT OF GENERAL EDUCATION_

The MDT determined the student's level of standardized assessment to be: _III_

The student will require the following accommodations and modifications in the classroom:
_Extended time; small group, repeated directions as needed_
Placement:
_OUT OF GEN ED. OPTIONS PUBLIC CHARTER School._

50

MAY-25-2006 10:37 From:
04/26/2006 14:50 FAX  2026101300
To:2024425556
P.36/36
051/051

ATT570R v4.0.15

**Attendance Summary**
29 AUG 2005 to 30 MAR 2006

Option: PCS

Page: 2 of 2

Run Date: 30 Mar 2006 08:53 AM

Options Public Charter School

| Pupil No | | Birth Date | |
|---|---|---|---|
| 9042800 | 07 | | Blk |

Henry ~~Anna~~
(202) ~~...~~

| | Date | | Status | | | | Status |
|---|---|---|---|---|---|---|---|
| 169 | 16 DEC 2005 | A | EXCUSED ABSENCE | | A | EXCUSED ABSENCE |
| 169 | 19 DEC 2005 | A | EXCUSED ABSENCE | | A | EXCUSED ABSENCE |
| 169 | 20 DEC 2005 | A | EXCUSED ABSENCE | | A | EXCUSED ABSENCE |
| 169 | 21 DEC 2005 | A | EXCUSED ABSENCE | | A | EXCUSED ABSENCE |
| 169 | 22 DEC 2005 | A | EXCUSED ABSENCE | | A | EXCUSED ABSENCE |
| 169 | 23 DEC 2005 | A | EXCUSED ABSENCE | | | |
| 169 | 09 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 10 JAN 2006 | L | Unexcused Tardy | | A | EXCUSED ABSENCE |
| 169 | 11 JAN 2006 | A | EXCUSED ABSENCE | | | |
| 169 | 12 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 13 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 17 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 18 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 20 JAN 2006 | L | Unexcused Tardy | | A | EXCUSED ABSENCE |
| 169 | 23 JAN 2006 | A | EXCUSED ABSENCE | | | |
| 169 | 24 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 26 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 27 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 30 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 31 JAN 2006 | L | Unexcused Tardy | | | |
| 169 | 01 FEB 2006 | L | Excused Tardy | | | |
| 169 | 02 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 06 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 07 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 08 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 09 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 15 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 17 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 22 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 23 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 24 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 27 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 28 FEB 2006 | L | Unexcused Tardy | | | |
| 169 | 01 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 02 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 03 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 06 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 07 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 08 MAR 2006 | L | Unexcused Tardy | | A | EXCUSED ABSENCE |
| 169 | 09 MAR 2006 | A | EXCUSED ABSENCE | | A | EXCUSED ABSENCE |
| 169 | 10 MAR 2006 | A | EXCUSED ABSENCE | | | |
| 169 | 13 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 14 MAR 2006 | L | Unexcused Tardy | | | |
| 169 | 15 MAR 2006 | L | Excused Tardy | | | |
| 169 | 16 MAR 2006 | L | Unexcused Tardy | | A | EXCUSED ABSENCE |
| 169 | 17 MAR 2006 | A | EXCUSED ABSENCE | | | |
| 169 | 21 MAR 2006 | L | Unexcused Tardy | | A | Suspension |
| 169 | 22 MAR 2006 | A | Suspension | | A | Suspension |
| 169 | 27 MAR 2006 | A | Suspension | | A | Suspension |
| 169 | 28 MAR 2006 | A | Suspension | | | |
| 169 | | | | | | |

Total Absences = 28        Total Lates = 70

51

MAY-05-2006 10:31 From:                                      To:2024425556                P.1/36

**Law Offices of**
## ANNA FORBES TOWNS & ASSOCIATES

**FAX COVER SHEET**

*313 Hammonton Place*
*Silver Spring, MD 20904*
*Telephone: (301) 680-9175*
*Fax: (202) 318-4755*
*Email: law@annatowns.com*

| TO: | DCPS Student Hearing Office | FAX: | (202) 442-5556 |
|---|---|---|---|
| FROM: | Anna Forbes Towns, Esq. | DATE: | May 4, 2006 |
| RE: | 5-Day Disclosure Document<br>Student: A████ H████<br>School: Options PCS | PAGES: | 36, incl. cover sheet |

**Due Process Hearing Date:   Friday, 5/12/06 at 9:00 am.**

**Offices of**                              *313 Hammonton Place*

**\* If you have any problems receiving this fax transmission, please call (301) 680-9166.**

**DISTRICT OF COLUMBIA
PUBLIC SCHOOLS**
*Office of the Superintendent*
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000  Fax # 202-442-5098
*www.k12.dc.us*

May 5, 2006

Anna Forbes Towns, Esquire
Attorney at Law
315 Hammonton Place
Silver Spring, Maryland  20904

**By Facsimile: 202-318-4755**
**Number of Pages: 10**
*(Including disclosure notice)*



## *Disclosure Notice*

Dear Ms. Towns:

At the upcoming due process hearing in the above-referenced matter, that is scheduled for **Friday, May 12th at 9:00 a.m.** and pursuant to **34 C.F.R. 300.09(a)(3).**   In addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents:

## Witnesses

Dr. Ray Bryant*, or his designee(s), Assistant Superintendent for Reform, Sp. Ed. Div.
Carol Helton*, or her designee(s), Assistant Director, School Support , Sp. Ed. Div.
Linda Smalls*, or her designee(s), Compliance Specialist, Sp. Ed. Div.
Donna D. Montgomery*, or her designee(s), Principal, Options Public Charter School
Davis Cranford, or his designee(s), Special Education Coordinator, Options PCS
Special Education Teacher, Options PCS
School Psychologist, Sp. Ed. Div.
Clinical Psychologist, Sp. Ed. Div.
Social Worker, Sp. Ed. Div.
Speech Language Pathologist, Sp. Ed. Div.
Occupational Therapist, Sp. Ed. Div.

*Witnesses may be testifying via telephone

Page 2
Disclosure Notice:  A███████H██████ .DOB: ████████

## Document(s)

**DCPS-01**—Motion to "Dismiss, dated 05/03/06
**DCPS-02**—Response to Due Process Complaint, dated 03/20/06

DCPS reserves the right to rely on any documents/witnesses presented by the parent if it deems relevant in this case.

If you wish to discuss any aspect of this case further, or have questions, please contact me at 202/442-5172.

Sincerely,

Karen J. Herbert
Attorney Advisor

cc:    Student Hearing Office

# District of Columbia Public Schools
## STATE EDUCATION AGENCY

### Confidential

| | |
|---|---|
| A████H██████Student ) | |
| ) | |
| Date of Birth:████████████ ) | **Hearing Date: 12 May 2006** |
| ) | |
| Petitioner, ) | **Request for Hearing: 13 March 2006** |
| ) | |
| v. ) | |
| ) | |
| OPTIONS P.C.S. ) | |
| & ) | |
| District of Columbia Public Schools ) | |
| ) | |
| Respondents ) | |
| ) | |

### MOTION TO DISMISS

Comes now the **Options Public Charter School** (Options), by and through counsel, and joined by the **District of Columbia Public Schools** (DCPS) and request the Hearing Officer dismiss the 13 March 2006 Due Process Hearing Request.

### Background

Options convened a multi-discipline team meeting on 18 October 2005 to discuss the need for testing Ashley for special education services. The team concluded Ashley needed a psycho-educational testing. The meeting notes reflect mother attended the meeting but there is nothing in the notes that indicate anyone suspecting Ashley of any emotional concerns. The mother signed the consent form at the conclusion of the meeting and agreed with recommendation of the team.

The clinical psychologist did perform some clinical assessments in his evaluation and found there were no foundations for further testing. Therefore, not only were there no suspected disabilities mentioned at the MDT meeting, Dr. Cranford found no basis for suspecting any emotional disturbance in his testing.

On 26 January 2006, Options convened a meeting to discuss the evaluations and determine eligibility. The MDT determined ██████was eligible as a student with learning disabilities. The team then went on to discuss the individualized education program and the team determined that based on the data,██████ needed 24 hours of specialized services. Options then offered to placed ███████in their out of general education program.

DCPS – 01

MOTI___ ___ISMISS – CONTINUED                                                                 2

_____ ___ agreed with this decision and the father signed the IEP consenting to the IEP.
The ___ ___onsisted of both parents, teachers, LEA representative and the clinical
psyc___._ist who evaluated the child.  The MDT meeting lasted for nearly 6.5 hours and
the___ ___ ___achers were not present for the entire period but the parents implicitly consented
to the ___ ___coming and going as the school schedule required.

_____ ___e father left, the mother objected to the out of general education placement and
the ___ ___ services and convinced the team to reduce the hours to 15 hours.  Options has
been ___._._._iting the IEP the mother agreed to, the IEP with 15.5 hours of services since it was
the ___._ ___ upon IEP.

Admittedly, since the father signed the IEP, Options should have included him in the
discussio___ ___ ___ucing the hours from 24.5 hours to 15.5 hours.  However, the mother raised no
objection___ ___ the proceedings until the father left.  Since the child lives with the mother, Options
viewed her opinion as important and therefore with several of the members still present, Options
agreed to reduce the number of hours.

The mother, the petitioner then filed the instant suit, alleging among other things,

1.    Whether this student was denied FAPE due to the failure of DCPS and /or
      Options PCS to evaluate the student in all areas of suspected disability prior to
      making a determination of the appropriate disability code and special education
      eligibility.
2.    Whether this student was denied FAPE due to the failure of DCPS and/or Options
      PCS to provide her with an educational program consistent with her current IEP.
3.    Whether this student was denied FAPE due to the failure of DCPS and/or Options
      PCS to convene a legally constituted IEP team meeting to make the eligibility
      determination, determine the appropriate disability code and to develop an
      appropriate IEP and educational program for the student.
4.    Whether this student was denied FAPE due to Options PCS changing the number
      of service hours on the IEP without the participation of the parent or IEP Team
5.    Whether this student is entitled to an award of compensatory education due to lost
      services based upon violations regarding the student's IEP, services and/or
      placement.

On 27 March 2006, Options convened a resolution meeting.  Once again both parents
attended the meeting.  Neither parent could agree to anything, the meeting notes clearly indicate
the disagreement with the mother, and her advocate on one side and the father and ▬▬▬on the
other.  (Attachment A) Due to this Options could not offer to resolve the matter.

Options is in a quandary, if they accede to one parent, the other parent may sue.  In this
case though, the parent who Options listened to is the one that sue Options.

MOTION TO DISMISS – CONTINUED                                                      3

### Argument

Under IDEIA, both parents have rights and privileges. It is inequitable to allow the mother, who requested the changes to IEP, got the requested changes, now to bring suit. It was not the mother who was aggrieved by Options decision to lower the number of hours as requested by the mother after the father signed the IEP, but the father.

Meanwhile, Options is tying to accommodate all parties. The student has not lost services. The child has an appropriate IEP and Options is implementing it when the child is available. The student is often truant and the school has issued a truancy notice.

For all the foregoing reasons, Options requests the Hearing Officer dismiss all the allegations. Attorney Advisor for DCPS, Ms. Karen Herbert joins in the request to dismiss all the allegations.

Respectfully submitted

William E. Houston
Counsel for Options PCS

---

### CERTIFICATE OF SERVICE

I, William Houston, certify that I transmitted a copy of the foregoing Motion to Dismiss by facsimile on 3 May 2006 to Ms. Anna Forbes Towns and Ms. Karen Herbert.

Respectfully,

William E. Houston

57

*Mar. 3, 2006 9:14AM  Dalton, Dalton & Houston    No.1794  P. 6/6*

*A   RESOLUTION  MEETING*

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

| | | MDT |

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MDT REFERRAL DATE: _____    MEETING DATE: 3/27/06

STUDENT: ██████████    SCHOOL: OPCS

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Paris Adon | (signature) | LEA Rep |
| Andre Samuels | Samuels | Reg. Ed. Rep |
| Reginald Leonard | (signature) | Spec. Ed. Teacher |
| David Cranford, PhD | (signature) PhD | life psychologist |
| Letanya Higginbotham | Letanya Higginbotham | Advocate |
| Gregory L Bush | Gregory Bush | Parent |
| William Houston | (signature) | Counsel — left the meeting |
| Nancy Howe | (signature) | Student — left the meeting |
| Camille Howe | | Mother |

Introductions were made the father declined to receive a copy of the procedural safeguards the mother has accepted a copy and understands her rights as signed by the Receipt dated 3/27/06. The parent states that she does not want Options Attorney Counsel at meeting. Mr Houston has left the meeting due to the parent not having legal representa. The parent has concern that ████ is not receiving the services she is supposed to be receiving. OPCS has to ~~be~~ enrolled ████ in after school however she has poor attendance. OPCS will agree to complete an OT evaluation. There was a regular education at the original IEP meeting ~~the team has~~ OPCS has shown that it did have a regular ed

THE PARENT ☒ IS PRESENT ☐ IS NOT PRESENT AT THE MEETING  ████████

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT ████████

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

58

**ATTACHMENT A**

staff ~~[redacted]~~ at the FBI, ~~[redacted]~~ advocate is not in agreement with a full-time self-contained setting until a full comp. evaluations are done. The ~~[redacted]~~ school stance is ~~that~~ ▓▓▓ has to be placed in a self contained ~~classroom~~. The mother and the advocate are in disagreement ~~with~~ the school placing ▓▓▓ in a self contained classroom because they believe ~~that~~ ▓▓▓ needs more testing. — Furthermore ~~the~~ OPCS has shown that it changed the hours on the IEP due to the parent, Ms. Howe, not wanting ▓▓▓ to ~~comp. let~~ be in a full time setting. ~~The school stance is strong or that Ashley need~~ The parents are not in agreeance with IEP hours. At this time the ~~FBI~~ advocate is not in agreeance with what ▓▓▓ states[a] that she will go to class and we can put her in self contained if she fails to follow the attendance contract. OPCS will continue to follow its school rules by sending students home after ~~the~~ a student cuts 2 classes. The parents are still in disagreement with the IEP hours. The ~~other~~ states ~~that~~ she is the guardian on paper therefore the ~~school~~ will At the parents request keep ▓▓▓ on the part-time special education. The compensator services portion can not be determined at this time due to the am not agreeing on the testing that needs to be done according to the advocate, the school does not agree with the testing needing to be done due to the fact that ▓▓▓ does well in self contained. ~~OPCS IEP~~ We to the fact that ▓▓▓ does well in self contained. ~~id~~ not agree with everything with regards to conducting a speech/language evaluation, Clinical Evaluation, Social History, FBA and IEP.

A▓▓▓ H▬▬

Mar.20. 2006  2:58PM    Dalton, Dalton & Houston    No.0923  P. 2

# District of Columbia Public Schools
## STATE EDUCATION AGENCY

### Confidential

A██ H██, Student            )
                           )
Date of Birth: ████████     )        **Hearing Date:**
                           )
    Petitioner,            )        **Request for Hearing: 13 March 2006**
                           )
    v.                     )
                           )
OPTIONS P.C.S.             )
    &                      )
District of Columbia Public Schools  )
                           )
    Respondents            )
                           )

### ANSWER

Comes now the Options Public Charter School (Options), by and through counsel, and answers the allegations in the 13 March 2006 Due Process Hearing Request.

### Background

The petitioner, in her complaint alleges, *inter alia*:

1. Whether this student was denied FAPE due to the failure of DCPS and /or Options PCS to evaluate the student in all areas of suspected disability prior to making a determination of the appropriate disability code and special education eligibility.

2. Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to provide her with an educational program consistent with her current IEP.

3. Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code and to develop an appropriate IEP and educational program for the student.

4. Whether this student was denied FAPE due to Options PCS changing the number of service hours on the IEP without the participation of the parent or IEP Team

5. Whether this student is entitled to an award of compensatory education due to lost services based upon violations regarding the student's IEP, services and/or placement.

### Reply

Mar 21  2006  2:59PM    Dalton, Dalton & Houston                    No.0823   P. 3

ANSWER – CONTINUED                                                                2

The respondent, Options Public Charter Schools (Options) deny all allegations against
them.

**Whether this student was denied FAPE due to the failure of DCPS and /or Options
PCS to evaluate the student in all areas of suspected disability prior to making a**
determination of the appropriate disability code and special education eligibility.

Options convened a multi-discipline team meeting on 18 October 2005 to discuss the
need for testing████████ for special education services. The team concluded████████ needed a
psycho-educational testing. The meeting notes reflect mother attended the meeting but there is
nothing in the notes that indicate anyone suspecting████████ of any emotional concerns. The
mother signed the consent form at the conclusion of the meeting and agreed with
recommendation of the team.

The clinical psychologist did perform some clinical assessments in his evaluation and
found there were no foundations for further testing. Therefore, not only were there no suspected
disabilities mentioned at the MDT meeting, Dr. Cranford found no bases for suspecting any
emotional disturbance in his testing.

**Whether this student was denied FAPE due to the failure of DCPS and/or Options
PCS to provide her with an educational program consistent with her current IEP.**

On 26 January 2006, Options convened a meeting to discuss the evaluations and
determine eligibility. The MDT determined ████████ was eligible as a student with learning
disabilities. The team then went on to discuss the individualized education program and the team
determined that based on the data, ████████ needed 24 hours of specialized services. Options then
offered to placed ████████ in their out of general education program. The team agreed with this
decision and the father signed the IEP consenting to the IEP.

After the father left, the mother objected to the out of general education placement and
the 24 hours of services and convinced the team to reduce the hours to 15 hours. Options has
been implementing the IEP the mother agreed to, the IEP with 15.5 hours of services since it was
the last agreed upon IEP.

**Whether this student was denied FAPE due to the failure of DCPS and/or Options
PCS to convene a legally constituted IEP team meeting to make the eligibility
determination, determine the appropriate disability code and to develop an appropriate
IEP and educational program for the student.**

The IEP team consisted of the parents, teachers, LEA representative and the clinical
psychologist who evaluated the child. The MDT meeting lasted for nearly 6.5 hours and
therefore the teachers were not present for the entire period but the parents implicitly consented
to the teachers coming and going as the school schedule required.

3

...NTINUED

...her this student was denied FAPE due to Options PCS changing the number of ... on the IEP without the participation of the parent or IEP Team

...tuedly, since the father signed the IEP, Options should have included him in the ...ducing the hours from 24.5 hours to 15.5 hours. However, the mother raised no ...he proceedings until the father left. Since the child lives with the mother, Options ...nion as important and therefore with several of the members still present, Options ...ce the number of hours. The petitioner is playing a coy game here demanding ...s and then bringing suit once Options accedes to her demands. If any parent is ...this matter, it is the father not the mother.

...her this student is entitled to an award of compensatory education due to lost ...sed upon violations regarding the student's IEP, services and/or placement.

The student has not lost services. The child has an appropriate IEP and Options is ...ng it when the child is available. The student is often truant and the school has issued ...notice.

...all the foregoing reasons, Options denies all the allegations and will be asking for ... ...issal of the allegations at the hearing.

Respectfully submitted

William E. Houston
Counsel for Options PCS

## CERTIFICATE OF SERVICE

... William Houston, certify that I transmitted a copy of the foregoing Answer to the 13 ... Complaint by facsimile on 20 March 2006 to Ms. Anna Forbes Towns and DCPS ...unsel's Office

Respectfully,

William E. Houston

62

05/05/2006 15:40 FAX 202 442 5098          OFF. OF GENERAL COUNSEL                    ☎001

```
                    ******************
                    ***   TX REPORT   ***
                    ******************

    TRANSMISSION OK

    TX/RX NO              3787
    CONNECTION TEL                        93184755
    CONNECTION ID
    ST. TIME             05/05 15:37
    USAGE T              03'47
    PGS. SENT               10
    RESULT               OK
```

**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**
*Office of the Superintendent*
**Office of the General Counsel**
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000  Fax # 202-442-5098
*www.k12.dc.us*

May 5, 2006

Anna Forbes Towns, Esquire
Attorney at Law
313 Hammonton Place
Silver Spring, Maryland  20904

**By Facsimile: 202-318-4755**
**Number of Pages: 10**
*(Including disclosure notice*



**A██ H██**
**DOB: ████**

## Disclosure Notice

Dear Ms. Towns:

At the upcoming due process hearing in the above-referenced matter, that is scheduled for **Friday, May 12th at 9:00 a.m.** and pursuant to **34 C.F.R. 300.09(a)(3).**  In addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents:

## Witnesses

Dr. Ray Bryant*, or his designee(s), Assistant Superintendent for Reform, Sp. Ed. Div.
Carol Helton*, or her designee(s), Assistant Director, School Support , Sp. Ed. Div.
Linda Smalls*, or her designee(s), Compliance Specialist, Sp. Ed. Div.

Law Offices

# DALTON, DALTON, & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Paul S. Dalton*
Ellen _____ ___ D*
_____ ____ __ ___ ___A
_____ _____ __ _____
* A ____ _____ ___ C. & WVA
V ____ _____ _____ VA. & U.S. SUPREME COURT
# _____ ___ ___ A PA
◆ ADMITTED IN MD

5

## FIVE DAY DISCLOSURE NOTICE

5 May 2006

*Transmitted via facsimile*

Ms. Karen Herbert, Esquire
Office of General Counsel
825 North Capitol Street, N.E.
9th Floor
Washington, DC 20002

Ms. Anna Forbes Towns
313 Hammonton Place
Silver Spring, MD 20904

*Re:*    ***Ashley Howe***                D.O.B.: 15 August 1992

Dear Ms. Herbert and Ms. Towns:

We have scheduled a due process for ▮▮▮▮▮▮▮ on 12 May 2006 at 9:00 a.m. The purpose of this letter is to provide you with the following list of documents and witnesses on which we may rely in the hearing.

## DOCUMENTS FOR 5 DAY*

| OPCS-01 | 13MAR06 | Due Process Hearing Complaint Notice |
| OPCS-02 | 13APR06 | SHO Hearing Notice |
| OPCS-03 | 03MAY06 | Motion to Dismiss |
| OPCS-04 | 28APR06 | Notice to Appear at Due Process Hearing |
| OPCS-05 | 27MAR06 | MDT Meeting Notes |
| OPCS-06 | 20MAR06 | Answer |
| OPCS-07 | 20MAR06 | Letter of Invitation |
| OPCS-08 | 20MAR06 | MDT Meeting Notes |
| OPCS-09 | 20MAR06 | Fax Cover Sheet to Mr. Adon |
| OPCS-10 | 14MAR06 | MDT Meeting Confirmation |
| OPCS-11 | 14MAR06 | Letter from Mr. Adon to Ms. Howe |
| OPCS-12 | UNDATED | Schedule for Ashley Howe |
| OPCS-13 | 26JAN06 | Individualized Education Program |
| OPCS-14 | 12JAN06 | MDT Meeting Notes |

Five Day Disclosure, *continued*                                                    2

| | | |
|---|---|---|
| OPCS-15 | 1-DEC05 | MDT Meeting Notes |
| OPCS-16 | 14NOV05 | Psychoeducational Evaluation |
| OPCS-17 | 18OCT05 | MDT Meeting Notes |
| OPCS-18 | 18OCT05 | Consent for Evaluation – Initial or Reevaluation |
| OPCS-19 | 03OCT05 | SIT Referral Form |
| OPCS-20 | 18OCT05 | Student Progress Report |

## WITNESSES*

Mr. Paris Adon            – Assistant Principal, Options or designee
Dr. David Cranford        – Clinical Psychologist, OPCS or designee
Mr. Gregory Bush          – Father

* We reserve the right to examine any witnesses ordered by DCPS and Parent as if they were witnesses for our client and rely upon any documents offered into evidence by DCPS or the parent. Additional, we reserve the right to call witness not included in this Five Day Disclosure to rebut any claims or allegations made by the parent or DCPS and their witnesses.

We refute all the allegations made in the 13 March 2006 2006 Due Process Hearing Request and we will be seeking dismissal of all claims against the Options Public Charter School. We are also seeking attorney's fees.

Sincerely,

William E. Houston, esq

65

MAR-11-2006 13:37 From:                                    T:208 547 1872          P.2/6

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# *Due Process Complaint Notice*

- The form is used to give notice of a due process complaint to the District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "Resolution Session") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.  INFORMATION ABOUT THE STUDENT:

Name of the Student: _____     Date of Birth: _____

Address: _____ 3200 Buena Vista Terrace SE   Washington, DC 20020 _____

Home School: _____ DCPS _____

Present School of Attendance: ___ Options Public Charter School ___

    Is this a charter school? ___ Yes ___     (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: ___ Ms. Camilole Howe ___

Address (if different from the student's above): _ Same as above _

66

B.  **Legal Representative Attorney:**

Name: ___Anna Forbes Towns, Esq._____

Address: _313 Hammonton Place    Silver Spring, Maryland 20904_____

Phone:    (W)    301.680.9175    (Fax)    202.318.4755    ___    E-Mail:
law@annatowns.com_____

Will attorney / legal representative attend the resolution session?    __X_ Yes    __ No

C.  **Complaint Made Against (check all that apply):**

X  DCPS school (name of the school if different from page one) _____

X  Charter school chain or the higher school of different from page one)

 Non-public school or residential treatment facility (name) _____    _____

 Parent

D.  **Resolution Session Meeting between Parent/Representative and LEA:**

I understand that it is my right to have a resolution meeting to resolve this complaint. I also understand that I may voluntarily waive this right if I choose. (Note: All parties must agree to waive the resolution meeting to avoid having this meeting.)

**The parent, by and through Counsel, wishes to waive the Resolution Meeting to resolve this complaint.**

E.  **Mediation Process:**

IDEIA requires that any time a party requests a due process hearing, mediation should be offered at no cost to the parent. Both parties can request mediation as an alternative to the Resolution Session Meeting or as an alternative to a Due Process Hearing. Please check all that apply:

**The parent, by and through Counsel, requests to proceed directly to a Due Process Hearing.**

F.  **Facts and Reasons for the Complaint:**

In accordance with the Individuals with Disabilities Education Improvement Act (IDEIA), please complete the following questions (attach additional pages if needed):

I.  **Nature of the problem:**

█████████, 13.6 years old, is a 7th grade student presently enrolled at Options Public Charter School. ████ is a special education student with a disability code of "Learning Disability." The initial IEP for this student, dated 1/26/06, indicated that the student required 24 hours of specialized instruction and the related service of Psychological Counseling. The parent is concerned that ████ is not receiving "educational benefit" at her current placement.

MAR-11-2006 12:17 From:                                    T::303 547 1273        P.4/6

The parent requested comprehensive evaluations for ███ in ░05 and a Consent to Evaluate was signed on 10/18/05.   On 10/27, 11/3 and 11/14/05 a Psychoeducational Evaluation was conducted to assess current cognitive abilities and academic functioning. According to school notes, ███ was failing in all academic areas and was not making any progress in the current setting. According to the WISC-IV Test, ███ has the following composite scores:  VCI=71, PRI=90, WMI=71, PSI=85 and FSIQ=74.  The following recommendations were made: (1) ███ exhibits behaviors and characteristics consistent with the disability of Learning Disabled; (2) ███ will require intensive systematic instruction in a setting with a small student to staff ratio; (3) ███ would benefit from individual psychological counseling services to address low self concept regarding academic weaknesses.  Further she will need to learn distress tolerance skills to manage responses to academic frustration.

A review of the Beery-Buktenica Development Test of Visual Motor Integration (VMI) indicates that ███ at the age of 13.6 years old, is functioning as a child at the age of 9.0 years old.  ███ has a severe delay in the area of visual motor functioning.  An Occupational Therapy Assessment is needed to further assess ███ need for Occupational Therapy.

███████ ███████ ████████ that her reading comprehension measures at a grade level of 2.8, Mathematics measures at the grade level of 2.8; and written language measured at the grade level of 3.1.  With documentation of these academic levels, it is clear that ███ is unable to receive "educational benefit" in a regular classroom where she is expected to perform at the 7th grade level. This student is in need of a full time program to address her needs.

The IEP Team convened on 1/26/06 to determine ███ eligibility to receive special educational services. The following persons constituted the IEP Team: Assistant Principal, LEA/Psychologist, Special Education teacher and the student's father. *IDEA 2004 requires that a regular education teacher participate as a member of the IEP Team.*  According to the IEP Meeting notes, dated 1/26/06,  the following decisions were made regarding ███:

- The MDT determined that the student is eligible for special education services as a student with Learning Disability.

- Based on the disability and evaluation data, the student will require 24 hours of specialized instruction.  The student will require ½ hour of psychosocial counseling  to address social and emotional needs. Specialized instruction will be provided for math, reading and written expression.

- Special Education services for this student will be provided in the following setting:  Out of General Education.

- Placement: Out of General Education – Options Public Charter School.

The special education eligibility determination and the disability code for this student were based upon only one evaluation – the Psychoeducational Evaluation. *IDEA 2004 requires the following regarding the determination of special education eligibility:  " In conducting the evaluation, the LEA shall...not use one single measure or assessment as the sole criterion for determining whether a child is a child with a disability or determining an appropriate educational program for the child".*

Subsequent to the IEP meeting held on 1/26/06, the IEP for this student was altered to reduce the amount of time in special education from  24 hours to 15 hours  without the participation of the IEP Team or the parent.

This student has been denied a free appropriate public education (FAPE) due to the failure of  DCPS and/or Options Public Charter School to evaluate the student in all areas of suspected disability; failure to provide the student with an appropriate IEP; failure to provide the student with a special education program through which she could receive "educational benefit"; failure to convene an IEP meeting with the legally required members of the IEP team present; and  for making changes in the student's IEP document (reduction in the number of service hours) without the participation of the IEP team or the parent.

MAR-11-2005 15:37 From:                                     To:202 547 1872     P.5/8

II.     Issues presented:

- Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to evaluate the student in all areas of suspected disability prior to making a determination of the appropriate disability code and special education eligibility.

- Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to provide her with an educational program consistent with her current IEP.

- Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code and to develop an appropriate IEP and educational program for the student.

- Whether this student was denied FAPE due to Options PCS changing the number of service hours on the IEP without the participation of the parent or IEP Team.

- Whether this student is entitled to an award of compensatory education due to lost services based upon violations regarding the student's IEP, services and/or placement.

III. to the extent known to you at this time, how can this problem be resolved?

- DCPS and/or Options PCS shall ensure that this student has available a Free Appropriate Public Education, including special education and other related services defined by 34 CFR 300.24, designed to meet this student's unique needs and preparation for further education, employment and independent living.

- DCPS and/or Options PCS shall be ordered to conduct the following evaluations within 30 calendar days of the date of the Hearing Officer's Decision: Speech/Language Evaluation; Clinical Evaluation; Occupational Therapy Assessment; Social History; Clinical Evaluation; FBA and BIP; and Vision and Hearing Screenings.

- If DCPS and/or Options PCS fail to conduct either of the ordered evaluations within the 30 day timeframe, parent shall be authorized to seek independent evaluations at no expense to the parent.

- Options PCS shall be ordered to convene a legally constituted MDT/IEP/Placement meeting within 10 school days after receipt of the last evaluation to review each evaluation, review the student's records, amend the IEP, if necessary; and discuss placement and compensatory education.

- All meetings/conferences regarding this matter shall be scheduled through Counsel's office via fax (202.318.4755). Copies of each evaluation shall be submitted to Counsel at least 48 hours prior to the scheduled MDT/IEP meetings.

- The Hearing Officer shall find that there has been a denial of FAPE due to the failure of DCPS and/or Options PCS to provide this student with an appropriate IEP, academic program and services through which the student could receive "educational benefit" pursuant to IDEA.

- Based on the findings of fact and conclusions of law, the relief obtained by the parent/student materially alters the legal relationship of the parties by modifying DCPS' and/or Options PCS' behavior in a way that benefits the parent/student.

- DCPS shall fund reasonable attorney fees contingent upon the submission of a certified invoice to DCPS and/or Options PCS.

69

MAR-11-2006 13:57 From:                                    TO:202 547 1272         P.6/6

## G. Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation or Due Process Hearing.

- Interpreter (Please specify the type)_____
- Special Communication (please describe the type)_____
- Special Accommodations for Disability (please be specific)_____
- Other_____

## H.    Signature:

_Donna Forbes Owens, Esq._     March 13, 2006
Legal Representative / Advocate (if applicable)              Date

Mail, fax or deliver this complaint notice to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC  20002
Fax number: 202/442-5556

MAR-11-2006 13:37 From:                          To:202 547 1272        P.1/6

Law Offices of
ANNA FORBES TOWNS & ASSOCIATES

FAX COVER SHEET

313 Hannanton Place
Silver Spring, MD 20904
Telephone: (301) 680-9175
Fax: (202) 318-4755
Email: law@annatowns.com

| TO: | Options Public Charter School Principal Special Education Coordinator | FAX: | 202 547-1272 |
|------|------|------|------|
| FROM: | Anna Forbes Towns, Esq. | DATE: | March 13, 2006 |
| RE: | Request for Due Process Hearing Student: Ashley Howe DOB: 8/15/92 | PAGES: | 6, incl. cover sheet |

04/13/2006  08:55    2024425556        STUDENT HEARINGS OFF                PAGE  01/01

# District of Columbia Public Schools
*State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

MEMORANDUM VIA: [✓] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:    Parent (or Representative): *A. Tol005 /W. Hawsron*    818-4755
       (703) 739-2323

       LEA Legal Counsel: *K. HERBERT*

RE:    H████ A██████    and (LEA) DOB: ████████
       Student's Name

FROM:  SHARON NEWSOME
       Special Education Student Hearing Office Coordinator

DATE SENT: *4/13/06*

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
*3/13/06* . Please be advised that the hearing has been scheduled for:

       DATE:  *5/12/06*

       TIME:  *9:00 AM*

       AT:    825 North Capitol Street, NE, Washington, DC
              8TH Floor

       ASSIGNED HEARING OFFICER: _____

[✓] THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request in
*writing on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202-442-5556. All
decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff.
Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as
scheduled above.

[ ] THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you
are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times
during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the
SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a
final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of
evidence and witnesses to the opposing party is required at least *five business days* prior to the hearing with copies to the Special

# District of Columbia Public Schools
## STATE EDUCATION AGENCY

### Confidential

| | |
|---|---|
| A█████ H██ █ Student | ) |
| | ) |
| Date of Birth: ███████ | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| OPTIONS P.C.S. | ) |
| & | ) |
| District of Columbia Public Schools | ) |
| | ) |
| Respondents | ) |
| | ) |

Hearing Date: 12 May 2006

Request for Hearing: 13 March 2006

## MOTION TO DISMISS

Comes now the **Options Public Charter School** (Options), by and through counsel, and joined by the **District of Columbia Public Schools** (DCPS) and request the Hearing Officer dismiss the 13 March 2006 Due Process Hearing Request.

### Background

Options convened a multi-discipline team meeting on 18 October 2005 to discuss the need for testing ████ for special education services. The team concluded ████ needed a psycho-educational testing. The meeting notes reflect mother attended the meeting but there is nothing in the notes that indicate anyone suspecting ████ of any emotional concerns. The mother signed the consent form at the conclusion of the meeting and agreed with recommendation of the team.

The clinical psychologist did perform some clinical assessments in his evaluation and found there were no foundations for further testing. Therefore, not only were there no suspected disabilities mentioned at the MDT meeting, Dr. Cranford found no basis for suspecting any emotional disturbance in his testing.

On 26 January 2006, Options convened a meeting to discuss the evaluations and determine eligibility. The MDT determined ████ was eligible as a student with learning disabilities. The team then went on to discuss the individualized education program and the team determined that based on the data, ████ needed 24 hours of specialized services. Options then offered to placed ████ in their out of general education program.

73

2

MOTION TO DISMISS – CONTINUED

The team agreed with this decision and the father signed the IEP consenting to the IEP. The IEP team consisted of both parents, teachers, LEA representative and the clinical psychologist who evaluated the child. The MDT meeting lasted for nearly 6.5 hours and therefore the teachers were not present for the entire period but the parents implicitly consented to the teachers coming and going as the school schedule required.

After the father left, the mother objected to the out of general education placement and the 24 hours of services and convinced the team to reduce the hours to 15 hours. Options has been implementing the IEP the mother agreed to, the IEP with 15.5 hours of services since it was the last agreed upon IEP.

Admittedly, since the father signed the IEP, Options should have included him in the discussions reducing the hours from 24.5 hours to 15.5 hours. However, the mother raised no objections to the proceedings until the father left. Since the child lives with the mother, Options viewed her opinion as important and therefore with several of the members still present, Options agreed to reduce the number of hours.

The mother, the petitioner then filed the instant suit, alleging among other things.

1. Whether this student was denied FAPE due to the failure of DCPS and /or Options PCS to evaluate the student in all areas of suspected disability prior to making a determination of the appropriate disability code and special education eligibility.

2. Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to provide her with an educational program consistent with her current IEP.

3. Whether this student was denied FAPE due to the failure of DCPS and/or Options PCS to convene a legally constituted IEP team meeting to make the eligibility determination, determine the appropriate disability code and to develop an appropriate IEP and educational program for the student.

4. Whether this student was denied FAPE due to Options PCS changing the number of service hours on the IEP without the participation of the parent or IEP Team

5. Whether this student is entitled to an award of compensatory education due to lost services based upon violations regarding the student's IEP, services and/or placement.

On 27 March 2006, Options convened a resolution meeting. Once again both parents attended the meeting. Neither parent could agree to anything, the meeting notes clearly indicate the disagreement with the mother, and her advocate on one side and the father and ██████ on the other. (Attachment A) Due to this Options could not offer to resolve the matter.

Options is in a quandary, if they accede to one parent, the other parent may sue. In this case though, the parent who Options listened to is the one that sue Options.

MOTION TO DISMISS – CONTINUED

### Argument

Under IDEIA, both parents have rights and privileges. It is inequitable to allow the mother who requested the changes to IEP, got the requested changes, now to bring suit. It was not the mother who was aggrieved by Options decision to lower the number of hours as requested by the mother after the father signed the IEP, but the father.

Meanwhile, Options is trying to accommodate all parties. The student has not lost services. The child has an appropriate IEP and Options is implementing it when the child is available. The student is often truant and the school has issued a truancy notice.

For all the foregoing reasons, Options requests the Hearing Officer dismiss all the allegations. Attorney Advisor for DCPS, Ms. Karen Herbert joins in the request to dismiss all the allegations.

Respectfully submitted

William E. Houston
Counsel for Options PCS

### CERTIFICATE OF SERVICE

I, William Houston, certify that I transmitted a copy of the foregoing Motion to Dismiss by facsimile on 3 May 2006 to Ms. Anna Forbes Towns and Ms. Karen Herbert.

Respectfully,

William E. Houston

4.   Resolution meeting

MDT

MULTIDISCIPLINARY TEAM
(MDT)
MEETING NOTES

MEETING DATE: 3/27/06

MDT REFERRAL DATE: _____

STUDENT: ███████████

SCHOOL: OPCS

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign Name) | POSITION |
|---|---|---|
| Kris Alon | _____ | LEA Rep |
| Andre Samuels | _____ | Reg. Ed Rep |
| Reginald Leonard | _____ | Spec Ed Center |
| David Canfield, MD | _____ | Advocate |
| Tanya ████████ | _____ | Parent |
| Gregory ____ Bush | _____ | Counselor |
| Sidra Thompson | _____ | Student |
| Nancy Acree | _____ | Mother |
| Charl Howe | _____ | |

Introductions were made. The father declined to receive a copy of the procedural safeguards the mother has accepted a copy and understands have rights as signed by the receipt dated 3/27/06. The parents states that she does not want Options Attending at meeting. Mr. Forster has left the meeting due to the parent not having legal custody. The parent has concerns that ████ is not receiving the services she is supposed to be receiving. OPCS has to ██ enrolled ████ in after school however she had poor attendance. OPCS will agree to complete an OT evaluation. There was a regular education at the original IEP meeting. The ████ has OPCS has shown that it did have a regular ed

THE PARENT ☑ IS PRESENT ☐ IS NOT PRESENT  AT THE MEETING   ████████

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT ████████

☐ CONTINUES TO BE ELIGIBLE  FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

76

member of the IEP. The advocate is not in agreement with a full-time self-contained setting not if full comp evaluations are done. The school stance is that ▮▮▮ has to be placed in a self contained classroom. The mother and the advocate are in disagreement with the school placing ▮▮▮ in a self contained classroom because they want there more testing. Furthermore the OPCS has shown that it changed the homes on the IEP due to the parents, Mrs. Howe, not wanting ▮▮▮ to be in a full time setting. The school stance is that the parents are not in agreement with IEP Homes. At this time the ▮ advocate is in agreement with what ▮▮▮▮. states "that she will go to class and we can put her in self contained if she fails to follow the attendance contract. OPCS will continue to follow its school rules by sending students home after a student cuts 8 classes. The parents are still in disagreement with the IEP homes. The mother states that she is the guardian or parent therefore the school will at the parents request keep ▮▮▮ on the part-time special education. The compensation services portion can not be determined at this time due to the team not agreeing on the testing that needs to be done according to the advocate, the school does not agree with the testing needing to be done due to the fact that Ashley does well in self contained. / OPCS did not agree with everything with regards to conducting a speech/language evaluation, clinical evaluation, social history, FBA and BIP.

▮▮▮▮ ▮▮▮

# FACSIMILE TRANSMISSION COVER SHEET

DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

DATE: 3 May 06

TO: Ms. Karen Herbert

AT FAX: 202 442-5098

FROM: WILLIAM HOUSTON

RE: A██ H███ – Motion to Dismiss

NUMBER OF PAGES INCLUDING COVER SHEET: 6

COMMENTS:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FACSIMILE TRANSMISSION COVER SHEET
DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW2AOL.COM

DATE:            3 May 06

TO:              Ms. Karen Herbert

AT FAX:          202 442-5098

FROM:            WILLIAM HOUSTON

RE:                                          6

NUMBER OF PAGES INCLUDING COVER SHEET:

COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

# FACSIMILE TRANSMISSION COVER SHEET

DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

DATE: 3 MAY 2006

TO: Hearing Officer David Smith

AT FAX: 202-442-5556

FROM: WILLIAM HOUSTON

RE: ~~████ ███~~ Motion to Dismiss

NUMBER OF PAGES INCLUDING COVER SHEET: 6

COMMENTS:

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

Broadcast or Result Report(Jan. 3, 2003 3:03am) P 1

Dalton, Dalton & Houston

Date Time Jan. 3 2003 3:03AM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 1753 Memory | 202 442-5556 | P. 6 | OK | |

Reason for error
E.1) Hang up or line fail
E.3) No answer
E.2) Busy
E.4) No facsimile connection

## FACSIMILE TRANSMISSION COVER SHEET
### DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

DATE:        3 MAY 2006

TO:          Hearing Officer David Smith

AT FAX:      202 442-5556

FROM:        WILLIAM HOUSTON

RE:

NUMBER OF PAGES INCLUDING COVER SHEET:        6

COMMENTS:

*************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

# FACSIMILE TRANSMISSION COVER SHEET
## DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSPEDLAW@AOL.COM

3 MAY 06

ANNA FORBES TOWNS

202 318-4755

WILLIAM HOUSTON

A████ ██████ MOTION TO DISMISS

6

# OF PAGES INCLUDING COVER SHEET:

PLEASE DELIVER ASAP:

TES:

*********************************************************************

COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
LEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
ADER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
EBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
VING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
ATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

*********************************************************************

FACSIMILE TRANSMISSION COVER SHEET
DALTON, DALTON, & HOUSTON, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703) 739-4300
Facsimile: (703) 739-2323
E-MAIL: DCSFIRDLAW@AOL.COM

DATE: 3 MAY 06

TO: ANNA FORBES TOWNS

AT FAX: 202 318-4755

FROM: WILLIAM HOUSTON

RE:

NUMBER OF PAGES INCLUDING COVER SHEET:                    6

PLEASE DELIVER ASAP:
COMMENTS:

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU
ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR
COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL
MESSAGE TO US AT THE ABOVE ADDRESS.

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## STATE ENFORCEMENT & INVESTIGATIONS DIVISION
(202) 442-5432 (Telephone)
(202) 442-5556 (Facsimile)

CONFIDENTIAL

| | | |
|---|---|---|
| In the Matter of: | ) | **TO: GREGORY BUSH** |
| | ) | |
| ▮▮ H▮▮ Student | ) | |
| | ) | |
| Date of Birth ▮▮▮▮▮▮▮ | ) | Hearing Date: 12 May 2006 |
| | ) | |
| Petitioner, | ) | Request for Hearing: 13 March 2006 |
| | ) | |
| v. | ) | |
| | ) | |
| OPTIONS P.C.S. | ) | |
| & | ) | |
| District of Columbia Public Schools | ) | |
| | ) | |
| Respondents | ) | |
| | ) | |

## NOTICE TO APPEAR AT DUE PROCESS HEARING

Mr. Gregory Bush, father of A▮▮ H▮▮, please be informed that you are commanded to appear in person and under oath to give testimony at the request of Options Public Charter School at the due process hearing for your daughter, A▮▮ H▮▮ to be conducted at:

825 North Capitol Street, N.E.
8th Floor
Washington, DC 20002

on 12 May 2006 beginning at 9:00 a.m. If the matter is continued to an alternative date by order of the hearing officer, your physical presence will be required on that date and you will be so notified.

The exact time of your testimony cannot be determined prior to the date of the hearing, because it is dependent upon many factors. Under the hearing rules please be aware that you might be excluded from the hearing room prior to your testimony. You are welcome to bring reading material or such other activities as you may need to pass the time waiting.

This Notice to Appear is issued pursuant to the authority found in 20 U.S.C. § 1415 (h)(2), 5 D.C.M.R. §3031.1(b) (D.C. Register, 28 February 2003) and "The Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures," final version 8 February 2006, Section 800.1 (4).

NOTICE TO APPEAR AT DUE PROCESS HEARING – CONTINUED                                        2

The mother's attorney is Anna Forbes Towns. If you have questions, you may call her at, (202) 610-0120 or by mail at her office:
313 Hammonton Place
Silver Spring, MD 20904.

The attorney for DCPS is Karen Herbert. If you have questions, you may call her at, (202) 442-5000 or by mail at her office:
Office of General Counsel
District of Columbia Public Schools
825 North Capitol Street, N.E.
9th Floor
Washington, DC 20002

The attorney for Options Public Charter Schools is William Houston. If you have questions, you may call him at (703) 739-4300 or by mail at his office:
1008 Pendleton Street
Alexandria, VA 22314-1837

_____
Impartial Hearing Officer


_____
Date: