IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPTIONS PUBLIC CHARTER SCHOOL

    Plaintiffs

v.   Civil Action No. **1:06:CV01004** **(PLF)**

CAMILLE HOWE, *et al.,*

    Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Scheduling Order, Defendants respond and oppose Plaintiff's Motion for Summary Judgment.

**(I) PLAINTIFF'S ALLEGATION THAT THE HEARING OFFICER WAS BIASED IS NOT SUBSTANTIATED BY CLEAR AND CONVINCING EVIDENCE.**

Plaintiff accused the Hearing Officer of bias in favor of the Defendant-parent, and stated the following:

> In this case there were several instances where the hearing officer revealed her bias for the parent. ***See, Plaintiff's Motion for Summary Judgment at p. 14, § C.***

In regard to Hearing Officers and Administrative Law Judges, "proving specific allegations of personal bias is seldom an easy task." ***See, Administrative Law 2nd Edition, §8.5.6. Personal Bias and Prejudgment, at p. 249, by Alfred C. Aman and***

1

*William Mayton, West Group, St. Paul Minn., 2001.* First, to state a due process claim for bias, a Plaintiff must sufficiently allege facts supporting a conclusion that the "risk of unfairness is intolerably high" under the circumstances of the particular case. *Harlie v. Drug Enforcement Administration, 148 F.3d 1199, 1204 (10th Cir. 1998)*. Second, the allegations that a Hearing Officer is biased requires clear and convincing evidence to rebut a strong presumption of honesty and integrity. In regard to applying this standard, *Harlie v. Drug Enforcement Administration, supra at p. 1204* went on to state:

> In applying this standard, an administrative law judge enjoys a presumption of honesty and integrity . . . . which is only rebutted by a showing of 'some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated.' *See Mangels v. Pena, 789 F.2d 836, 838 (10th Cir. 1986) . . . .* In the absence of such a showing, ALJs must be presumed to be persons 'of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'

Here, *sub judice*, Plaintiff has failed to allege and prove significantly appropriate facts supporting a conclusion that the "risk of unfairness is intolerably high." Plaintiff has taken the Hearing Officer's statements out of context. The record is clear that Defendant-parent is uneducated, with learning disabilities. Thus, the Hearing Officer is correctly and sincerely trying to engage Defendant in the administrative process by *sua sponte* questioning the Defendant at a level she can understand.

**HEARING OFFICER BUTLER-TRUESDALE:**

Okay. Well, here's what we've got here.

**THE WITNESS:** I want to say - -

**HEARING OFFICER BUTLER-TRUESDALE:**

From what I - - from what I think that the

2

mother is explaining to me, and you can tell me if I'm off base, I think you're explaining to me that you yourself have some communicative limitations.

        **THE WITNESS:** Yes.

        **HEARING OFFICER BUTLER-TRUESDALE:** Because not all of your responses are in line with the questions that are being asked of you. I think I understand in some of the questions that you're answering. I think I understand, but I'm piecing a lot of puzzles from your entire testimony as to what I think you mean with your answers to questions. Because not all of the answers that you've given have been entirely responsive or responsive. Okay?

        **THE WITNESS:** Yes.
***See, transcript at pp. 121-122.***

      This legitimate effort of the Hearing Officer to ***sua sponte*** examine a learning disabled witness, with acknowledged communication problem, at a Special Education Due Process Hearing is <u>not</u> bias.

> Proving specific allegations of personal bias is seldom an easy task. Over the years, most agencies and their administrators develop certain views of the world as they go about their tasks of formulating and implementing policies. These views often involve issues of law, policy, legislative fact and represent the kinds of expertise that support the

3

>creation of administrative agencies in the first place. They should not, however, be confused with bias or prejudgment. Indeed, a complete *tabula rasa* with respect to the agency 'would be evidence of lack of qualification, not lack of bias. This need for specialization must be weighed against the due process requirement of fairness to the parties, but reviewing courts often have a very difficult time determining when impermissible bias, as apposed to the exercise of expertise, has in fact occurred. ***See, Administrative Law 2nd Edition, §8.5.6. <u>Personal Bias and Prejudgment</u>, supra at pp. 249-250***.

In the case at bar, the Hearing Officer was exercising a legitimate function as a highly trained professional in Special Education, law, and policy to investigate the totality of the case before her. At one point the Hearing Officer revealed her Special Education expertise and acute insight into the case at bar by stating:

**HEARING OFFICER BUTLER-TRUESDALE:**

Let me explain to you that part of my concern is that I know that in many instances when children are classified as learning disabled or even emotionally disabled there is some problems in terms of what they call transitioning usually from one classroom to the other, you know, and if she's transitioning not just from one classroom to the other, but from one type of program to the other, that that could be an emotional disruption in and of itself. Okay? ***See, transcript at pp. 133-134.***

Realizing the Hearing Officer is intellectually qualified, Plaintiff attacks her neutrality because Plaintiff has <u>no</u> legitimate reason to set aside the ***HOD***.

Next, Plaintiff takes the Hearing Officer's statements out of context by citing part of a sentence and intentionally omitting the entire sentence, and the language that follows.  With what appears to evidence unclean hands, Plaintiff's counsel intentionally tries to mislead this Honorable Court by articulating only a segment of the Hearing Officer's statement as follows:

> . . . Because I would really like to please you.  I'd like to put out an order exactly what you want, but you know, I'm not Santa Claus.  ***See, Plaintiff's Motion for Summary Judgment at p. 16***.

We respectfully move for this Honorable Court to take judicial notice of the complete thought of the Hearing Officer which provides:

> I think it might be helpful to me to get the father's ending impression of what has happened here.  That might be the most productive use of the remaining ten minutes that I'm going to give you all so that I have an idea of at least what they will talk about as an amenable solution once you leave here because I would really like to please you.  I'd like to put out an order exactly what you want, but you know, I'm not Santa Claus.  I've got to work within the frame of the law.   ***See, transcript at p. 206, at lines 1-12.***

The controlling and important language of the Hearing Officer is "but you know, I'm not Santa Claus.  I've got to work within the frame of the law.  ***See, transcript at p. 206.***  The Hearing Officer is clearly, unambiguously stating on the record that she must work within the frame of the law.  Therefore, in the case at bar, Plaintiff has failed to rebut the Hearing Officer's presumption of honesty and integrity.  Consequently, Plaintiff has failed to prove the Hearing Officer as biased and prejudiced.

**(II)  A HEARING OFFICER MAY *SUA SPONTA* EXAMINE A WITNESS AT A HEARING.**

Plaintiff incorrectly characterizes the Hearing Officer's ***sua sponta*** examination of

a witness as prejudice, and argues the following erroneous proposition:

> Additionally, during the hearing, the hearing officer stopped the cross examination of the parent by counsel for Options because she did not believe the parent could understand the questions even though the parent was able to provide answers during direct examination . . . The Hearing Officer then questioned the parent and basically allowed parent's counsel to testify for her. . . . ***See, Plaintiff's Motion for Summary Judgment at p. 16.***

For a variety of reasons, strict rules of evidence do not apply to administrative hearings. ***See, Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705-706, 68 S.Ct 793, 805-806, 92 L.Ed. 1010 (1948), rehearing denied 334 U.S. 839, 68 S.Ct. 1494, 92 L.Ed. 1764 (1948); Calhoun v. Bailar, 626 F.2d 145 (9th Cir. 1980), cert. denied 452 U.S. 906, 101 S.Ct. 3033, 69 L.Ed.2d 407 (1981). Also see, Administrative Law 2nd Edition, 8.4.6 <u>Administrative Agency Evidentiary Rules</u>, supra at p. 222.***

It is a fundamental rule of administrative law that an agency's chief function is investigation, and therefore it must not be hampered in its inquiry by narrow rules of evidence. ***See, I.C.C. v. Baird, 194 U.S. 25, 44, 24 S.Ct. 563, 568, 48 L.Ed. 860 (1904); I.C.C. v. Chicago, Rock Island & Pacific Railroad Company, 218 U.S. 88, 102, 30 S.Ct. 651, 656, 54 L.Ed. 946 (1909); Opp Cotton Mills v. Administrator, 312 U.S. 126, 155, 61 S.Ct. 524, 537, 85 L.Ed. 624 (1941); Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705-706, 68 S.Ct. 793, 805-806, 92 L.Ed. 1010 (1948). Also see, Administrative Law 2nd Edition, 8.4.6. <u>Administrative Agency Evidentiary Rules</u>, supra at p. 222.***

Administrative agencies as "triers of fact" in administrative proceedings are sophisticated and experts in the subject matter before them. Therefore, they do not require the protective shield of rules of evidence necessary for jury trials. ***See, Ohio Bell***

*Telephone Company v. Public Utilities Commission of Ohio, 301 U.S. 292, 304, 57 S.Ct. 724, 730, 81 L.Ed. 1093 (1937).*

> Regulatory commissions have been invested with broad powers within the sphere of duty assigned to them by law. Even in quasi-judicial proceedings their informed and expert judgment exacts and receives a proper deference from courts when it has been reached with due submission to constitutional restraints. ***Ohio Bell Telephone Company v. Public Utilities Commission of Ohio, supra at p. 304.***

**(III) THE HEARING OFFICER HAS BOARD POWERS TO RULE ON EVIDENCE BEFORE HER IN EXECUTING THE HOD.**

Finally, pursuant to the *Administrative Procedure Act, 5 U.S.C.A. § 556(d) (1982)* the Hearing Officer has broad powers to make reasonable determinations as to the weight and admissibility of evidence. Plaintiff wrongfully contends that the Hearing Officer is limited only to evidence presented by them, and may not consider evidence presented by Defendants as credible.

> Absent express Congressional limitations, the administrative law judge has the power to make reasonable determinations as to the admissibility of materials in proceedings before her. This broad power is derived from the Administrative Procedure Act, which provides for 'the exclusion of irrelevant, immaterial or unduly repetitious evidence. Agencies usually apply this provision in such a way that favors inclusion rather than exclusion of evidence and courts usually defer to the agency's decision either to include or exclude the evidence in question. ***See, Administrative Law 2nd Edition, §8.4.6. <u>Administrative Agency Evidentiary Rules</u>, supra at p. 222.***

**(IV) PLAINTIFF AGREED TO PERFORM AN OCCUPATIONAL THERAPY EVALUATION AND NEVER EXECUTED <u>ANY</u> PHASE OF THE EVALUATION. THEREFORE, PLAINTIFF'S STATEMENT THEY AGREED TO "COMPLETE" THIS EVALUATION IS COMPLETELY FALSE.**

Once again, with unclean hands Plaintiff's counsel misleads this Honorable Court by intentionally making a false factual representation not supported by evidence.

Plaintiff's counsel misleads this Honorable Court by making the following false statement:

> The school agreed to complete the occupational therapy evaluation at the resolution meeting. ***See, Plaintiff's Motion for Summary Judgment at p. 12.***

The record is clear that Plaintiff agreed to perform an occupational therapy evaluation, and failed to execute the evaluation. Plaintiff did not perform any legitimate aspects of the evaluation. In fact, it was Plaintiff's failure to act regarding this evaluation which necessitated the filing of an administrative cause of action. The record is clear that Plaintiff failed to perform this evaluation, and the Hearing Officer ordered its execution, ***to wit:***

**HEARING OFFICER BUTLER-TRUESDALE:**

What I will definitely have in the order is

an independent OT since they agree to do the

OT and don't have the OT yet. ***See transcript at p. 206, lines 3-6.***

### CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Plaintiff's Motion for Summary Judgment must be **DENIED.**

**WHEREFORE**, for the reasons set forth herein, Defendant's Motion for Summary Judgment must be **GRANTED**.

*/s/ Anna Forbes Towns*
Anna Forbes Towns (431553)
313 Hammonton Place
Silver Spring, Maryland 20904
(301) 680-9175

8