# LIST OF CURRENT HEARING OFFICERS & STATEMENT OF QUALIFICATIONS

| NAME | LAW SCHOOL | LICENSE AND NOTED EXPERIENCE |
|---|---|---|
| Tonya Butler-Truesdale | J.D., Howard Univ. School of Law, 1993 | Member, DC and Maryland Bar Assns., Admin. Law Judge, DC Dept. of Employment Services, LBJ Congressional Fellow & Legislative Intern, Nat'l. Judicial College, Staff Attorney, Federal Emergency Management Agency |



EXHIBIT 1

# SPECIAL EDUCATION HEARING OFFICERS

**List of Minimum Qualifications:**

1. Licensed to practice law in the District of Columbia;
2. Be in good standing with the DC Bar;
3. Engaged in the active practice of law for at least five (5) consecutive years prior to the date of appointment, with a minimum of 2 years of practice in the areas of special education, disability law, administrative law, or civil rights. Preference is given to individuals with prior experience as an Administrative Law Judges or Hearing Officers, particularly those who have been actively involved in contested administrative cases or who have demonstrated experience in a public school setting;
4. Shall possess good legal research skills and familiarity with special education law, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act, and administrative law; and
5. Shall be able to demonstrate clarity of expression in writing; and

**Current Minimum Position Requirements:**

1. Be independent and impartial and may not have a personal or professional interest that would conflict with being objective in any hearing;
2. May not be an employee of DC Public Schools or any other local educational agency that is involved in the education or the care of the child who is the subject of a hearing in which the hearing officer presides;
3. Comply with the standards of neutrality, confidentiality, and conduct required by the IDEIA, the Family Educational Rights and Privacy Act (FERPA), Bar Rules of the District of Columbia, the D.C. Code of Judicial Conduct, and all other laws, rules, and regulations applicable to the education of students;
4. Comply with all legal and contractual timelines, including but not limited to (1) rendering final decision not later than the 45th day after the date the time commences for completion of a due process hearing, unless the hearing officer has, for good cause at the request of a party, granted a continuance or limited extension of time beyond the 45 day deadline;
5. Comply with the decision format requirements set by DCPS in which final hearing decisions shall include findings of fact, conclusions of law, and an order;
6. Attend training sessions sponsored by DCPS. Any hearing officer selected who has never served as a special education hearing officer must attend orientation training at DCPS for 1 – 3 days determined by DCPS depending upon the person's prior experience, observe at least two special education due process hearings prior to being assigned cases, and attend at least one IEP meeting if required by DCPS;
7. Be ready, willing, and able to preside at special education due process hearings at the frequency and on the terms and conditions agreed to and set forth in any contractual agreement with DCPS The hearing officer shall be available as required for timely adjudication of all hearings and contested matters as assigned, including associated services such as pre-hearing conferences, on-site hearings, and teleconferences.