UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**OPTIONS PUBLIC CHARTER SCHOOL:**
:
    **Plaintiff** :
:
    v. : CIVIL ACTION NO. 06-1004 (PLF)
:
**CAMILLE HOWE,** :
as next friend of the minor child,
A.H.  *et. al.* :
:
    **Defendants** :


## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The plaintiff, through undersigned counsel, requests that this Court grant a summary judgment pursuant to Federal Rule of Civil Procedure 56(c), finding that Hearing Officer Butler Truesdale erred in her May 23, 2006 Hearing Officer's Determination, when she ordered Options Public Charter School (hereinafter Options) to fund independent evaluations.

## ARGUMENT

### Given the evidence presented at the due process hearing Hearing Officer Butler-Truesdale erred in ordering independent evaluations.

Options contends that the hearing officer erred in ordering independent evaluations given the lack of evidence that additional areas of suspected disabilities existed and given that the parent never procedurally challenged the evaluation completed by Options.  The hearing officer based her decision to order additional evaluations on the parent's behavior at the due process hearing, and not the child's

behavior in the classroom.  Lastly, throughout the hearing the hearing officer reveled her bias toward the parent and awarded more relief than the parent initially requested in her due process complaint.

**A.  Hearing Officer Butler-Truesdale erred in ordering independent evaluations.**

In their opposition, the defendants argue that the hearing officer acted within her "broad powers" to rule on evidence in issuing her determination.  The opposition, however, fails to address any evidence that would lead the hearing officer to rule that additional independent evaluations were warranted.  The defendants cite no testimony or evidence in the record that correlates to the student requiring additional evaluations.

As stated in Plaintiff's Motion for Summary Judgement, six different measures were used to assess the student.  The student was found eligible for special education services and the school believes it had enough information to warrant a self-contained classroom.  The defendant wanted a lesser restrictive environment and the school acquiesced.  At no point were additional evaluations requested before the parent filed the hearing request.

At the due process hearing, the defendant was mainly concerned about the student's level of frustration.  The only expert testimony on this issue was never rebutted.  Dr. Cranford stated that he believed the frustration was due to the student not previously receiving services for her learning disability.  The defendant did not provide any evidence of suspected disability in other areas.

In her May 23, 2006, determination the hearing officer did not link the additional evaluations to any specific facts or areas of concern regarding the student. AR at 3.  In fact, she found the testimony of the clinical psychologist and special education

2

coordinator credible. She stated, "Dr. Crawford's (sic) deduction that the psycho-educational was sufficient given the non-predominate display of emotional triggers lends reason to the schools decision not to immediately employ clinical assessments." AR at 3.   While the defendant alludes to the hearing officer's "broad powers" to consider evidence, the hearing officer is still bound by IDEA and the evidence submitted at the hearing.  Nothing in IDEA states the behavior of the parent should put the school on notice that additional evaluations should be completed.  Additionally, there is no evidence cited by either the defendants or the hearing officer regarding an area of suspected disability which would require additional services on the IEP.

The defendant also fails to address the fact she never took the appropriate procedural actions to request an independent evaluation.  The regulations state: "A parent has the right to an independent educational evaluation at public expense if the parent disagreed with an evaluation obtained by the public agency."  34 CFR §300.503(b)(1).  In this case the parent never disagreed with the evaluations Options performed and never requested additional evaluations. The hearing officer ordered the independent evaluations despite the fact the parent's attorney stated that she was not requesting independent evaluations.  Tr. at 196.

The defendant also argues that the school did not agreed to complete the occupational therapy evaluation.  However, the meeting notes specifically state that Options will agree to complete an occupational therapy evaluation.  AR at 88.  The parents, however could not agree on the number of hours of instruction on the IEP or on the additional evaluations.  Therefore, the case could not be resolved at the resolution meeting.

Given that the defendants never rebutted the evidence presented by Options regarding the areas of suspected disability, the hearing officer should have found that Options met its burden of proof.  Consequently, the hearing complaint should have been dismissed.

**B. Hearing Officer Butler-Truesdale erred when she revealed her bias for the parent and against the school**.

Both parties are entitled to an impartial hearing officer.  34 CFR §300.511(c). A Hearing Officer "enjoys a presumption of honesty and integrity, which is only rebutted by a showing of some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1204 (10th Cir. 1998) (citing *Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)).

The defendants explain the hearing officer's actions at the due process hearing by stating the hearing officer was simply trying engage the defendant in the administrative process and question the defendant at a level she can understand. However, it is the duty parent's counsel duty to engage her client in the administrative process, not the hearing officer's duty.  The hearing officer should have relied on defendant's counsel to make the evidence clear.

As stated in Plaintiff's summary judgment motion, Hearing Officer Butler-Truesdale acted more as a mediator and counselor for the parent, rather than a trier of fact.  The defendants argue that  the hearing officer's comments were taken out of context.   With regard to that accusation, the transcript of the hearing speaks for itself.

The following allegations were linked to quotes in the Plaintiff's Motion for Summary Judgement and go undisputed by the defendants:

- The hearing officer, admitted to prompting the parent and her attorney to disagree with the psychoeducational report at the due process hearing. *See* Tr. 150-51.

- The hearing officer continued to focus on her concerns for the student's placement, even though the parent and her attorney only requested additional evaluations. *See* Tr. At 197-98.

- The hearing officer stated she gave parent's counsel *"several clues"* as to how to proceed with a placement case. *See* Tr. at 224-227.

- She continually focused on her desire to " help" and "satisfy" the parent instead of gathering evidence and ruling on the issues presented. See Tr. At 181-182, 203, 206, 215,  232-233

A hearing officer is supposed to weigh the evidence presented by both parties and link the evidence to the appropriate legal inquiries.  Given these examples of bias, the plaintiff requests that the hearing officer's determination be overturned.

## CONCLUSION

Based on the arguments above the plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and issue a finding that Options PCS did not deny the student a FAPE.

        Respectfully submitted,
            /s/
        William E. Houston, Esq
        D.C. Bar No. 450223
        Dalton, Dalton, & Houston, P.C.
        1008 Pendleton Street
        Alexandria, Virginia 22314
        (703) 739-4300 (O)
        (703) 739-2323 (F)

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically, on this 22st day of January, 2007.

                                             /s/
                               William E. Houston, Esq
                               Counsel for Plaintiff