IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

OPTIONS PUBLIC CHARTER SCHOOL

    Plaintiff

v.          Civil Action No. **1:06:CV01004 (PLF-DAR)**

CAMILLE HOWE, *et al.,*

    Defendants.

---

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**(I) PURSUANT TO THE COMPLETE
ADMINISTRATIVE RECORD, THE
HEARING OFFICER'S DECISION
WAS CORRECT.**

The Hearing Officer's decision is reasonable and based on the administrative record. Therefore, Defendants' Motion for Summary Judgment must be granted as a matter of fact and law.

Plaintiff's argument concerning the occupational therapy evaluation is factually incorrect. The Plaintiff incorrectly argues the following:

> The defendant, however, did not request an independent evaluation in her due process hearing request. *See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment, at p. 2.*

At ***Administrative Record p. 29***, ***Due Process Complaint Notice PART III, ¶ 2*** the Defendants pray for the below remedy:

1

>DCPS and/or Options PCS shall be ordered to conduct the following evaluations within 30 calendar days of the Hearing Officer's Decision: Speech/Language Evaluation; Clinical Evaluation; Occupational Therapy Assessment; Social History; Clinical Evaluation; FBA and and BIP; Vision and Hearing Screenings.

This particular averment speaks for itself, and stands alone. Clearly Defendants are praying for evaluations as a part of a Hearing Officer's decision in their favor. The averment asserts exactly what Defendants' want, and how they want it executed.

### (II) THE OCCUPATIONAL THERAPY EVALUATION.

Plaintiff correctly argues that an occupational therapy evaluation was not recommended in the psycho-educational evaluation. ***See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment, at p. 2.*** However, what Plaintiff fails to tell this Court is that the occupational therapy evaluation was requested and approved at the school meetings between the parties. On what evidence does the Hearing Officer base her finding that the parties agreed to an OT evaluation, and it was not performed?

During the cross examination of "fact witness" Ms. Higginbotham the Hearing Officer accepted her testimony as credible that Plaintiffs agreed to perform an OT evaluation. On the issue of Plaintiffs' agreement to perform the OT evaluation, "fact witness" Ms. Higginbotham testified:

>THE WITNESS: So we discussed - - we reviewed the visual-motor integration scores and my question to Dr. Cranford was when a student is functioning four grade levels below where they currently are, if the test results show they are functioning four grades below, would that warrant an occupational therapy evaluation, and he basically just said we can do an occupational therapy evaluation. ***See, transcript at p. 185, lines 13-22.***

Next, the Hearing Officer found the testimony of Ms. Howe creditable relative to

2

the agreement of the parties to perform an OT evaluation on the minor. Under cross examination Ms. Howe stated the following:

> Q    But they did agree to the OT thought.
>
> A    Yes.
>
>    MR. HOUSTON:  Okay.  That's all I have.
> *See, transcript at p. 189, lines 2-6.*

The Hearing Officer's Decision to compel Plaintiffs to conduct an OT evaluation, *see Administrative Record Hearing Officer's Decision at p. 4,* was pursuant to an agreement of the parties and based on credible evidence from the record.  In view of the foregoing, Plaintiff's statement that Defendants never took the appropriate actions to request an OT evaluation or any additional evaluations at any meetings is false.  *See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 2.*

### (III)  PURSUANT TO *34 C.F.R. § 300.536 (b)* DEFENDANTS TOOK THE APPROPRIATE PROCEDURAL ACTIONS TO REQUEST EVALUATIONS.

Did Defendants take the appropriate legal action to request evaluations?  The answer is in the affirmative pursuant to *34 C.F.R. § 300.536 (b)*, which provides:

> *Sec. 300.536  Reevaluation*
>
> (b)  That a reevaluation of each child, in accordance with Secs. 300.532 – 300.535, is conducted if conditions warrant a reevaluation, or if the child's parent or teacher requests a reevaluation . . .

Through the legal advocate, Ms. Higginbotham, Defendants requested an OT evaluation at a school meeting.  The advocate was knowledgeable of *34 C.F.R. § 300.536 (b)* and therefore argued to Plaintiff at a school meeting that circumstances warranted an

3

OT evaluation.  ***See, transcript at p. 185, lines 13-22.***  Next, Plaintiff agreed to Defendants' ***34 C.F.R. § 300.536 (b)*** request, and that circumstances warranted evaluation action.  ***See, transcript at p. 185, lines 13-22.***  Hence, Defendants took appropriate action to request evaluation.

### (IV)  PURSUANT TO *34 C.F.R. § 300.502 (b) (2) (ii)*, PLAINTIFF WAS OBLIGATED TO ENSURE THE INDEPENDENT EVALUATION WAS PROVIDED AT PUBLIC EXPENSE.

Where Defendants take appropriate action to request warranted evaluation, and Plaintiff agrees to provide the relief but fails to act, can Defendants seek remedy pursuant to ***34 C.F.R. § 300.502 (b) (2) (ii)***?  The answer is in the affirmative because ***34 C.F.R. § 300.502 (b) (2) (ii)***:

> ***Sec. 300.502 Independent educational evaluation***
>
> *(b)  Parent right to evaluation at public expense*
>
> (2)  If a parent requests an independent educational evaluation at public expense, the public agency must without unnecessary delay, . . .
>
> (ii)  Ensure that an independent educational evaluation is provided at public expense.

In the case at bar, where Plaintiff agreed to provide warranted evaluation, but failed to do so, in turn Defendants have a right to independent evaluation pursuant to ***34 C.F.R. § 300.502 (b) (2) (ii)***.

### (V)  PLAINTIFF FAILED TO PERFORM AN OCCUPATIONAL THERAPY EVALUATION.

Plaintiff continues to mislead this Honorable Court by asserting they "agreed to complete an occupational therapy evaluation." ***See, Administrative Record at p. 58***.  At

absolutely no time did Plaintiff start an occupational therapy evaluation. The intention of the parties was that Plaintiff would execute a full and complete occupational therapy evaluation. There was absolutely no evidence whatsoever that Plaintiff began an OT evaluation and did not finish the evaluation. Indeed, if Plaintiff had documentary evidence of an incomplete OT evaluation, it would have been filed in the administrative record below. Plaintiff **never** filed documentary evidence of a partial OT evaluation because it does not exist. Therefore, Plaintiff's entire argument that they agreed to complete an incomplete OT evaluation and the issue was therefore moot is a sham. ***See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 2.*** Plaintiff **never** performed an OT evaluation, and Defendants sued to get a Hearing Officer's Order to compel Plaintiff to act.

### (VI) THE HEARING OFFICER'S DETERMINATION ARTICULATED THE ISSUE AS TO WHETHER PLAINTIFF FAILED TO CONVENE A LEGALLY CONSTITUTED *IEP* TEAM MEETING.

The Hearing Officer's determination articulated the issue as to whether Plaintiff failed to convene a legally constituted *IEP* team meeting to make eligibility determination, determine the appropriate disability code; and develop an appropriate *IEP*. ***See, Administrative Record at p. 2 Hearing Officer's Decision***. Therefore, Plaintiff's argument that the Hearing Officer's determination does not address the issue of *IEP* concerns is false. ***See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 3.***

The record is clear that a regular class-room teacher was not in attendance at any *MDT* meetings, and Plaintiff therefore violated *34 C.F.R. § 300.344 (a) (2)*. *See,*

5

***Defendants' Memorandum In Support of Motion for Summary Judgment at pp. 6-9.*** Plaintiff in bad faith tries to imply that a math teacher named Miguel Davis was present in the capacity as a classroom teacher. ***See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment at p. 4***. First pursuant to the signature page of the ***MDT*** meeting, there is **absolutely** no signature of a math teacher named Miguel Davis. ***See, Administrative Record at p. 114.*** Second, a math teacher named Miguel Davis is **not** the classroom teacher, and does not satisfy ***34 C.F.R. § 300.344 (a) (2)***, and Plaintiff does not even try to argue that this Miguel Davis is the classroom teacher. Consequently, the entire Miguel Davis argument is bogus.

### (VII)  PLAINTIFF'S PERSONAL ATTACK ON THE INTELLIGENCE AND KNOWLEDGE OF THE HEARING OFFICER FAILS TO REBUT THE PRESUMPTION OF INTELLECTUAL DISCIPLINE AND KNOWLEDGE.

Plaintiff engages in a personal attack on the intellect of the Hearing Officer by filing a synopsis of her resume. Plaintiff subliminally attempts to impeach the intellect of the Hearing Officer by citation of her alma mater, a historically African-American law school, and inferring her to be intellectually inferior. ***See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment at EXHIBIT 1***. Where the Hearing Officer earned her law degree is irrelevant to this case.

Next, Plaintiff attempts to impeach the intellect of the Hearing Officer through ambiguous and brief citation of her work experience. ***See, Plaintiff's Opposition to Defendants' Motion for Summary Judgment at EXHIBIT 1***. The Hearing Officer meets all requirements to be employed in her capacity with the District of Columbia Government. Therefore, pursuant to ***Harlie v. Drug Enforcement Administration, 148***

*F.3d 1199, 1204 (10th Cir. 1998)*, the Hearing Officer is presumed to have intellectual discipline, and Plaintiff has failed to rebut that presumption.

### (VIII)  PLAINTIFF HAS FAILED TO CARRY THEIR BURDEN OF PROOF.

There is a presumption of expertise in a Hearing Officer, "essentially this means we should not reverse the hearing officer's findings simply because we disagree with them. ***Board of Education of Arlington Heights School District No. 25 v. Illinois State Board of Education, 2001 U.S. Dist. LEXIS 6994, *11-12 (N.D. ILL.  March 19, 2001)***. Because the Hearing Officer's decision is sound and based on the record below, in turn Plaintiff engages in personal attacks on the Hearing Officer.

First, Plaintiff argues that the Hearing Officer was prejudice and bias.  This argument failed.  Second, Plaintiff attacks the intellect of the Hearing Officer.  This argument lacks merit and also fails.

### CONCLUSION

**WHEREFORE**, for the reasons set forth herein, Plaintiff's Motion for Summary Judgment must be **DENIED**.

**WHEREFORE**, for the reasons set forth herein, Defendants' Motion for Summary Judgment must be **GRANTED**.

*/s/ Anna Forbes Towns*
Anna Forbes Towns (413553)
31 Hammonton Place
Silver Spring, Maryland 20904
(301) 680-9175