UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OPTIONS PUBLIC CHARTER SCHOOL,

   Plaintiff,

   v.

CAMILLE HOWE,
as next friend of the minor child,
A.H., et al.,

   Defendants.

Civil Action No. 06-1004
PLF/DAR

## MEMORANDUM ORDER

This action, brought pursuant to the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, was referred to the undersigned United States Magistrate Judge for report and recommendation regarding the disposition of Plaintiff's Motion for Summary Judgment (Document No. 18) and Defendant's Motion for Summary Judgment (Document No. 17). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto, the accompanying Local Rule 7(h) statements, and the administrative record, the undersigned will remand this action to the Hearing Officer for further consideration, and for the articulation of findings of fact and conclusions of law consistent with this memorandum order. Additionally, for the reasons set forth herein, the undersigned will deny without prejudice both motions for summary judgment, and conduct a scheduling conference after the Hearing Officer supplements the Hearing Officer's Decision. *See* Administrative Record (Document No. 16).

*Remand*

In an instance in which another judge of this court, in an action brought pursuant to

Options Public Charter School v. Howe, et al.                                                                                       2

IDEA, determined that the hearing officer failed to make findings of fact and conclusions of law consistent with the applicable burden of proof at an administrative due process hearing, or misapplied the applicable burden of proof, that judge remanded the action to the hearing officer for further consideration and for findings and conclusions consistent with the applicable burden of proof.  *Hammond v. District of Columbia,* No. CIV.A.99-1723, 2001 WL 34360429, at *8 (D.D.C. March 1, 2001).  In other instances, other judges of this court have remanded IDEA actions to the hearing officer for reformulation of a compensatory education award.  *Anthony v. District of Columbia,* 463 F.Supp.2d 37, 43-44 (D.D.C. 2006); *see Thomas v. District of Columbia,* No. CIV.A.03-1791, 2007 WL 891367, at *1 (D.D.C. March 22, 2007) (reviewing magistrate judge's report and recommendation filed after remand for further administrative proceedings).  In yet another instance, the United States District Judge to whom this action is assigned remanded an IDEA action for findings with respect to reimbursement of the cost of private school education.  *District of Columbia v. Abramson,* 493 F.Supp.2d 80, 87 (D.D.C. 2007).

      Common to all four opinions was a determination that the Hearing Officer's Decision provided an incomplete basis for review by the court in accordance with IDEA, and recognition of "the admonition that reviewing courts not substitute their assessment of the evidence for that of hearing officers[.]" *Hammond,* 2001 WL 34360429, at *7 (citing *Board of Education v. Rowley,* 458 U.S. 176, 207 (1982)).  Here, the undersigned–as the other judges who exercised their discretion to remand an IDEA action for further consideration, findings and conclusions–is unable to determine the degree of deference to accord the Hearing Officer's Decision.  In this action, the impediment to meaningful review stems largely from the absence from the decision of

Options Public Charter School v. Howe, et al.                                                                                           3

virtually any findings.  For example, the hearing officer refers to "[t]he credible testimony of Paris Adon" and the "compelling[,]" "logical and credible" testimony of "Dr. [Cranford][,]" [sic], but makes no findings with respect to the basis upon which she credited their testimony.  *See* Hearing Officer's Decision at 3.  Elsewhere in the decision, the hearing officer relies upon speculation, and offers no findings of fact or conclusions of law: "it is **entirely conceivable** . . . that the mother's participation in the IEP meetings should have alerted . . . Options that more comprehensive evaluations were warranted[]"; "it is **most probable** that the provision of a FAPE to this Petitioner might have required . . . Options to alert . . . DCPS to file a due process hearing complaint once the mother insisted on a change of special education instruction hours."  *See* Hearing Officer's Decision at 3 (emphasis supplied).  Even the hearing officer's statement of the issues presented at the hearing is ambiguous.  *See* Hearing Officer's Decision at 3 (emphasis supplied) ("Frankly, Respondent Options['] good faith effort to appease the parent backfired and **perhaps** escalated to a claim which now includes an allegation of insufficient evaluations due to respondent's willingness to change the [student's] programming at the whim of the parent.").  Finally, the hearing officer did not articulate the burden of proof which she applied, or identify the party on which the burden was rested.  *See* Hearing Officer's Decision at 3 ("Dr. [Cranford's] **deduction** that the psycho-educational was sufficient given the non-predominant display of emotional triggers lends reason to the [school's] decision not to immediately employ clinical assessments.").

      In this circumstance, the undersigned cannot determine what findings and conclusions the hearing officer made, and on what evidence in the record any such findings and conclusions were based.  Because the undersigned is precluded from "substitut[ing] [her] assessment of the

Options Public Charter School v. Howe, et al.                                                                 4

evidence for that of [the] hearing [officer][,]" a remand for further consideration of the evidence, and for further findings of fact and conclusions of law, is the only vehicle by which review consistent with the applicable statutory scheme can be accomplished.

*Denial Without Prejudice of Pending Motions for Summary Judgment*

      Because the parties will require an opportunity to address the hearing officer's findings and conclusions after the further proceedings occasioned by the remand for which this order provides, the pending motions–premised entirely upon the Hearing Officer's Decision which the undersigned is unable to evaluate–are appropriately denied without prejudice.  However, such action is warranted by an additional consideration: neither party has complied with Local Civil Rule 7(h).  Plaintiff's motion is accompanied a 7(h) statement, but its opposition to Defendants' motion is not; Defendants' motion is accompanied by a 7(h) statement, but the statement filed with their opposition to Plaintiff's motion is not in the form prescribed by the local rule.

      Finally, the undersigned observes that both Plaintiff and Defendants largely rely upon opinions of courts other than this one.  The undersigned expects that the memoranda which the parties, through their counsel, file after the remand will include a discussion of the law of this court.

      For the foregoing reasons, it is, this 26th day of September, 2007,

      **ORDERED** that this action is remanded to the Hearing Officer for further proceedings consistent with this memorandum order; and it is

      **FURTHER ORDERED** the pending cross-motions for summary judgment (Document Nos. 17, 18) are **DENIED WITHOUT PREJUDICE;** and it is

Options Public Charter School v. Howe, et al.                                                          5

**FURTHER ORDERED** that a status hearing and scheduling conference is scheduled for 9:30 a.m. on Tuesday, December 11, 2007.

September 26, 2007 _____              _____/s/_____
                                                 DEBORAH A. ROBINSON_____
                                                 United States Magistrate Judge