IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

OPTIONS PUBLIC CHARTER SCHOOL

    Plaintiff

    v.                                 Civil Action No. **1:06-cv-1004** **(PLF)**

CAMILLE HOWE, *et al.,*

    Defendants

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(c) and LCvR 7(h), Defendants' file this Opposition to Plaintiff's Motion for Summary Judgment and request that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

**(I)   THE HEARING OFFICER'S DETERMINATION WAS
BASED ON SOUND EDUCATIONAL POLICY AND
SHOULD NOT BE OVERTURNED.**

Plaintiff asserts that the Hearing Officer erred and the Hearing Officer's Determination was not based on sound educational policy and therefore should be overturned. Although Plaintiff asserts that the Hearing Officer erred, the crux of the argument is that Plaintiff does not agree with the Hearing Officer's special education policy. Plaintiff argues that because the Hearing Officer considered a witness, Dr. Cranford, credible, the Hearing

1

Officer is prohibited from exercising independent judgment and special education comprehension to rule against Plaintiff.  Essentially, Plaintiff argues that this Court must substitute its ideas of special education comprehension for those of the Hearing Officer.  Federal Courts cannot substitute their notions of special education policy for those of the school authorities which they review. ***See Hendrick Hudson District Board of Education v. Rowley, 458 U.S. 176, 206 (1982).***

The Hearing Officer's finding that Plaintiff denied defendant-student   a free appropriate public education (FAPE) was reached based upon specialized knowledge, experience and understanding of special education.  Therefore this Court must defer to the final decision of the State Educational Authorities.

> We believe *Rowley* requires that federal courts defer to the final decision of the state authorities, ***Karl v. Board of Education of Geneseco Central District, 736 F. 2d 873, 877 (2nd Cir. 1984).***

The finding of FAPE upon which the Hearing Officer's Determination was made requires specialized and technical training in special education and significant experience with special education policy which Courts do not have. ***See Heather S. By Kathy S. v. State of Wisconsin, 125 F. 3d 1045, 1054 (7th Cir. 1997)***


### (II)   PLAINTIFF'S ALLEGATION THAT THE HEARING OFFICER SHOWED BIAS IS NOT SUBSTANTIATED VIA CLEAR AND CONVINCING EVIDENCE

Plaintiff alleged that the Hearing Officer showed bias in favor of the Defendant-parent, and stated the following:

> In this case there were several instances where the Hearing Officer revealed her bias for the parent. ***See, Plaintiff's Motion for Summary Judgment at p.14, § C.***

In regard to Hearing Officers and Administrative law Judges "proving specific allegations of personal bias is seldom an easy task." *See Administrative Law 2nd Edition, Sec.8.5.6. Personal Bias and Prejudgment, at p. 249, by Alfred C. Aman and William Mayton, West Group, St. Paul Minn., 2001.* First, to state a due process claim for bias, a Plaintiff must sufficiently allege facts supporting a conclusion that the "risks of unfairness is intolerably high" under the circumstances of the particular case. *Harlie v. Drug Enforcemment Administration, 148 F. 3d 1199, 1204 (10th Cir. 1998).* Second, the allegations that a Hearing Officer is biased require clear and convincing evidence to rebut a strong presumption of honesty and integrity. In regard to applying this standard, *Harlie v. Drug Enforcement Administration, supra a p. 1204* went on to state:

> In applying this standard, an administrative law judge enjoys a presumption of honesty and integrity…, which is only rebutted by a showing of "some substantial countervailing reason to conclude that a decision maker is biased with respect to factual issues being adjudicated.' *See Mangels v. Pena, 789 F. 2nd 836, 838 (10th Cir. 1986)* … In the absence of such a showing, ALJs must be presumed to be persons 'of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.'

Here, *sub judice*, Plaintiff has failed to allege and prove significantly appropriate facts supporting a conclusion that the "risk of unfairness is intolerably high." Plaintiff has taken the Hearing Officer's statements out of context. The record is clear that Defendant-parent is uneducated, with learning disabilities. Thus, the Hearing Officer is correctly and sincerely trying to engage Defendant in the administrative process via *sua sponte* questioning the Defendant at a level she could understand. *See transcript at pp. 121-122.*

This legitimate effort of the Hearing Officer to *sua sponte* examine a learning disabled witness at a Special Education Hearing is <u>not</u> bias.

> Proving specific allegations of personal bias is seldom an easy task. Over the years, most agencies and their administrators develop certain views of the world as they go about their task of formulating and implementing policies. These views often involve issues of law, policy legislative fact and represent the kind of expertise that supports the creation of administrative agencies in the first place. They should not, however, be confused with bias or prejudgment. Indeed, a complete *tabula rasa* with respect to the agency 'would be evidence of lack of qualification, not lack of bias. This need for specialization must be weighed against the due process requirement of fairness to the parties, but reviewing courts often have a very difficult time determining when impressible bias, as opposed to the exercise of expertise, has in fact occurred. ***See Administrative Law 2nd Edition, §8.5.6. <u>Personal Bias and Prejudgment, supra at pp. 249-250.</u>***

In the case at bar the Hearing Officer is exercising a legitimate function as a highly trained professional in Special Education, Law, and policy to investigate the totality of the case before her. At one point the Hearing Officer reveals her Special Education expertise and acute insight into the case at bar by stating the following:

> "Let me explain to you that part of my concern is that I know that in many instances when children are classified as learning disabled or even emotionally disturbed there is some problems in terms of what they call transitioning usually from one classroom to another, but from one type of program to another, you know, and if she's transitioning not just from one classroom to another, but from one type program to another, that that could be an emotional disruption in and of itself. Okay? ***See transcript at pp.133-134.***

Realizing the Hearing Officer is intellectually qualified, Plaintiff attached her neutrality because Plaintiff has <u>no</u> legitimate reason to compel this Court to set aside the ***HOD.***

Next, Plaintiff takes the Hearing Officer's statements out of context by citing part of a sentence and intentionally omitting the entire sentence, and the language that follows. **<u>With unclean hands</u>**, Plaintiff's counsel intentionally tries to mislead this Honorable Court by articulating part of the Hearing Officer's statement as follows:

4

> …Because I would really like to please you. I'd like to put out an order exactly what you want, but you know, I'm not Santa Clause. ***See Plaintiff's Motion for Summary Judgment at p. 16.***

We respectfully move for this Honorable Court to take judicial notice of the complete thought expressed by the Hearing Officer which provides:

> I think it might be helpful to me to get the father's ending impression of what has happened here. That might be the most productive use of the remaining ten minutes that I'm going to give you all so that I have an idea of at least what they will talk about as an amenable solution once you leave here because I would really like to please you. I'd like to put out an order exactly what you want, but you know, I'm not Santa Claus. I've got to work within the frame of the law. ***See transcript at p. 206, at line 1-12.***

The controlling and important language of the Hearing Officer is "but you know, I'm not Santa Claus. I've got to work within the frame of the law. ***See transcript at p. 206.*** The hearing Officer is clearly, unambiguously stating on the record that she must work within the frame of the law. Therefore, in the case at bar, Plaintiff has failed to rebut the Hearing Officer's presumption of honesty and integrity. Consequently, Plaintiff has failed to prove the Hearing Officer as biased and prejudice.

### (III)  A HEARING OFFICER MAY SUA SPONTA EXAMINE A WITNESS AT A HEARING

Plaintiff incorrectly characterizes the Hearing Officer's *sua sponta* examination of a witness as prejudice, and argues the following erroneous proposition:

> Additionally, during the Hearing, the hearing Officer stopped the cross examination of the parent by counsel for Options because she did not believe the parent could understand the questions even though the parent was able to provide answers during direct examination…The Hearing Officer then questioned the parent and basically allowed parent's counsel to testify for her….***See Plaintiff's Motion for Summary Judgment at p. 16.***

5

For a variety of reasons, strict rules of evidence do not apply to administrative hearings. ***See Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705-706, 68 S. Ct. 793, 805-806, 92 L.Ed. 1010 (1948), rehearing denied 334 U.S. 839, 68 S.Ct. 1494, 92 L.Ed. 1764 (1948);Also See Administrative Law 2nd Edition, 8.4.6. <u>Administrative Agency Evidentiary Rules,</u>*** supra at p.222.

It is a fundamental rule of administrative law that an agency's chief function is investigation, and therefore it must not be hampered in its inquiry by narrow rules of evidence. ***Federal Trade Commission v. Cement Institute, 333 U.S. 683, 705-706, 68 S.Ct. 793, 805-806, 92 L.Ed. 1010 (1948). Also See Administrative Law 2nd Edition, 8.4.6. <u>Administrative Agency Evidentiary Rules, supra at p. 222.</u>***

Administrative agencies as "triers of fact" in administrative proceedings are sophisticated and experts in the subject matter before them. Therefore, they do not require the protective shield of rules of evidence necessary for jury trials. ***See Ohio Bell Telephone Company v. Public Utilities Commission of Ohio, 301 U.S. 292, 304, 57 S.Ct. 724, 730, 81 L.Ed. 1093 (1937).***

Regulatory commissions have been invested with broad powers within the sphere of duty assigned to them by law. Even in quasi-judicial proceedings their informed and expert judgment exacts and receives a proper deference from courts when it has been reached with due submission to constitutional restraints. ***Ohio Bell Telephone Company v. Public Utilities Commission of Ohio, supra at p. 304.***

**(IV)   THE HEARING OFFICER HAS BROAD POWERS TO RULE ON EVIDENCE BEFORE HER IN EXECUTING THE HOD**

Pursuant to the ***Administrative Procedure Act, 5 U.S.C.A. §556(d) 1982*** the Hearing Officer has broad powers to make reasonable determinations as to the weight

6

and admissibility of evidence. Plaintiff wrongfully contends that the Hearing Officer is limited only to evidence presented by them, and may not consider evidence presented by Defendants as credible.

> Absent express Congressional limitations, the administrative law judge has the power to make reasonable determinations as to the admissibility of materials in proceedings before her. This broad power is derived from the Administrative Procedure Act, which provides for 'the exclusion of irrelevant, immaterial or unduly repetitious evidence. Agencies usually apply this provision in such a way that favors inclusion rather than exclusion of evidence and courts usually defer to the agency's decision either to include or exclude the evidence in question. ***See Administrative Law 2nd Edition, §8.4.6. <u>Administrative Agency Evidentiary Rules,</u> supra at p. 222.***

**(V)     PLAINTIFF AGREED TO PERFORM AN OCCUPATIONAL THERAPY EVALUATION BUT NEVER EXECUTED <u>ANY</u> PHASE OF THE EVALUATION. THEREFORE, PLAINTIFF'S STATEMENT THAT THEY AGREED TO "COMPLETE" THIS EVALUATION IS COMPLETELY FALSE.**

Once again, with **<u>unclean hands</u>** Plaintiff's counsel misleads this Honorable Court by intentionally making a false factual representation not supported by evidence. Plaintiff's counsel misleads this Honorable Court by making the below false statement:

> The school agreed to complete the occupational therapy evaluation at the resolution meeting. ***See Plaintiff's Motion for Summary Judgment at p. 12.***

The record is clear that Plaintiff agreed to perform an occupational therapy evaluation, and <u>failed</u> to execute the evaluation. Plaintiff did not perform any legitimate aspects of the evaluation. In fact, it was the Plaintiff's failure to act regarding this evaluation which necessitated the filing of an administrative cause of action. The record is clear that Plaintiff failed to perform this evaluation, and the Hearing Officer ordered its execution, **to wit:**

**HEARING OFFICER BUTLER-TRUESDALE**

What I will definitely have in this order is
an independent OT since they agreed to do the
OT and don't have the OT yet.  ***See transcript at
p. 206, line 3-6.***

    **(VI)  PLAINTIFF BEARS THE BURDEN OF PROOF AS THE PARTY CHALLENGING THE OUTCOME OF THE ADMINISTRATIVE HEARING AND PLAINTIFF FAILED TO MEET ITS BURDEN**

As a matter of law, it is the Plaintiff who "bears the burden of proof as the party challenging the outcome of the state administrative hearings." ***See Board of Education of S.D. 21 v. Illinois State Board of Education, 938 F. 2d 712, 716 (7th Cir. 1991***). Plaintiff alleges that the Hearing Officer's Determination failed to apply the ***Rowley*** standard when considering whether or not the IEP drafted by Options was appropriate. Further Plaintiff stated that the Hearing Officer erred in requesting that Plaintiff fund independent evaluations.  According to the Amended Hearing Officer's Determination, the Hearing Officer made a finding that Plaintiff failed to evaluate the student in all areas of suspected disability and failed to provide the student with an educational program consistent with the team's initial professional conclusion. The Hearing Officer stated the following:

> The change in the delivery of services to the petitioner to appease the petitioner's mother, at least in part, created the denial of FAPE since the changed to petitioner's programming were implemented without the benefit of participation and consent of a MDT team.  ***See Amended Hearing Officer's Decision, p. 4.***

The relief the Hearing Officer ordered was based upon the finding of the Plaintiff's denial of FAPE.  Plaintiff has failed to meet its burden to warrant the consideration of this Court to overturn the Hearing Officer's Decision.

8

**CONCLUSION**

**WHEREFORE,** for the reasons set forth herein, Plaintiff's Motion for Summary Judgment must be **DENIED.**

**WHEREFORE,** for the reasons set forth herein, Defendants' Motion for Summary Judgment must be **GRANTED.**

*/s/ Anna Forbes Towns*
Anna Forbes Towns (431553)
313 Hammonton Place
Silver Spring, Maryland 20904
(301) 680-9175