UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **OPTIONS PUBLIC CHARTER SCHOOL** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CA NO. 1:06-CV-01004 (DAR) |
| | : | |
| **CAMILLE HOWE**, *et alia*, | : | |
| | : | |
| Defendants | : | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR JUDGMENT**

When an action is brought pursuant to the IDEA, the court is required [*17] to review the administrative record, hear additional evidence presented at the request of the parties, and based "on the preponderance of evidence shall grant such relief as the court determines is appropriate." Razzaghi v. District of Columbia, 2005 U.S. Dist. LEXIS 36771, *10-11, No. 03-1619 (D.D.C. September 28, 2005) (citing 20 U.S.C. § 1415(i)(2)©). "When no additional evidence is introduced in a civil suit seeking review of [a Hearing Officer Determination], a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record." District of Columbia v. Ramirez, 377 F. Supp. 2d 63, 67 (D.D.C. 2005) (citing 20 U.S.C. § 1415(i)(2)(B)). District courts are to give the hearing officer's decision "due weight." See Bd. of Educ. v. Rowley, 458 U.S. 176, 206, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982) (holding that this provision "carries with it the implied requirement that due weight shall be given to" the administrative proceedings). However, the standard is "less deferential than that applied under the traditional substantial evidence test used in ordinary [*18] administrative review cases." Scorah v. District of Columbia, 322 F. Supp. 2d 12, 16

(D.D.C. 2004) and <u>little</u> deference is owed to a hearing decision that lacks reasoned and specific findings, *Reid v. D.C.,* 401 F3d 516, 521 (D.C. Cir. 2005). (emphasis added).

 Defendant in her opposition at p. 2 states "The Hearing Officer's finding... was reached based upon specialized knowledge, experience and understanding of special education."  Yet, nowhere are these characteristics cited or demonstrated in either the defendant's opposition or the Hearing Officer's determination.  In fact, quite the opposite is showed.  The Plaintiff's case does not rest merely on its disagreement with the Hearing Officer's ruling but on the total lack of reasoned and specific findings.

 An examination of what findings where cited by the Hearing Officer provide a troubling look into her decision making process.  As cited in the following paragraphs from our Complaint:

20.  Dr. Cranford testified that he tested the student and found she was a learning disabled student.  He conducted several clinical measures to see whether there was any underlying emotional problems.  He testified there were none.  In the expert opinion of Dr. Cranford, he concluded there was no need for any additional testing.  The defendant, Ms. Howe offered no testimony to refute Mr. Adon's statement of the facts, nor was there any testimony to refute Dr. Cranford's testimony.  In fact, the hearing officer, in her 23 May 2006 Hearing Officer's Decision (HOD) states:
  The credible testimony of Paris Adon reveals that Options Public Charter School was aware of Petitioner's needs for special education services and attempted to address the concerns of the Petitioner's mother within a reasonable time period.  (HOD at 3)

21.  The hearing officer also found Dr. Cranford's testimony credible stating:
  The testimony of Dr. Crawford (*sic*) regarding the sufficiency of the psychological evaluation which employed seven different assessment instruments was also compelling.  This hearing officer fins (*sic*) the testimony of Dr. Crawford logical and credible.  Dr. Crawford's deduction that the psycho-educational was sufficient given the non-predominate display of emotional triggers lends reason to the schools decision not to

immediately employ clinical assessments. (HOD at 3)

22. The defendant, Ms. Howe offered no expert testimony. The only witness presented, Ms. LaTanya Higginbotham did not qualify as an expert in any educational field, even though her self-proclaimed title is "special education advocate."

23. At one point, the hearing officer stated that she is known for her efforts to help parents and that the mother was not helping her case because of her demeanor and verbal outbursts. The hearing officer then asked mother to help her by telling the hearing officer why the mother felt that a speech and language assessment was necessary when Dr. Cranford testified that the student needed no further testing. The mother's reply was the child cursed often.

24. The defendant, Ms. Howe did not disturb the testimony of the two witnesses from Options.

25. Yet, the hearing officer, even after stating the Options witnesses were credible stated:
> However, it is entirely conceivable, given the nature of the parent's challenging participation in the hearing, that the mother's participation in the IEP meetings should have alerted Respondent Options that more comprehensive evaluations were warranted. (HOD at 3)

26. The hearing officer then goes on to state:
> The candid revelation of the mother of her own disability and the resulting conduct displayed during and after the hearing **conclusively** reveals that further evaluations are warranted." (Emphasis added). (HOD at 3)

27 The hearing officer then ordered Options to fund "independent speech and language evaluations, a clinical evaluation, an occupational therapy assessment, social history, and vision and hearing screening[1] within the superintendent's cost guidelines." (HOD at 4)

28. The remedy the hearing officer provided was not the remedy the defendant, Ms. Howe requested in the due process complaint. The complaint requested :
> DCPS and/or Options PCS shall be ordered to conduct the following evaluations within 30 calendar days of the date of the Hearing Officer's Decision: Speech/Language Evaluation; Clinical Evaluation; Occupational Therapy Assessment; Social History; Clinical Evaluation; FBA and BIP; and Vision and Hearing Screening.

29. The complaint only asked for the independent assessments if Options failed to conduct the evaluations within the thirty days.

---

[1] At the hearing, the defendant, Ms. Howe revealed that the child recently had a physical and the hearing and vision were fine and therefore they were withdrawing the request for the vision and hearing screening.

After finding both Mr. Anton and Dr. Cranford, credible witness, there being no witnesses for the Defendant who disputes their testimony, the Hearing Officer's <u>reasoned</u> finding is that because of the student's Mother's behavior on May 12, 2006, at the Hearing, not what was before the IEP team on the previous January 26, 2006, Options should now, based on what occurred at the Hearing, be held liable for a denial of FAPE.  For the Hearing Officer to say that she is known for trying to help parents is surely the understatement of a lifetime.  Even the relief ordered is not consistent with what was requested.

## **CONCLUSION**

Based on the arguments above, the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and reverse the May 23, 2006, Hearing Officer's Decision.

Respectfully submitted,

       /s/       

Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton & Dalton, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (ph)
(703) 739-2323 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document with its attachments was filed electronically on this 29th day of May, 2008.

_____/s/_____

Paul S. Dalton, Esq.

Counsel for Plaintiff